PEACHCOURT

| SC2024CV002716 | JACOBS V GEORGIA DEPARTMENT OF CORRECTIONS, ET AL | MUSCOGEE STATE | OTHER GENERAL CIVIL |

## Case Information

**Case Initiation Date**
11/12/2024

**Assigned Judge**
Judge Andy Prather

Why subscribe to PeachCourt+? Well, for one thing... you could get an automagic email alert when anyone files anything into this case. You don't have to come back here day after day after day just to check the docket. We'll take care of that for you. All you have to do is subscribe!

## Party Information

Plaintiff:

**Jacobs, Reginald, SR.**

Defendants:

**Georgia Department of Corrections**

**Bobbitt, Trevonza**

**Scott, Tracey**

**Craft, Jennifer**

**Jefferson, Jerry**

**Peoples, Delvin**

**Hudson, Dawn**

**Hall, James**

**Jones, Martin**

**Jackson, Willie**

**Footman-McIntyre, Miranda**

**Thomas, Damita**

**Cooper, Kelly**

**Weathersby, Becky**

**Ward, Tony**

**George, Shandoria**

**Williams, Megan**

Bell, Derrical

Randle, Stacy

Telfair, Maylsia

Williams, Barbara

Allen, Quantayshia

Marner, Curtis

Alexander, Symone

Brown, Nicholas

Mike, Jamecia

Brown, Shiquita

Robinson, Kajuan

Spann, Angela

Jones, Quashayla

Madison, Randall

Spencer, Gwendolyn

## Attorney/Filer Information

**Harman, Matthew**                                         **Lones, Laura**

**BOYTER, RONALD**

This court's online case dockets include only eFiled documents.

| Docket # | Document Type | Description | Filer | Filing Date | Source |
|---|---|---|---|---|---|
| 1 | Complaint | | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 2 | Summons | Summons For Georgia Department Of Corrections. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 3 | Summons | Summons For Bobbitt, Trevonza. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 4 | Summons | Summons For Scott, Tracey. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 5 | Summons | Summons For Craft, Jennifer. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |

| 6 | Summons | Summons For Jefferson, Jerry. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 7 | Summons | Summons For Peoples, Delvin. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 8 | Summons | Summons For Hudson, Dawn. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 9 | Summons | Summons For Hall, James. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 10 | Summons | Summons For Jones, Martin. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 11 | Summons | Summons For Jackson, Willie. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 12 | Summons | Summons For Footman-McIntyre, Miranda. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 13 | Summons | Summons For Thomas, Damita. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 14 | Summons | Summons For Cooper, Kelly. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 15 | Summons | Summons For Weathersby, Becky. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 16 | Summons | Summons For Ward, Tony. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 17 | Summons | Summons For George, Shandoria. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 18 | Summons | Summons For Williams, Megan. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 19 | Summons | Summons For Bell, Derrical. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 20 | Summons | Summons For Randle, Stacy. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 21 | Summons | Summons For Telfair, Maylsia. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 22 | Summons | Summons For Williams, Barbara. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 23 | Summons | Summons For Allen, Quantayshia. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 24 | Summons | Summons For Marner, Curtis. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 25 | Summons | Summons For Alexander, Symone. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 26 | Summons | Summons For Brown, Nicholas. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 27 | Summons | Summons For Mike, Jamecia. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 28 | Summons | Summons For Brown, Shiquita. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 29 | Summons | Summons For Robinson, Kajuan. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 30 | Summons | Summons For Spann, Angela. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 31 | Summons | Summons For Jones, Quashayla. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 32 | Summons | Summons For Madison, Randall. | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 33 | Case Information Form | Case Information Form | Harman, Matthew | 11/12/2024 | EFile: PeachCourt |
| 34 | Motion | Motion For Appointment Of Special Process Server Hollis J. Hill With Proposed Order | Harman, Matthew | 11/14/2024 | EFile: PeachCourt |

| 35 | Motion | Motion For Appt Of Special Process Server Bohannon & Proposed Order | Harman, Matthew | 11/15/2024 | EFile: PeachCourt |
| 36 | Summons | Summons For Director Of Risk Management, Georgia Department Of Administrative Services. | Harman, Matthew | 11/15/2024 | EFile: PeachCourt |
| 37 | Service | Affidavit Of Service (GDOC) | Harman, Matthew | 11/20/2024 | EFile: PeachCourt |
| 38 | Service | Affidavit Of Service (GDOAS) | Harman, Matthew | 11/20/2024 | EFile: PeachCourt |
| 39 | Service | Affidavit Of Service (Damita Thomas) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 40 | Service | Affidavit Of Service (Delvin Peoples) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 41 | Service | Affidavit Of Service (Jamecia Mike) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 42 | Service | Affidavit Of Service (Quantayshia Allen) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 43 | Service | Affidavit Of Service (Quashayla Jones) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 44 | Service | Affidavit Of Service (Becky Weathersby) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 45 | Service | Affidavit Of Service (Kajuan Robinson) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 46 | Service | Affidavit Of Service (Nicholas Brown) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 47 | Service | Affidavit Of Service (Shandoria George) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 48 | Service | Affidavit Of Service (Symone Alexander) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 49 | Service | Affidavit Of Service (Trevonza Bobbitt) | Harman, Matthew | 12/08/2024 | EFile: PeachCourt |
| 50 | Service | Affidavit Of Service (Derrical Bell) | Harman, Matthew | 12/17/2024 | EFile: PeachCourt |
| 51 | Service | Affidavit Of Service (Miranda Footman-McIntyre) | Harman, Matthew | 12/17/2024 | EFile: PeachCourt |
| 52 | Answer | State Defendants' Answer To Plaintiff's Complaint | Lones, Laura | 12/18/2024 | EFile: PeachCourt |
| 53 | Rule 5.2 Certificate | Rule 5.2 Certificate Of Discovery | Harman, Matthew | 12/30/2024 | EFile: PeachCourt |
| 54 | Rule 5.2 Certificate | Rule 5.2 Certification (Discovery To Defendant GDC) | Harman, Matthew | 12/31/2024 | EFile: PeachCourt |
| 55 | Service | Affidavit Of Service (Jennifer Craft) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 56 | Service | Affidavit Of Service (Randall Madison) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 57 | Service | Affidavit Of Service (Martin Jones) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 58 | Service | Affidavit Of Service (Megan Williams) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 59 | Service | Affidavit Of Service (Tony Ward) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 60 | Service | Affidavit Of Service (Kelly Cooper) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 61 | Service | Affidavit Of Service (James Hall) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 62 | Service | Affidavit Of Service (Jerry Jefferson) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 63 | Service | Affidavit Of Service (Angela Spann) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |

| 64 | Service | Affidavit Of Service (Tracey Scott) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
|----|---------|-------------------------------------|-----------------|------------|-------------------|
| 65 | Service | Affidavit Of Service (Stacy Randle) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 66 | Service | Affidavit Of Service (Shiquita Brown) | Harman, Matthew | 01/10/2025 | EFile: PeachCourt |
| 67 | Leave Of Absence | Notice Of LOA (Fredrickson) | Harman, Matthew | 01/14/2025 | EFile: PeachCourt |
| 68 | Rule 5.2 Certificate | Rule 5.2 Certificate Of Discovery | Harman, Matthew | 01/22/2025 | EFile: PeachCourt |
| 69 | Service | Affidavit Of Service (Willie Jackson) | Harman, Matthew | 02/03/2025 | EFile: PeachCourt |
| 70 | Motion | Unopposed Motion To Add Party And Amend Pleadings | Harman, Matthew | 02/04/2025 | EFile: PeachCourt |
| 71 | Order | Order Granting Motion To Add Party And Amend Pleadings | Harman, Matthew | 02/11/2025 | EFile: PeachCourt |
| 72 | Rule 5.2 Certificate | DOC Response To Plaintiff's First Interrogatories And Request For Production | BOYTER, RONALD | 02/13/2025 | EFile: PeachCourt |
| 73 | Rule 5.2 Certificate | DOC First Amended Response To Plaintiff's First Interrogatories And Request For Production | BOYTER, RONALD | 02/13/2025 | EFile: PeachCourt |
| 74 | Amended Complaint | First Amended Complaint | Harman, Matthew | 02/21/2025 | EFile: PeachCourt |
| 75 | Summons | Summons For Spencer, Gwendolyn. | Harman, Matthew | 02/21/2025 | EFile: PeachCourt |
| 76 | Waiver | Waiver Of Service Of Summons (Spencer) | Harman, Matthew | 02/28/2025 | EFile: PeachCourt |

The clerk's office maintains the official record for this case. The information we provide is our best attempt at reflecting the official record. Despite our best efforts, you may find discrepancies between the information on this page and the clerk's official record. The clerk's official record is always official and is always THE record.

Printed from www.peachcourt.com on Mar 18, 2025 2:11 PM

## General Civil and Domestic Relations Case Filing Information Form

⊫ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

NOV 12, 2024 12:48 PM

☐ Superior or ☑ State Court of _Muscogee_ County

| For Clerk Use Only | |
|---|---|
| **Date Filed** 11-12-2024 | **Case Number** SC2024CV002716 |
| **MM-DD-YYYY** | *Danielle F. Forté*, Clerk<br>Muscogee County, Georgia |

**Plaintiff(s)**

Jacobs, Reginald, Sr.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Georgia Department of Corrections

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Bobbitt, Trevonza

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Scott, Tracey

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Craft, Jennifer

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Harman, Matthew    **Bar Number** 327169    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

≡ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**FEB 11, 2025 11:26 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

### IN THE STATE COURT OF MUSCOGEE COUNTY
### STATE OF GEORGIA

|  |  |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., | Civil Action No. SC2024CV002716 |
| Plaintiff, |  |
| v. |  |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, |  |
| Defendants. |  |

**[~~PROPOSED~~] ORDER GRANTING MOTION TO ADD PARTY AND AMEND PLEADINGS**

Upon consideration of the Plaintiff's Unopposed Motion to Add Parties and Amend

Pleadings,

IT IS HEREBY ORDERED that the Motion is GRANTED as follows:

4

Gwendolyn Spencer is added as a party defendant to this action and Plaintiff's Complaint and all pleadings are hereby deemed to be amended to reflect the change.

SO ORDERED this ___ day of __04 Feb.__, 2025.

_____
Honorable Andy Prather
Judge, Muscogee County State Court

5

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

≣ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

<strong>VS.</strong>

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: COOPER, KELLY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

▓ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**FEB 21, 2025 01:49 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON; GWENDOLYN SPENCER; AND DOE DEFENDANTS 1 THROUGH 20, <br><br> Defendants. | Civil Action No. SC2024CV002716 <br><br> **FIRST AMENDED COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff, Reginald Jacobs, Sr., individually and on behalf of the Estate of Reginald

Jacobs, Jr., files this complaint against defendants Georgia Department of Corrections, Trevonza

Bobbitt, Tracey Scott, Jennifer Craft, Jerry Jefferson, Delvin Peoples, Dawn Hudson, James

Hall, Martin Jones, Willie Jackson, Miranda Footman-McIntyre, Damita Thomas, Kelly Cooper,

1

Becky Weathersby, Tony Ward, Shandoria George, Megan Williams, Derrical Bell, Stacy

Randle, Maylsia Telfair, Barbara Williams, Quantayshia Allen, Curtis Marner, Symone

Alexander, Nicholas Brown, Jamecia Mike, Shiquita Brown, Kajuan Robinson, Angela Spann,

Quashayla Jones, Randall Madison, and Gwendolyn Spencer ("Defendants") and alleges as

follows:

## FACTUAL BACKGROUND

I.    **The Georgia Department of Corrections' Policies and Customs Resulting in
Negligence and Deliberate Indifference to Serious Medical Needs**

1.      For at least several years the Georgia Department of Corrections ("GDC") has

been experiencing an ongoing and worsening staffing crisis.

2.      Since 2019, the vacancy rate for security positions has steadily increased from

approximately 20 percent in 2019 to over 50 percent currently.

3.      Many GDC facilities have approximately 70 percent of security positions vacant.

4.      In particular, at the beginning of 2021, Calhoun State Prison ("CSP") had a

security position vacancy rate of 51 percent, with 89 of 173 security positions unoccupied.

5.      At the beginning of 2022, CSP had a security vacancy rate of 53 percent, with 89

of 168 security positions unoccupied.

6.      At the beginning of 2023, CSP had a security vacancy rate of 57 percent, with 93

of 162 security positions unoccupied.

7.      Due to understaffing, inadequate training, and lack of supervision and discipline,

GDC correctional officers engage in a routine, widespread custom of failing to conduct regular

safety observations and rounds of the inmates entrusted to their protection.

8.      It is widely known that GDC correctional officers routinely falsify door charts and

observation logs intended to document inmate safety observations and rounds.

2

9.      An audit of CSP conducted from November 30, 2022 through December 2, 2022 found that CSP personnel were not conducting 30-minute segregation rounds in violation of GDC policy.

10.      A report of this audit was provided to CSP leadership, including CSP Warden Trevonza Bobbitt and Deputy Warden Tracey Scott.

## II.    **Reginald Jacobs, Jr.'s Death**

11.      During the time preceding and until his death on February 5, 2023, Reginald Jacobs, Jr. was an inmate in the custody of the Georgia Department of Corrections ("GDC") at Calhoun State Prison ("CSP").

12.      Reginald was housed in solitary confinement, or "segregation" in CSP's J Building from at least December 21, 2021, through his death on February 5, 2023.

13.      J Building requires five correctional officers on duty at all times, one officer in each of the building's four dormitories, and one officer in the building's control booth.

14.      These five posts are "priority one posts."  GDC policy requires that all priority one posts be staffed at all times, 24 hours per day, without exception.

15.      In the event that a priority one post is not staffed, GDC policy requires the shift supervisor to call in additional personnel to fill the post immediately.

16.      CSP operates with two 12-hour work shifts, a first shift and a second shift, to provide 24-hour staffing.

17.      An inmate in segregation has no ability to acquire food, medical assistance, other basic necessities, or request assistance for any issue unless prison personnel enter the housing unit and approach the inmate's cell.

18.     Accordingly, pursuant to express GDC standard operating procedures, industry standards, and ordinary care, prison personnel must conduct "segregation rounds" in which they observe inmates in segregation to confirm their well-being and safety at least every 30 minutes, 24 hours per day.

19.     In the event a housing unit does not have sufficient staff to conduct the required 30-minute segregation rounds, GDC policy requires that the Shift Supervisor and Assistant Shift Supervisor(s) assist in the building to ensure the rounds are completed.

20.     In addition to 30-minute segregation rounds, GDC standard operating procedures, industry standards, and ordinary care require monitoring of the segregation unit at CSP by supervisors as follows:

   a.     The Shift Supervisor must conduct rounds in the segregation unit at least once per shift;

   b.     The Chief of Security must conduct rounds in the segregation unit at least once per day;

   c.     A Deputy Warden must conduct rounds in the segregation unit at least once per day; and

   d.     The Warden must conduct rounds in the segregation unit at least twice per week.

21.     During these visits, the supervisors are required to observe and evaluate conditions of confinement and talk with confined offenders.

22.     Pursuant to express GDC standard operating procedures, all rounds in the segregation unit must be documented on a Segregation/Isolation Checklist.  Wardens and

4

supervisors must document their visits in red ink.  Corrections Officers' rounds must be documented in black ink.

23.    Specifically, among other applicable procedures, GDC SOP 209.06 provides that the Segregation/Isolation Checklist "shall be completed daily with 30-minute documented checks.  The 30-minute checks should be documented when they occur, not at the end of the shift.  False entries shall never be permitted on any of the Segregation/Isolation forms.  No rounds shall be skipped or documented in advance of the actual rounds."

24.    GDC SOP 209.06 further provides that segregation units, including J Building at CSP, shall be inspected as follows:

a.    "The Correctional Shift Supervisor shall visit once (1) each shift."

b.    "Deputy Warden/Assistant Superintendent: At least one (1) Deputy Warden/Assistant Superintendent each day, excluding weekends/holidays."

c.    "Warden: At least twice (2) per week."

25.    During these inspections, the responsible officials are "to observe and evaluate conditions of confinement and talk with confined offenders."

26.    Pursuant to GDC standard operating procedures, industry standards, and ordinary care, inmates in segregation must be provided access to showers outside of their cells three times per week.

27.    Pursuant to GDC standard operating procedures, industry standards, and ordinary care, inmates in segregation must be provided the opportunity for exercise outside of their cells one hour per day, five days per week.

28.    On approximately January 27, 2023, GDC employee Doe Defendant 1 disabled the water supply to Reginald's cell.

5

29. Pursuant to GDC standard operating procedures, industry standards, and ordinary care, when prison personnel disable water to an inmate's cell:

a. All Corrections Officers working in the inmate's housing unit are notified;

b. All prison supervisors including the Warden, Deputy Wardens, and shift supervisors are notified;

c. Medical personnel are notified;

d. The inmate must be continually and closely monitored; and

e. The inmate must be provided sufficient drinking water from another source to maintain adequate hydration until the water supply to the inmate's cell is restored.

30. Between the period of approximately January 27, 2023 through Reginald's death on February 5, 2023, no 30-minute segregation rounds were performed in CSP's J Building.

31. Between the period of approximately January 27, 2023 through Reginald's death on February 5, 2023, no supervisor visits were performed in CSP's J Building.

32. Between the period of approximately January 27, 2023 through Reginald's death on February 5, 2023, Reginald was not provided with sufficient drinking water to maintain adequate hydration.

33. Between the period of approximately January 27, 2023 through Reginald's death on February 5, 2023, Reginald was not provided access to showers a single time.

34. Between the period of approximately January 27, 2023 through Reginald's death on February 5, 2023, Reginald was not provided an opportunity for exercise outside of his cell a single time.

6

35.     On February 5, 2023, Reginald was discovered dead in his cell at approximately 12:15 p.m.

36.     For at least several minutes, CSP corrections officers could not even find the correct key to open Reginald's cell.

37.     Reginald's body was grotesquely emaciated and his cell was so full of debris and refuse that the floor of the cell was not visible.

38.     The Calhoun County Coroner arrived at approximately 2:00 p.m.

39.     The coroner estimated that Reginald had been dead in his cell for seven to eight hours.

40.     The coroner observed that Reginald's cell was a mess, his mattress was torn up all over the floor, there were multiple food trays all thrown all over the cell, and the cell was "awful."

41.     During the autopsy, the medical examiner determined that Reginald died of dehydration.

### III.   The GDC Personnel Responsible for Reginald Jacobs, Jr.'s Death

42.     For the second shift on January 27, 2023, Sergeant Stacy Randle and Sergeant Tony Ward were assigned to J Building.

43.     Three of the five posts in J Building were not staffed during the second shift on January 27, 2023.

44.     Sgt. Randle and Sgt. Ward did not perform 30-minute segregation rounds during the second shift on January 27, 2023.

45.     Sgt. Randle and Sgt. Ward did not provide drinking water to Reginald during the second shift on January 27, 2023.

46.    Sgt. Randle and Sgt. Ward did not provide Reginald access to showers during the second shift on January 27, 2023.

47.    Sgt. Randle and Officer Mike did not provide Reginald the opportunity for exercise outside of his cell during the second shift on January 27, 2023.

48.    The Shift Supervisor for the second shift on January 27, 2023, was Unit Manager Gwendolyn Spencer.

49.    Unit Manager Gwendolyn Spencer did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on January 27, 2023.

50.    Unit Manager Gwendolyn Spencer did not take any steps to provide assistance to enable Sgt. Randle and Sgt. Ward to conduct 30-minute segregation rounds, showers, or exercise during the second shift on January 27, 2023.

51.    For the first shift on January 28, 2023, Sergeant Stacy Randle and Corrections Officer Jamecia Mike were assigned to J Building.

52.    Three of the five posts in J Building were not staffed during the first shift on January 28, 2023.

53.    Sgt. Randle and Officer Mike did not perform 30-minute segregation rounds during the first shift on January 28, 2023.

54.    Sgt. Randle and Officer Mike did not provide drinking water to Reginald during the first shift on January 28, 2023.

55.    Sgt. Randle and Officer Mike did not provide Reginald access to showers during the first shift on January 28, 2023.

56.    Sgt. Randle and Officer Mike did not provide Reginald the opportunity for exercise outside of his cell during the first shift on January 28, 2023.

8

57.     The Shift Supervisor for the first shift on January 28, 2023, was Unit Manager Martin Jones.

58.     Unit Manager Martin Jones did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on January 28, 2023.

59.     Unit Manager Martin Jones did not take any steps to provide assistance to enable Sgt. Randle and Officer Mike to conduct 30-minute segregation rounds, showers, or exercise during the first shift on January 28, 2023.

60.     For the second shift on January 28, 2023, Sergeant Shandoria George and Corrections Officer Shiquita Brown were assigned to J Building.  Sgt. George was simultaneously assigned the role of Assistant Shift Supervisor.

61.     Three of the five posts in J Building were not staffed during the second shift on January 28, 2022.

62.     Sgt. George and Officer Brown did not perform 30-minute segregation rounds during the second shift on January 28, 2023.

63.     Sgt. George and Officer Brown did not provide drinking water to Reginald during the second shift on January 28, 2023.

64.     Sgt. George and Officer Brown did not provide drinking water to Reginald during the second shift on January 28, 2023.

65.     Sgt. George and Officer Brown did not provide drinking water to Reginald during the second shift on January 28, 2023.

66.     The Shift Supervisor for the second shift on January 28, 2023, was Unit Manager James Hall.

67.    In addition to Sgt. George, Sergeant Megan Williams was an Assistant Shift Supervisor for the second shift on January 28, 2023.

68.    Unit Manager Hall did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on January 28, 2023.

69.    Unit Manager Hall and Sgt. Megan Williams did not take any steps to provide assistance to enable Sgt. George and Officer Brown to conduct 30-minute segregation rounds, showers, or exercise during the second shift on January 28, 2023.

70.    For the first shift on January 29, 2023, Sergeant Stacy Randle and Corrections Officer Jamecia Mike were assigned to J Building.

71.    Three of the five posts in J Building were not staffed during the first shift on January 29, 2023.

72.    Sgt. Randle and Officer Mike did not perform 30-minute segregation rounds during the first shift on January 29, 2023.

73.    Sgt. Randle and Officer Mike did not provide drinking water to Reginald during the first shift on January 29, 2023.

74.    Sgt. Randle and Officer Mike did not provide drinking water to Reginald during the first shift on January 29, 2023.

75.    Sgt. Randle and Officer Mike did not provide drinking water to Reginald during the first shift on January 29, 2023.

76.    The Shift Supervisor for the first shift on January 29, 2023, was Unit Manager Martin Jones.

77.    The Assistant Shift Supervisors for the first shift on January 29, 2023, were Corrections Officers Kajuan Robinson and Angela Spann.

10

78.    Unit Manager Jones did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on January 29, 2023.

79.    Unit Manager Jones, Officer Robinson, and Officer Spann did not take any steps to provide assistance to enable Sgt. Randle and Officer Mike to conduct 30-minute segregation rounds, showers, or exercise during the first shift on January 29, 2023.

80.    For the second shift on January 29, 2023, Sergeant Shandoria George and Sergeant Derrical Bell were assigned to J Building.  Sgt. George was simultaneously assigned the role of Assistant Shift Supervisor, and Sgt. Bell was simultaneously assigned the role of Assistant Shift Supervisor.

81.    Three of the five posts in J Building were not staffed during the second shift on January 29, 2022.

82.    Sgt. George and Sgt. Bell did not perform 30-minute segregation rounds during the second shift on January 29, 2023.

83.    Sgt. George and Sgt. Bell did not provide drinking water to Reginald during the second shift on January 29, 2023.

84.    Sgt. George and Sgt. Bell did not provide drinking water to Reginald during the second shift on January 29, 2023.

85.    Sgt. George and Sgt. Bell did not provide drinking water to Reginald during the second shift on January 29, 2023.

86.    The Shift Supervisor for the second shift on January 29, 2023, was Lieutenant Barbara Williams.

87.    Sgt. Megan Williams was also an Assistant Shift Supervisor for the second shift on January 29, 2023.

11

88. Lt. Barbara Williams did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on January 29, 2023.

89. Lt. Barbara Williams and Sgt. Megan Williams did not take any steps to provide assistance to enable Sgt. George and Sgt. Bell to conduct 30-minute segregation rounds, showers, or exercise during the second shift on January 29, 2023.

90. For the first shift on January 30, 2023, Corrections Officer Quantayshia Allen and Corrections Officer Curtis Marner were assigned to J Building.

91. Three of the five posts in J Building were not staffed during the first shift on January 30, 2023.

92. Officers Allen and Marner did not perform 30-minute segregation rounds during the first shift on January 30, 2023.

93. Officers Allen and Marner did not provide drinking water to Reginald during the first shift on January 30, 2023.

94. Officers Allen and Marner did not provide drinking water to Reginald during the first shift on January 30, 2023.

95. Officers Allen and Marner did not provide drinking water to Reginald during the first shift on January 30, 2023.

96. The Shift Supervisor for the first shift on January 30, 2023, was Captain Dawn Hudson.

97. Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on January 30, 2023.

12

98.     Captain Hudson did not take any steps to provide assistance to enable Officers Allen and Marner to conduct 30-minute segregation rounds, showers, or exercise during the first shift on January 30, 2023.

99.     At approximately 5:44 p.m. on January 30, 2023, Unit Manager Gwendolyn Spencer purportedly inspected J Building.

100.    Unit Manager Spencer, however, took no action to assist Reginald as he slowly died of dehydration in his cell in J Building, instead stating "no problems reported."

101.    For the second shift on January 30, 2023, Corrections Officer Malik Crankfield and Corrections Officer Symone Alexander were assigned to J Building.

102.    Three of the five posts in J Building were not staffed during the second shift on January 30, 2022.

103.    Officers Crankfield and Alexander did not perform 30-minute segregation rounds during the second shift on January 30, 2023.

104.    Officers Crankfield and Alexander did not provide drinking water to Reginald during the second shift on January 30, 2023.

105.    Officers Crankfield and Alexander did not provide drinking water to Reginald during the second shift on January 30, 2023.

106.    Officers Crankfield and Alexander did not provide drinking water to Reginald during the second shift on January 30, 2023.

107.    The Shift Supervisor for the second shift on January 30, 2023, was Lieutenant Maylsia Telfair.

108.    The Assistant Shift Supervisors for the second shift on January 30, 2023 were Sergeant Becky Weathersby and Sergeant Kelly Cooper.

13

109.    Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on January 30, 2023.

110.    Lt. Telfair, Sgt. Weathersby, and Sgt. Cooper did not take any steps to provide assistance to enable Officers Crankfield and Alexander to conduct 30-minute segregation rounds, showers, or exercise during the second shift on January 30, 2023.

111.    For the first shift on January 31, 2023, Officer Marner and Sergeant Tony Ward were assigned to J Building.

112.    Three of the five posts in J Building were not staffed during the first shift on January 31, 2023.

113.    Officer Marner and Sgt. Ward did not perform 30-minute segregation rounds during the first shift on January 31, 2023.

114.    Officer Marner and Sgt. Ward did not provide drinking water to Reginald during the first shift on January 31, 2023.

115.    Officer Marner and Sgt. Ward did not provide Reginald access to showers during the first shift on January 31, 2023.

116.    Officer Marner and Sgt. Ward did not provide Reginald the opportunity for exercise outside of his cell during the first shift on January 31, 2023.

117.    The Shift Supervisor for the first shift on January 31, 2023, was Lt. Telfair.

118.    Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on January 31, 2023.

119.    Lt. Telfair did not take any steps to provide assistance to enable Officer Marner and Sgt. Ward to conduct 30-minute segregation rounds, showers, or exercise during the first shift on January 31, 2023.

14

120. For the second shift on January 31, 2023, Corrections Officer Malik Crankfield and Corrections Officer Symone Alexander were assigned to J Building.

121. Three of the five posts in J Building were not staffed during the second shift on January 31, 2022.

122. Officers Crankfield and Alexander did not perform 30-minute segregation rounds during the second shift on January 31, 2023.

123. Officers Crankfield and Alexander did not provide drinking water to Reginald during the second shift on January 31, 2023.

124. Officers Crankfield and Alexander did not provide Reginald access to showers during the second shift on January 31, 2023.

125. Officers Crankfield and Alexander did not provide Reginald the opportunity for exercise outside of his cell during the second shift on January 31, 2023.

126. The Shift Supervisor for the second shift on January 31, 2023, was Lt. Telfair.

127. The Assistant Shift Supervisors for the second shift on January 31, 2023 were Sgt. Weathersby and Sgt. Cooper.

128. Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on January 31, 2023.

129. Lt. Telfair, Sgt. Weathersby, and Sgt. Cooper did not take any steps to provide assistance to enable Officers Crankfield and Alexander to conduct 30-minute segregation rounds, showers, or exercise during the second shift on January 31, 2023.

130. For the first shift on February 1, 2023, Corrections Officer Quashayla Jones and Corrections Officer Randall Madison were assigned to J Building.

15

131.    Three of the five posts in J Building were not staffed during the first shift on February 1, 2023.

132.    Officer Quashayla Jones and Officer Madison did not perform 30-minute segregation rounds during the first shift on February 1, 2023.

133.    Officer Quashayla Jones and Officer Madison did not provide drinking water to Reginald during the first shift on February 1, 2023.

134.    Officer Quashayla Jones and Officer Madison did not provide Reginald access to showers during the first shift on February 1, 2023.

135.    Officer Quashayla Jones and Officer Madison did not provide Reginald the opportunity for exercise outside of his cell during the first shift on February 1, 2023.

136.    The Shift Supervisor for the first shift on February 1, 2023, was Captain Hudson.

137.    The Assistant Shift Supervisors for the first shift on February 1, 2023, were Sergeant Miranda Footman-McIntyre and Sergeant Damita Thomas.

138.    Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 1, 2023.

139.    Captain Hudson, Sgt. Footman-McIntyre, and Sgt. Thomas did not take any steps to provide assistance to enable Officer Quashayla Jones and Officer Madison to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 1, 2023.

140.    For the second shift on February 1, 2023, Sergeant Shandoria George and Sergeant Derrical Bell were assigned to J Building.  Sgt. George was simultaneously assigned the role of Assistant Shift Supervisor, and Sgt. Bell was simultaneously assigned the role of Assistant Shift Supervisor.

16

141. Three of the five posts in J Building were not staffed during the second shift on February 1, 2022.

142. Sgt. George and Sgt. Bell did not perform 30-minute segregation rounds during the second shift on February 1, 2023.

143. Sgt. George and Sgt. Bell did not provide drinking water to Reginald during the second shift on February 1, 2023.

144. Sgt. George and Sgt. Bell did not provide Reginald access to showers during the second shift on February 1, 2023.

145. Sgt. George and Sgt. Bell did not provide Reginald the opportunity for exercise outside of his cell during the second shift on February 1, 2023.

146. The Shift Supervisor for the second shift on February 1, 2023, was Lieutenant Barbara Williams.

147. Sgt. Megan Williams was also an Assistant Shift Supervisor for the second shift on February 1, 2023.

148. Lt. Barbara Williams did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on February 1, 2023.

149. Lt. Barbara Williams and Sgt. Megan Williams did not take any steps to provide assistance to enable Sgt. George and Sgt. Bell to conduct 30-minute segregation rounds, showers, or exercise during the second shift on February 1, 2023.

150. For the first shift on February 2, 2023, Corrections Officer Quashayla Jones and Corrections Officer Randall Madison were assigned to J Building.

151. Three of the five posts in J Building were not staffed during the first shift on February 1, 2023.

17

152.    Officer Quashayla Jones and Officer Madison did not perform 30-minute segregation rounds during the first shift on February 2, 2023.

153.    Officer Quashayla Jones and Officer Madison did not provide drinking water to Reginald during the first shift on February 2, 2023.

154.    Officer Quashayla Jones and Officer Madison did not provide Reginald access to showers during the first shift on February 2, 2023.

155.    Officer Quashayla Jones and Officer Madison did not provide Reginald access to showers during the first shift on February 2, 2023.

156.    The Shift Supervisor for the first shift on February 2, 2023, was Captain Hudson.

157.    The Assistant Shift Supervisors for the first shift on February 2, 2023, were Sergeant Miranda Footman-McIntyre and Sergeant Damita Thomas.

158.    Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 2, 2023.

159.    Captain Hudson, Sgt. Footman-McIntyre, and Sgt. Thomas did not take any steps to provide assistance to enable Officer Quashayla Jones and Officer Madison to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 2, 2023.

160.    For the second shift on February 2, 2023, Sergeant Shandoria George and Sergeant Derrical Bell were assigned to J Building.  Sgt. George was simultaneously assigned the role of Assistant Shift Supervisor, and Sgt. Bell was simultaneously assigned the role of Assistant Shift Supervisor.

161.    Three of the five posts in J Building were not staffed during the second shift on February 2, 2022.

18

162. Sgt. George and Sgt. Bell did not perform 30-minute segregation rounds during the second shift on February 2, 2023.

163. Sgt. George and Sgt. Bell did not provide drinking water to Reginald during the second shift on February 2, 2022.

164. Sgt. George and Sgt. Bell did not provide Reginald access to showers during the second shift on February 2, 2022.

165. Sgt. George and Sgt. Bell did not provide Reginald the opportunity for exercise outside of his cell during the second shift on February 2, 2022.

166. The Shift Supervisor for the second shift on February 2, 2023, was Lieutenant Barbara Williams.

167. Sgt. Megan Williams was also an Assistant Shift Supervisor for the second shift on February 2, 2023.

168. Lt. Barbara Williams did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on February 2, 2023.

169. Lt. Barbara Williams and Sgt. Megan Williams did not take any steps to provide assistance to enable Sgt. George and Sgt. Bell to conduct 30-minute segregation rounds, showers, or exercise during the second shift on February 2, 2023.

170. For the first shift on February 3, 2023, Corrections Officer Quantayshia Allen and Corrections Officer Curtis Marner were assigned to J Building.

171. Three of the five posts in J Building were not staffed during the first shift on February 3, 2023.

172. Officers Allen and Marner did not perform 30-minute segregation rounds during the first shift on February 3, 2023.

19

173.    Officers Allen and Marner did not provide drinking water to Reginald during the during the first shift on February 3, 2023.

174.    Officers Allen and Marner did not provide Reginald access to showers during the during the first shift on February 3, 2023.

175.    Officers Allen and Marner did not provide Reginald the opportunity for exercise outside of his cell during the during the first shift on February 3, 2023.

176.    The Shift Supervisor for the first shift on February 3, 2023, was Captain Dawn Hudson.

177.    Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 3, 2023.

178.    Captain Hudson did not take any steps to provide assistance to enable Officers Allen and Marner to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 3, 2023.

179.    For the second shift on February 3, 2023, Corrections Officer Symone Alexander and Corrections Officer Nicholas Brown were assigned to J Building.

180.    Three of the five posts in J Building were not staffed during the second shift on February 3, 2022.

181.    Officers Alexander and Brown did not perform 30-minute segregation rounds during the second shift on February 3, 2023.

182.    Officers Alexander and Brown did not provide drinking water to Reginald during the second shift on February 3, 2023.

183.    Officers Alexander and Brown did not provide Reginald access to showers during the second shift on February 3, 2023.

20

184.    Officers Alexander and Brown did not provide Reginald the opportunity for exercise outside of his cell during the second shift on February 3, 2023.

185.    The Shift Supervisor for the second shift on February 3, 2023, was Lieutenant Maylsia Telfair.

186.    The Assistant Shift Supervisors for the second shift on February 3, 2023 were Sergeant Becky Weathersby and Sergeant Kelly Cooper.

187.    Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on February 3, 2023.

188.    Lt. Telfair, Sgt. Weathersby, and Sgt. Cooper did not take any steps to provide assistance to enable Officers Alexander and Brown to conduct 30-minute segregation rounds, showers, or exercise during the second shift on February 3, 2023.

189.    For the first shift on February 4, 2023, Corrections Officer Quantayshia Allen and Corrections Officer Curtis Marner were assigned to J Building.

190.    Three of the five posts in J Building were not staffed during the first shift on February 4, 2023.

191.    Officers Allen and Marner did not perform 30-minute segregation rounds during the first shift on February 4, 2023.

192.    Officers Allen and Marner did not provide drinking water to Reginald during the first shift on February 4, 2023.

193.    Officers Allen and Marner did not did not provide Reginald access to showers during the first shift on February 4, 2023.

194.    Officers Allen and Marner did not provide Reginald the opportunity for exercise outside of his cell during the first shift on February 4, 2023.

21

195. The Shift Supervisor for the first shift on February 4, 2023, was Captain Dawn Hudson.

196. The Assistant Shift Supervisor for the first shift on February 4, 2023 was Sergeant Willie Jackson.

197. Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 4, 2023.

198. Captain Hudson and Sgt. Jackson did not take any steps to provide assistance to enable Officers Allen and Marner to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 4, 2023.

199. For the second shift on February 4, 2023, Corrections Officer Symone Alexander and Corrections Officer Nicholas Brown were assigned to J Building.

200. Three of the five posts in J Building were not staffed during the second shift on February 4, 2022.

201. Officers Alexander and Brown did not perform 30-minute segregation rounds during the second shift on February 4, 2023.

202. Officers Alexander and Brown did not provide drinking water to Reginald during the second shift on February 4, 2023.

203. Officers Alexander and Brown did not provide Reginald access to showers during the second shift on February 4, 2023.

204. Officers Alexander and Brown did not provide Reginald the opportunity for exercise outside of his cell during the

205. The Shift Supervisor for the second shift on February 4, 2023, was Lieutenant Maylsia Telfair.

22

206. The Assistant Shift Supervisors for the second shift on February 4, 2023 were Sergeant Becky Weathersby and Sergeant Kelly Cooper.

207. Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on February 3, 2023.

208. Lt. Telfair, Sgt. Weathersby, and Sgt. Cooper did not take any steps to provide assistance to enable Officers Alexander and Brown to conduct 30-minute segregation rounds, showers, or exercise during the second shift on February 3, 2023.

209. For the first shift on February 5, 2023, Corrections Officer Quantayshia Allen and Corrections Officer Curtis Marner were assigned to J Building.

210. Three of the five posts in J Building were not staffed during the first shift on February 5, 2023.

211. Officers Allen and Marner did not perform 30-minute segregation rounds during the first shift on February 5, 2023.

212. Officers Allen and Marner did not provide drinking water to Reginald during the first shift on February 5, 2023.

213. Officers Allen and Marner did not provide Reginald access to showers during the first shift on February 5, 2023.

214. Officers Allen and Marner did not provide Reginald the opportunity for exercise outside of his cell during the first shift on February 5, 2023.

215. The Shift Supervisor for the first shift on February 5, 2023, was Captain Dawn Hudson.

216. The Assistant Shift Supervisor for the first shift on February 5, 2023 was Sergeant Willie Jackson.

23

217. Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 5, 2023f.

218. Captain Hudson and Sgt. Jackson did not take any steps to provide assistance to enable Officers Allen and Marner to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 5, 2023.

219. Between the period of approximately January 28, 2023 and February 5, 2023, Captain Hudson, as the Chief of Security, did not conduct daily rounds in the segregation unit in which Reginald was confined.

220. Between the period of approximately January 28, 2023 and February 5, 2023, Deputy Warden Tracey Scott did not conduct any rounds in the segregation unit in which Reginald was confined.

221. Between the period of approximately January 28, 2023 and February 5, 2023, Deputy Warden Jennifer Craft did not conduct any rounds in the segregation unit in which Reginald was confined.

222. Between the period of approximately January 28, 2023 and February 5, 2023, Deputy Warden Jerry Jefferson did not conduct any rounds in the segregation unit in which Reginald was confined.

223. Between the period of approximately January 28, 2023 and February 5, 2023, Deputy Warden Delvin Peoples did not conduct any rounds in the segregation unit in which Reginald was confined.

224. Between the period of approximately January 28, 2023 and February 5, 2023, Warden Trevonza Bobbitt did not conduct any rounds in the segregation unit in which Reginald was confined.

24

225.    Each of the Defendants had actual knowledge that Reginald was confined to segregation for an extended period.

226.    Each of the Defendants had actual knowledge that the water to Reginald's cell was disabled during the period from approximately January 27, 2023, through his death on February 5, 2023.

227.    Each of the Defendants had actual knowledge that failing to perform segregation rounds caused a substantial risk of serious harm to Reginald.

228.    Each of the Defendants had actual knowledge that Reginald was becoming dangerously dehydrated and that failing to provide Reginald with adequate drinking water caused a substantial risk of serious harm to Reginald.

229.    Each of the Defendants chose not to provide drinking water or re-enable the water supply to Reginald's cell.

## PARTIES

230.    Plaintiff, Reginald Jacobs, Sr., is a resident of the state of Georgia and the surviving father of Reginald Jacobs, Jr.

231.    Defendant Georgia Department of Corrections ("GDC") exists pursuant to O.C.G.A. § 42-2-4 and is charged with the duty and responsibility of administering correctional institutions of the State of Georgia under O.C.G.A. § 42-2-5.  Defendant GDC will be served with process through its Commissioner, Tyrone Oliver, located at 7 Martin Luther King Jr. Drive SW, Suite 543, Atlanta, GA 30334.  Process will also be served upon the Director of Risk Management, Department of Administrative Services, located at 200 Piedmont Avenue, Suite 1220, Atlanta, GA 30334.

25

232.    Pursuant to O.C.G.A. § 50-21-35, a copy of Plaintiff's Complaint has been mailed via certified mail, with return receipt requested, to Attorney General Christopher Carr at 40 Capitol Square, SW, Atlanta, GA 30334.  A certificate attached as Exhibit 1 certifies that this Complaint shall be mailed in accordance with the statute.

233.    Plaintiff provided ante litem notice to GDC and the State of Georgia pursuant to O.C.G.A. § 50-21-26.  The ante litem notice and proof of receipt is attached as Exhibit 2.

234.    Defendant Trevonza Bobbitt is a resident of the State of Georgia. At all times relevant to this complaint, defendant Bobbitt was the Warden of Calhoun State Prison.  At all relevant times, defendant Bobbitt acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Bobbitt for damages in his individual capacity.

235.    Defendant Tracey Scott is a resident of the State of Georgia. At all times relevant to this complaint, defendant Scott was a Deputy Warden of Calhoun State Prison.  At all relevant times, defendant Scott acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Scott for damages in her individual capacity.

236.    Defendant Jennifer Craft is a resident of the State of Georgia. At all times relevant to this complaint, defendant Craft was a Deputy Warden of Calhoun State Prison.  At all relevant times, defendant Craft acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Craft for damages in her individual capacity.

237.    Defendant Jerry Jefferson is a resident of the State of Georgia. At all times relevant to this complaint, defendant Jefferson was a Deputy Warden of Calhoun State Prison.

At all relevant times, defendant Jefferson acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Jefferson for damages in his individual capacity.

238.    Defendant Delvin Peoples is a resident of the State of Georgia. At all times relevant to this complaint, defendant Peoples was a Deputy Warden of Calhoun State Prison.  At all relevant times, defendant Peoples acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Peoples for damages in his individual capacity.

239.    Defendant Dawn Hudson is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Hudson was the Captain and Chief of Security at Calhoun State Prison.  At all relevant times, defendant Hudson acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Hudson for damages in her individual capacity.

240.    Defendant James Hall is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Hall was a Unit Manager and Shift Supervisor at Calhoun State Prison.  At all relevant times, defendant Hall acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Hall for damages in his individual capacity.

241.    Defendant Martin Jones is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Martin Jones was a Unit Manager and Shift Supervisor at Calhoun State Prison.  At all relevant times, defendant Martin Jones acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Martin Jones for damages in his individual capacity.

242. Defendant Willie Jackson is a resident of the State of Georgia. At all times relevant to this complaint, defendant Jackson was a Sergeant at Calhoun State Prison. At all relevant times, defendant Jackson acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Jackson for damages in his individual capacity.

243. Defendant Miranda Footman-McIntyre is a resident of the State of Georgia. At all times relevant to this complaint, defendant Footman-McIntyre was a Sergeant at Calhoun State Prison. At all relevant times, defendant Footman-McIntyre acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Footman-McIntyre for damages in her individual capacity.

244. Defendant Damita Thomas is a resident of the State of Georgia. At all times relevant to this complaint, defendant Thomas was a Sergeant at Calhoun State Prison. At all relevant times, defendant Thomas acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Thomas for damages in her individual capacity.

245. Defendant Kelly Cooper is a resident of the State of Georgia. At all times relevant to this complaint, defendant Cooper was a Sergeant at Calhoun State Prison. At all relevant times, defendant Cooper acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Cooper for damages in her individual capacity.

246. Defendant Becky Weathersby is a resident of the State of Georgia. At all times relevant to this complaint, defendant Weathersby was a Sergeant at Calhoun State Prison. At all relevant times, defendant Weathersby acted under color of state law and was responsible for the

28

well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Weathersby for damages in her individual capacity.

247.    Defendant Tony Ward is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Ward was a Sergeant at Calhoun State Prison.  At all relevant times, defendant Ward acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Ward for damages in his individual capacity.

248.    Defendant Shandoria George is a resident of the State of Georgia.  At all times relevant to this complaint, defendant George was a Sergeant at Calhoun State Prison.  At all relevant times, defendant George acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant George for damages in her individual capacity.

249.    Defendant Megan Williams is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Megan Williams was a Sergeant at Calhoun State Prison.  At all relevant times, defendant Megan Williams acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Megan Williams for damages in her individual capacity.

250.    Defendant Derrical Bell is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Bell was a Sergeant at Calhoun State Prison.  At all relevant times, defendant Bell acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Bell for damages in his individual capacity.

251.    Defendant Stacy Randle is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Randle was a Sergeant at Calhoun State Prison.  At all relevant times, defendant Randle acted under color of state law and was responsible for the well-being of

29

inmates in Calhoun State Prison.  Plaintiff sues defendant Randle for damages in her individual capacity.

252.    Defendant Maylsia Telfair is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Telfair was a Lieutenant at Calhoun State Prison.  At all relevant times, defendant Telfair acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Telfair for damages in her individual capacity.

253.    Defendant Barbara Williams is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Barbara Williams was a Lieutenant at Calhoun State Prison.  At all relevant times, defendant Barbara Williams acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Barbara Williams for damages in her individual capacity.

254.    Defendant Quantayshia Allen is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Allen was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Allen acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Allen for damages in her individual capacity.

255.    Defendant Curtis Marner is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Marner was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Marner acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Marner for damages in his individual capacity.

30

256.    Defendant Symone Alexander is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Alexander was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Alexander acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Alexander for damages in her individual capacity.

257.    Defendant Nicholas Brown is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Nicholas Brown was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Nicholas Brown acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Nicholas Brown for damages in his individual capacity.

258.    Defendant Jamecia Mike is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Mike was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Mike acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Mike for damages in her individual capacity.

259.    Defendant Shiquita Brown is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Shiquita Brown was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Shiquita Brown acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Shiquita Brown for damages in her individual capacity.

260.    Defendant Kajuan Robinson is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Robinson was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Robinson acted under color of state law and was

31

responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Robinson for damages in his individual capacity.

261. Defendant Angela Spann is a resident of the State of Georgia. At all times relevant to this complaint, defendant Spann was a Correctional Officer at Calhoun State Prison. At all relevant times, defendant Spann acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Spann for damages in her individual capacity.

262. Defendant Quashayla Jones is a resident of the State of Georgia. At all times relevant to this complaint, defendant Quashayla Jones was a Correctional Officer at Calhoun State Prison. At all relevant times, defendant Quashayla Jones acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Quashayla Jones for damages in her individual capacity.

263. Defendant Randall Madison is a resident of the State of Georgia. At all times relevant to this complaint, defendant Madison was a Correctional Officer at Calhoun State Prison. At all relevant times, defendant Madison acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Madison for damages in his individual capacity.

264. Defendant Gwendolyn Spencer is a resident of the State of Georgia. At all times relevant to this complaint, defendant Spencer was a Unit Manager and Shift Supervisor at Calhoun State Prison. At all relevant times, defendant Spencer acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues Defendant Spencer for damages in her individual capacity.

32

265.    Doe Defendant 1 is the individual who disabled the water supply to Reginald's Cell.  Doe Defendant 1 had actual knowledge that Reginald was confined to segregation for an extended period, could not obtain drinking water from another source himself, and that disabling his water supply caused a substantial risk of serious harm to Reginald.  The true identity of Doe Defendant 1 is unknown and unavailable to Plaintiff at the time of filing this complaint.

266.    Doe Defendants 2 through 20 are individuals employed at Calhoun State Prison in approximately January 27, 2023 through February 5, 2023 who knew that the water to Reginald's cell was disabled or that Reginald was suffering from dangerous dehydration, and failed to re-enable the water supply, provide water to Reginald, or ensure Reginald received medical attention.  Doe Defendants 2 through 20 knew that this conduct caused a substantial risk of serious harm to Reginald.  The true identities of Doe Defendants 2 through 20 are unknown and unavailable to Plaintiff at the time of filing this complaint.

## JURISDICTION AND VENUE

267.    The Court has jurisdiction over the subject matter of this action.

268.    The Court has jurisdiction over each defendant.

269.    Venue is proper pursuant to O.C.G.A. § 50-21-28 because one or more of the defendants reside in Muscogee County.

## CLAIMS FOR RELIEF

**Count I:        Negligence by Defendant Georgia Department of Corrections Pursuant to the Georgia Tort Claims Act**

270.    Plaintiff incorporates paragraphs 1 through 269 as if fully stated here.

271.    Sovereign immunity for negligence by Georgia government entities is waived by the Georgia Tort Claims Act.  *See* O.C.G.A. § 51-21-20 *et seq.*

33

272. Defendant GDC—by and through its employees and agents—was responsible for the safety, security, and health of the inmates at Calhoun State Prison, including Reginald Jacobs, Jr.

273. Defendant GDC is required by state law to provide inmates regular meals reasonable access to water.

274. Defendant GDC owed Reginald a duty to exercise reasonable care in providing safety, security, food, water, and access to medical care.

275. Defendant GDC knew that Reginald was being held in solitary confinement, that the water supply to his cell was disabled or non-functional, and that he was reliant on GDC personnel to bring food and water to his cell.

276. Defendant GDC knew that Calhoun State Prison, and particularly J Building in which Reginald was held was grossly understaffed such that they could not provide for the basic needs and safety of the inmates in the housing unit.

277. Defendant GDC breached its duty to exercise reasonable care by, among other things:

a. Failing to properly staff Calhoun State Prison and its J Building;

b. Disabling the water to supply to Reginald's cell;

c. Failing to supply Reginald with adequate drinking water from another source;

d. Failing to conduct segregation rounds or otherwise take steps to ensure the well-being of Reginald while in segregation;

e. Failing to provide Reginald exercise time outside of his cell;

f. Failing to provide Reginald access to showers; and

34

g.      Failing to recognize Reginald's dehydration as his condition deteriorated and take appropriate steps.

278.    As a direct and proximate result of Defendant GDC's negligence, Reginald Jacobs, Jr. experienced conscious pain and suffering and death.

**Count II:      Negligent Breach of Ministerial Duties by Defendants Trevonza Bobbitt, Tracey Scott, Jennifer Craft, Jerry Jefferson, Delvin Peoples, Dawn Hudson, James Hall, Martin Jones, Willie Jackson, Miranda Footman-McIntyre, Damita Thomas, Kelly Cooper, Becky Weathersby, Tony Ward, Shandoria George, Megan Williams, Derrical Bell, Stacy Randle, Maylsia Telfair, Barbara Williams, Quantayshia Allen, Curtis Marner, Symone Alexander, Nicholas Brown, Jamecia Mike, Shiquita Brown, Kajuan Robinson, Angela Spann, Quashayla Jones, Randall Madison, Gwendolyn Spencer, and Doe Defendants 1 through 20**

279.    Plaintiff incorporates paragraphs 1 through 269 as if fully stated here.

280.    Defendants Trevonza Bobbitt, Tracey Scott, Jennifer Craft, Jerry Jefferson, Delvin Peoples, Dawn Hudson, James Hall, Martin Jones, Willie Jackson, Miranda Footman-McIntyre, Damita Thomas, Kelly Cooper, Becky Weathersby, Tony Ward, Shandoria George, Megan Williams, Derrical Bell, Stacy Randle, Maylsia Telfair, Barbara Williams, Quantayshia Allen, Curtis Marner, Symone Alexander, Nicholas Brown, Jamecia Mike, Shiquita Brown, Kajuan Robinson, Angela Spann, Quashayla Jones, Randall Madison, Gwendolyn Spencer, and Doe Defendants 1 through 20 (the "Count II Defendants") had duties to conduct rounds to observe the well-being of inmates in J Building at specific intervals and frequencies as discussed above.

281.    The Count II Defendants do not have sovereign immunity for breaches of ministerial duties.

282.    A ministerial duty may be established by evidence of a written policy that is so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.

35

283.    Under Georgia law, established policies of inspecting and monitoring prison inmates are ministerial tasks.

284.    Each of the Count II Defendants had a ministerial duty to inspect and monitor the conditions of Reginald's confinement.

285.    Each of the Count II Defendants failed to perform their ministerial duty to inspect and monitor the conditions of Reginald's confinement during the several days over which it was obvious that he was slowly dying of dehydration.

286.    Accordingly, as a direct and proximate result of each of the Count II Defendants' breaches of their ministerial duties, Reginald experienced conscious pain and suffering and died.

**Count III:    Violation of Eighth and Fourteenth Amendments by Defendants Trevonza Bobbitt, Tracey Scott, Jennifer Craft, Jerry Jefferson, Delvin Peoples, Dawn Hudson, James Hall, Martin Jones, Willie Jackson, Miranda Footman-McIntyre, Damita Thomas, Kelly Cooper, Becky Weathersby, Tony Ward, Shandoria George, Megan Williams, Derrical Bell, Stacy Randle, Maylsia Telfair, Barbara Williams, Quantayshia Allen, Curtis Marner, Symone Alexander, Nicholas Brown, Jamecia Mike, Shiquita Brown, Kajuan Robinson, Angela Spann, Quashayla Jones, Randall Madison, Gwendolyn Spencer, and Doe Defendants 1 through 20 Pursuant to 42 U.S.C. § 1983**

287.    Plaintiffs incorporate paragraphs 1 through 269 above as if fully stated here.

288.    Defendants Trevonza Bobbitt, Tracey Scott, Jennifer Craft, Jerry Jefferson, Delvin Peoples, Dawn Hudson, James Hall, Martin Jones, Willie Jackson, Miranda Footman-McIntyre, Damita Thomas, Kelly Cooper, Becky Weathersby, Tony Ward, Shandoria George, Megan Williams, Derrical Bell, Stacy Randle, Maylsia Telfair, Barbara Williams, Quantayshia Allen, Curtis Marner, Symone Alexander, Nicholas Brown, Jamecia Mike, Shiquita Brown, Kajuan Robinson, Angela Spann, Quashayla Jones, Randall Madison, Gwendolyn Spencer, and Doe Defendants 1 through 20 (the "Count III Defendants") were responsible for the safety, security, and well-being of inmates in J Building.

36

289.    The Count III Defendants were specifically responsible for providing Reginald with food and access to adequate drinking water.

290.    The Count III Defendants had actual knowledge that the water supply to Reginald's cell was disabled or non-functional during the period from January 28, 2023, through his death on February 5, 2023.

291.    The Count III Defendants nonetheless failed to, among other things:

a.    Provide adequate drinking water to Reginald;

b.    Enable the water supply to Reginald's cell;

c.    Conduct rounds to observe Reginald's condition and ensure his well-being;

d.    Provide Reginald access to showers three times per week;

e.    Provide Reginald exercise outside of his cell five times per week; and

f.    Notify medical personnel that Reginald was becoming dehydrated, did not have access to water, and was deteriorating.

292.    The Count III Defendants knew that the above actions and inactions caused a substantial risk of serious harm to Reginald.

293.    As a direct and proximate result of The Count III Defendants' violations of Reginald's constitutional rights, Reginald experienced conscious pain and suffering and died.

### **PUNITIVE DAMAGES AND ATTORNEYS' FEES**

294.    The Count II Defendants and Count III Defendants' conduct as described above shows willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care which is sufficient to establish that Defendants acted with conscious indifference to the consequences of their actions.  Defendants acted with malice and/or reckless and callous

37

indifference to Reginald's state and federal rights. Accordingly, punitive damages should be imposed against the individual defendants pursuant to O.C.G.A. § 51-12-5.1 and other applicable laws to deter future violations of fundamental constitutional rights.

295.    The Count II Defendants and Count III Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense, which entitle Plaintiff to attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

296.    Plaintiff is entitled to costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that they have a trial before a jury on all issues and judgment against Defendants as follows

a.    An award of compensatory damages for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

b.    An award of punitive damages against the individual defendants;

c.    An award of reasonable costs and attorneys' fees; and

d.    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

**DATED**:  February 21, 2025.

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
/s/ Matthew S. Harman
Matthew S. Harman
Georgia Bar No: 327169

38

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email:  mharman@harmanlaw.com
        efredrickson@harmanlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day electronically filed the foregoing with the Clerk of Court using the e-Filing system which will automatically send email notification of such filing to the attorneys of record.

This February 21, 2025.

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email: mharman@harmanlaw.com
           efredrickson@harmanlaw.com

***Attorneys for Plaintiff***

40

# EXHIBIT 1

**Certificate of Compliance with O.C.G.A. § 50-21-35**

**<u>Certificate of Compliance with O.C.G.A. § 50-21-35</u>**

Pursuant to O.C.G.A. § 50-21 -35, I certify that a copy of Plaintiff's Complaint has been

mailed via certified mail, return receipt requested, to Attorney General Christopher Carr, Office

of the Attorney General, 40 Capitol Square, SW, Atlanta, Georgia 30334.

Dated:  November 12, 2024.


<u>/s/ Eric S. Fredrickson</u>
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA  30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email:  mharman@harmanlaw.com
       efrederickson@harmanlaw.com

***Attorneys for Plaintiff***

# EXHIBIT 2

**Ante Litem Notice**

# HARMAN
## LAW FIRM

Harman Law Firm LLC | Eric S. Fredrickson
3575 Piedmont Road | Tel: 404-554-0777
Building 15, Suite 1040 | Fax: 404-424-9370
Atlanta, GA 30305 | efredrickson@harmanlaw.com

December 19, 2023

**_Sent Via Certified Mail/_**
**_Return Receipt Requested_**
Risk Management Division
Georgia Department of Administrative Services
200 Piedmont Avenue SE
Suite 1804, West Tower
Atlanta, Georgia  30334

**_Sent Via First Class U.S. Mail_**
Calhoun State Prison
c/o Warden Trevonza Bobbitt
27823 W. Main Street
Morgan, GA  39866

**_Sent Via First Class U.S. Mail_**
Georgia Department of Corrections
c/o Tyrone Oliver, Commissioner
300 Patrol Road
Forsyth, Georgia  31029

|   |   |
|---|---|
| **Re:** | **NOTICE OF CLAIMS UNDER GEORGIA TORT CLAIMS ACT – ANTE LITEM** |
| **CLAIM:** | **Reginald Jacobs, Sr. and Sheeri Bussey, as the next of kin and Personal Representative of the Estate of Reginald Jacobs, Jr., now deceased, for Reginald Jacobs, Jr.'s wrongful death and personal injuries** |

Dear Sir/Madam:

Pursuant to O.C.G.A § 50-21-26, you are hereby notified of a claim against the State of Georgia for the pain and suffering and wrongful death of Reginald Jacobs, Jr.  Please be advised that Mr. Jacobs died on February 5, 2023 while in the custody of the State of Georgia.

In accordance with O.C.G.A § 50-21-26, please be advised of Reginald Jacobs, Jr.'s death, Reginald Jacobs, Sr. and Sheeri Bussey's claim for the wrongful death of their son, the Estate of Reginald Jacobs, Jr.'s survival action claim for pain and suffering and any other recoverable damages.

To the extent of claimant's knowledge and belief as is practicable under the circumstances, claimant provides notice of the following:

**A.    The name of the state government entity responsible for the acts or omissions asserted as the basis of the claim:**

These claims are being asserted against the Georgia Department of Corrections.

December 19, 2023
Page 2 of 3

**B.      The time of the transaction or occurrence out of which the loss arose:**

These claims arise from Reginald Jacobs, Jr.'s death on February 5, 2023.

**C.      The place of the transaction or occurrence:**

The transactions and occurrences took place at Calhoun State Prison, 27823 Main Street, Morgan, Georgia 39866.

**D.      The nature of the loss sustained:**

Due to the Georgia Department of Corrections' wrongful acts and omissions, Reginald Jacobs, Jr. suffered severe physical and emotional pain and suffering, and ultimately death.

Reginald Jacobs' mother and father Reginald Jacobs, Sr. and Sheeri Bussey are entitled to recover for the wrongful death of their son.  The Estate of Reginald Jacobs, Jr. is entitled to recover for his pain and suffering, medical expenses, funeral and burial expenses, and all other damages allowable in a survival action.

**E.      The amount of the loss claimed:**

For the wrongful death of their son, Reginald Jacobs, Sr. and Sheeri Bussey are entitled to the full value of Reginald Jacob, Jr.'s life in the amount of no less than one million dollars ("$1,000,000.00").

The Estate of Reginald Jacobs, Jr. is entitled to no less than one million dollars ("$1,000,000.00") for Reginald Jacobs, Jr.'s personal injuries and pain and suffering, medical expenses, funeral and burial expenses, and all other damages allowable in a survival action.

**F.      The acts or omissions which caused the loss:**

The Georgia Department of Corrections, through its employees and agents, caused Reginald Jacobs, Jr. to be confined in conditions which deprived him of the minimal civilized measure of life's necessities.  Among other things, the Georgia Department of Corrections failed to provide Reginald Jacobs, Jr. sufficient access to nutritionally adequate food and fit to drink water.  The Georgia Department of Corrections further failed to provide Reginald Jacobs, Jr. minimally adequate and obviously necessary healthcare when he began to suffer from severe dehydration and eventually renal failure.  Enclosed for your reference is the death certificate indicating that Reginald died from dehydration and the coroner's report indicating that he had been dead for many hours before being discovered.

Thank you for your attention to this matter.  We look forward to hearing from you.

December 19, 2023
Page 3 of 3

Sincerely,

Eric S. Fredrickson

Enclosure

# GEORGIA DEATH CERTIFICATE

State File Number **2023GA000063933**

| 1. DECEDENT'S LEGAL FULL NAME (First, Middle, Last) | 1a. IF FEMALE, ENTER LAST NAME AT BIRTH | 2. SEX | 2a. DATE OF DEATH (Mo., Day, Year) |
|---|---|---|---|
| REGINALD JEROME JACOBS JR | | MALE | ACTUAL DATE OF DEATH 02/06/2023 |

| 3. SOCIAL SECURITY NUMBER | 4a. AGE (Years) | 4b. UNDER 1 YEAR | | 4c. UNDER 1 DAY | | 5. DATE OF BIRTH (Mo., Day, Year) |
|---|---|---|---|---|---|---|
| | | Mos. | Days | Hours | Mins. | |
| 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 | 24 | | | | | 05/09/1998 |

| 6. BIRTHPLACE | 7a. RESIDENCE - STATE | 7b. COUNTY | 7c. CITY, TOWN |
|---|---|---|---|
| GEORGIA | GEORGIA | BIBB | MACON |

| 7d. STREET AND NUMBER | 7e. ZIP CODE | 7f. INSIDE CITY LIMITS? | 8. ARMED FORCES? |
|---|---|---|---|
| 1221 CREEKWOOD DRIVE APT E-1 | 31211 | YES | NO |

| 8a. USUAL OCCUPATION | 8b. KIND OF INDUSTRY OR BUSINESS |
|---|---|
| LABOR | JOB CORP |

| 9. MARITAL STATUS | 10. SPOUSE NAME | 11. FATHER'S FULL NAME (First, Middle, Last) |
|---|---|---|
| MARRIED | SALEATHA WHITE | REGINALD JEROME JACOBS SR |

| 12. MOTHER'S MAIDEN NAME (First, Middle, Last) | 13a. INFORMANT'S NAME (First, Middle, Last) | 13b. RELATIONSHIP TO DECEDENT |
|---|---|---|
| SHEERI BUSSEY | SHEERI BUSSEY | MOTHER |

| 13c. MAILING ADDRESS | 14. DECEDENT'S EDUCATION |
|---|---|
| 1221 CREEKWOOD DRIVE APT E-1 MACON GEORGIA 31211 | HIGH SCHOOL GRADUATE OR GED COMPLETED |

| 15. ORIGIN OF DECEDENT (Spanish/Hispanic/Latino) | 16. DECEDENT'S RACE (White, Black, American Indian, etc.) (Specify) |
|---|---|
| NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN-AMERICAN |

| 17a. IF DEATH OCCURRED IN HOSPITAL | 17b. IF DEATH OCCURRED OTHER THAN HOSPITAL (Specify) |
|---|---|
| | CALOUN STATE PRISON |

| 18. HOSPITAL OR OTHER INSTITUTION NAME (if not in either give street and no.) | 19. CITY, TOWN or LOCATION OF DEATH | 20. COUNTY OF DEATH |
|---|---|---|
| 27823 W MAIN STREET | MORGAN | CALHOUN |

| 21. METHOD OF DISPOSITION (specify) | 22. PLACE OF DISPOSITION | 23. DISPOSITION DATE (Mo., Day, Year) |
|---|---|---|
| BURIAL | BIBB MT. ZION CEMETERY 3268 AVONDALE MILL ROAD GEORGIA 31215 | 02/21/2023 |

| 24a. EMBALMER'S NAME | 24b. EMBALMER LICENSE NO. | 25. FUNERAL HOME NAME |
|---|---|---|
| DEUNDRAY BENTLEY | 3912 | BENTLEY AND SONS FUNERAL HOME  MACON |

| 25a. FUNERAL HOME ADDRESS |
|---|
| 2714 MONTPELIER AVENUE MACON GEORGIA 31204 |

| 26a. SIGNATURE OF FUNERAL DIRECTOR | 26b. FUN. DIR. LICENSE NO | AMENDMENTS |
|---|---|---|
| JANICE BENTLEY | 3249 | |

| 27. DATE PRONOUNCED DEAD (Mo., Day, Year) | 28. HOUR PRONOUNCED DEAD |
|---|---|
| 02/06/2023 | 14:10 MILITARY |

| 29a. PRONOUNCER'S NAME | 29b. LICENSE NUMBER | 29c. DATE SIGNED |
|---|---|---|
| DARIEN D BROWN | | 02/06/2023 |

| 30. TIME OF DEATH | 31. WAS CASE REFERRED TO MEDICAL EXAMINER |
|---|---|
| 14:10 MILITARY | YES |

| 32. Part I. Enter the chain of events-diseases, injuries, or complications that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, Or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | | Approximate interval between onset and death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | A. DEHYDRATION WITH RENAL FAILURE | UNKNOWN |
| | Due to, or as a consequence of | |
| | B. | |
| | Due to, or as a consequence of | |
| | C. | |
| | Due to, or as a consequence of | |
| | D. | |

| Part II. Enter significant conditions contributing to death but not related to cause given in Part 1A. If female, indicate if pregnant or birth occurred within 90 days of death. | 33. WAS AUTOPSY PERFORMED? | 34. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? |
|---|---|---|
| | YES | YES |

| 35. TOBACCO USE CONTRIBUTED TO DEATH | 36. IF FEMALE (range 10-54) PREGNANT | 37. ACCIDENT, SUICIDE, HOMICIDE, UNDETERMINED (Specify) |
|---|---|---|
| UNKNOWN | NOT APPLICABLE | NATURAL |

| 38. DATE OF INJURY (Mo., Day, Year) | 39. TIME OF INJURY | 40. PLACE OF INJURY (Home, Farm, Street, Factory, Office, Etc.) (Specify) | 41. INJURY AT WORK? (Yes or No) |
|---|---|---|---|
| | | | |

| 42. LOCATION OF INJURY (Street, Apartment Number, City or Town, State, Zip, County) |
|---|
| |

| 43. DESCRIBE HOW INJURY OCCURRED | 44. IF TRANSPORTATION INJURY |
|---|---|
| | |

| 45. To the best of my knowledge death occurred at the time, date and place and due to the cause(s) stated. Medical Certifier (Name, Title, License No.) | 46. On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated. Medical Examiner/Coroner (Name, Title, License No.) |
|---|---|
| | /S/ DARIEN D BROWN CORONER |

| 45a. DATE SIGNED (Mo., Day, Year) | 45b. HOUR OF DEATH | 46a. DATE SIGNED (Mo., Day, Year) | 46b. HOUR OF DEATH |
|---|---|---|---|
| | | 09/19/2023 | 14:10 MILITARY |

| 47. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH |
|---|
| DARIEN D BROWN 28007 MAIN STREET MORGAN GEORGIA 39866 |

| 48. REGISTRAR (Signature) | /S/ CHRISTOPHER J HARRISON | 49. DATE FILED - REGISTRAR (Mo., Day, Year) |
|---|---|---|
| | | 09/19/2023 |

Form 3903 (Rev. 04/2012), GEORGIA DEPARTMENT OF PUBLIC HEALTH

Case 4:25-cv-00111-CDL Document 1-1 Filed 03/26/25 Page 60 of 343

## STATE OF GEORGIA

### CORONER'S DEATH INVESTIGATION REPORT

CASE NUMBER:

NOTIFICATION DATE: 2/5/23   NOTIFICATION TIME: 1:35 p.m.

NOTIFIER'S AGENCY: Calhoun Co. 911

CITY INCIDENT OCCURRED: Morgan, GA   COUNTY: Calhoun County

INVESTIGATING OFFICER & AGENCY: Department of Corrections

---

### CONCERNING THE DECEDENT:

FIRST, MIDDLE, LAST NAME: Reginald Jerome Jacobs Jr.

AGE: 24   RACE: Blk.   SEX: Male

HOME ADDRESS, CITY, STATE, ZIP:

DATE OF BIRTH: May. 7, 1998   SOCIAL SECURITY: 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

WHO PRONOUNCED DEATH: Darien D. Brown (Coroner)

DATE PRONOUNCED: 2/5/23   TIME PRONOUNCED: 2:10 p.m.

TYPE OF DEATH: Unknown

NO   DEATH WITNESSED   Person found dead by: Prison Staff

ADDRESS WHERE DEATH OCCURRED: 27823 Main St. Morgan, GA. 39866

DATE/TIME BODY FOUND: 2/5/23 Not sure what time he was found

DESCRIPTION OF CIRCUMSTANCES:

PERSONAL DOCTOR'S NAME/PHONE#: Don't Know

KNOWN MEDICATIONS: Don't Know

KNOWN ILLNESSES: Don't Know

COMPLAINTS:

PERSON SIGNING DEATH CERTIFICATE: Darien D. Brown Coroner

CAUSE OF DEATH LISTED ON D/C:

1 of 3

## MANNER OF DEATH LISTED ON D/C:

Homicide: ☐    Suicide: ☐    Accidental: ☐    Natural Causes: ☐    Undetermined: ☐    Pending: ☑

## COMPLETE IF DECEDENT SUSTAINED INJURIES:

DATE/TIME OF INJURY: Not Sure

ADDRESS OF INJURY: 27823 Main St. Morgan, GA 39866

## HOW INJURY OCCURRED:

Gunshot: ☐    Sharp Force: ☐    Blunt Force: ☐    Asphyxiated: ☐    Other: ☑

## COMPLETE IF DECEDENT WAS FOUND DEAD:

DATE/TIME LAST KNOWN ALIVE: Don't know

## COMPLETE IF CORONER ACCEPTS JURISDICTION:

WAS CORONER ON SCENE?    YES: ☑    NO: ☐    BODY IDENTIFIED BY WHOM:

TRANSPORT BY: Poteat-Wakefield Funeral Directors

MEDICAL EXAMINER NAME:

DATE/TIME NOTIFIED    2-5-23   12:40 p.m.

EXAM TYPE:    None ☐    Autopsy ☑    External only ☐    TOX ☑    Limited dissection ☐

EXAM PLACE/DATE/TIME: Georgia Bureau of Investigation Dekalb County -2.8-23 - 7:30 am

NEXT OF KIN NAME & ADDRESS: Reginald Jacobs Sr.

PERSONAL EFFECTS RELEASED TO: None to Release

PERSONAL EFFECTS RELEASED BY: N/A

DATE/TIME OF RELEASE: N/A

BODY RELEASED TO: Bentley & sons Funeral Home   Macon, GA, 31204

BODY RELEASED BY: Coroner - Darien D. Brown

DATE/TIME OF RELEASE: Feb. 8, 2023   2:25 p.m.

COMMENTS: I was called on 2-5-23 to go to Calhoun State Prison on my Arrival at the prison, when enterd the J-building where Mr. Jacobs cell was. when I enterd his cell He was inside his Bed Mattress cover his cell was in a Mess. His Mattress was torn all up on the Floor, his food trays Was thrown every where the cell he was in was Awful.
I believe Mr. Jacobs, has been dead for about 7-8 hours, before he was found because he was stiff

_Darien D. Brown_  2-10 23

CORONER'S SIGNATURE AND DATE

2 of 2



**SENDER: COMPLETE THIS SECTION**

- Ensure items 1, 2, and 3 are completed.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RISK MANAGEMENT DIVISION/DOAS
WEST TOWER
200 PIEDMONT AVE SE STE 1804
ATLANTA GA 30334-9030

9490 9112 0620 4472 2305 73

2. Article Number (Transfer from service label)

9415 5112 0620 4472 2305 26

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee
20 DEC 2023

B. Received By: (Printed Name)

C. Date of Delivery
1-11-24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☑ Certified Mail®

PS Form 3811 Facsimile, July 2015 (SDC 3930)

30334 9030

Domestic Return Receipt

USPS TRACKING #
ATLANTA METRO 301

11 JAN 2024 PM 5 L

*Place barcode label here*

First-Class Mail
Postage & Fees Paid
USPS
Permit No.G-10

**UNITED STATES
POSTAL SERVICE**

PS Form 3811 Facsimile, July 2015 (SDC 3930)

9490 9112 0620 4472 2305 73

Harman Law Firm LLC
3575 Piedmont Road
Building 15 Suite 1040
Atlanta GA 30305

**SENDER: COMPLETE THIS SECTION**

- Ensure items 1, 2, and 3 are completed.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GDOAS/RISK MANAGEMENT DIV
WEST TOWER
200 PIEDMONT AVE SE STE 1804
ATLANTA GA 30334-9030

2. Article Number *(Transfer from service label)*

9490 9112 0620 4501 0253 09

9402 9112 0620 4501 0253 28

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

B. Received By: *(Printed Name)*

C. Date of Delivery
1-12-24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☑ Certified Mail®

PS Form 3811 Facsimile, July 2015 (SDC 3930)

Domestic Return Receipt

USPS TRACKING #
ATLANTA METRO 301

12 JAN 2024 PM 9 L

*Place barcode label here*

First-Class Mail
Postage & Fees Paid
USPS
Permit No.G-10

**UNITED STATES
POSTAL SERVIC**

PS Form 3811 Facsimile, July 2015 (SDC 3930)

9490 9112 0520 4501 0253 09

Harman Law Firm LLC
3575 Piedmont Road
Building 15 Suite 1040
Atlanta GA 30305

| | PICK UP FROM | DELIVER TO | JOB # | TIME | SIGNATURE |
|---|---|---|---|---|---|
| **1** (D) | COMPANY / STREET A/B (R?) / SUITE ZIP | COMPANY / STREET WELLS FARGO / SUITE ZIP | 15 | 950 / 1070 | SIGN Kathy Williams / PRINT GREG |
| **2** R | COMPANY / STREET WELLS FARGO / SUITE ZIP | COMPANY / STREET TROUTMAN / SUITE ZIP 70 | 16 | 950 | SIGN N/M / PRINT |
| **3** (D) | COMPANY / STREET HENRI'S @ / SUITE ZIP | COMPANY / STREET HERITAGE WOODS DULUTH / SUITE ZIP 150 | 46 | 1120 | SIGN Chelsey Cai / PRINT Chelsey Cai |
| **4** | COMPANY / STREET A16 / SUITE ZIP | COMPANY / STREET USPO / SUITE ZIP 180 | 33 | 1210 | SIGN / PRINT Paul At Po |
| **5** R | COMPANY / STREET NANCEY BURKE (R?) / SUITE ZIP | COMPANY / STREET GA DEP OF ADMIN SVS / SUITE ZIP 200 | 17 | 218 | SIGN Quinette Freeman / PRINT Quinette Freeman |
| **6** R | COMPANY / STREET HOFF/ POWELL / SUITE ZIP | COMPANY / STREET GA COMP MED BOARD / SUITE ZIP 110 | 25 | 217 | SIGN / PRINT Quatica Townsend |
| **7** | COMPANY / STREET / SUITE ZIP | COMPANY / STREET / SUITE ZIP | | | SIGN / PRINT |
| **8** | COMPANY / STREET / SUITE ZIP | COMPANY / STREET / SUITE ZIP | | | SIGN / PRINT |
| **9** | COMPANY / STREET / SUITE ZIP | COMPANY / STREET / SUITE ZIP | | | SIGN / PRINT |
| **10** | COMPANY / STREET / SUITE ZIP | COMPANY / STREET / SUITE ZIP | | | SIGN / PRINT |

## GEORGIA MESSENGER SERVICE, INC.
3620 Dekalb Technology Parkway, Suite 2016 • Atlanta, GA 30340
www.georgiamessenger.com   470-359-2439
CUSTOMER SERVICE (404) 681-3278 • DISPATCH (770) 359-2037

COURIER # 487

DATE 1/18/24
M | T | W | TH | F

ENDING MILLEAGE
BEGINNING MILLEAGE
TOTAL MILLEAGE



**Brian Kemp**
Governor

**Rebecca N. Sullivan**
Commissioner

January 24, 2024

Harman Law Firm
Att: Eric S. Fredrickson, Attorney
3575 Piedmont Road
Building 25, Suite 1040
Atlanta, Georgia 30305

Re:    DOAS file number:    GL202306530
       State Agency:        DOC-Calhoun State Prison
       Date of Loss:        02/05/2023
       Claimant:            Reginald Jacobs, Sr., & Sheeri Bussey, next of kin & Personal
                            Representative of the Estate of Reginald Jacobs, deceased

Dear Mr. Fredrickson:

We are in receipt of your 12 19 2023 correspondence advising us that you represent the above captioned claimant.

We are initiating an investigation surrounding the facts of this unfortunate occurrence. Once our investigation is completed, we will be in further contact with you. During the interim, should you have any questions, please feel free to contact the undersigned. Should you be in possession of any investigative documentation of the subject occurrence described in your recent correspondence, please share any information you may have relative to the subject occurrence.

In closing, we will move forward with the investigation. Please contact the undersigned should you have any questions or concerns.

Sincerely,

Greg Strickland
Sr. Claims Specialist
GA Administrative Services
On behalf of Department of Administrative Services
Direct Dial:    (678)-325-2662
Email:          greg.strickland@doas.ga.gov

⧉ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**DEC 18, 2024 02:21 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

### IN THE STATE COURT OF MUSCOGEE COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **REGINALD JACOBS, SR. individually And on behalf of the ESTATE OF REGINALD JACOBS, JR.,** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action No.: SC2024CV002716** |
| **v.** | : | |
| | : | |
| **GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES: RANDALL MADISON; and DOE DEFENDANTS 1 THORUGH 20,** | : | |
| | : | |
| **Defendants.** | : | |

### <u>STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT</u>

COME NOW the Georgia Department of Corrections ("GDC"), Trevonza Bobbitt,

Tracey Scott, Jennifer Craft, Jerry Jefferson, Delvin Peoples, Dawn Hudson, James Hall, Martin

Jones, Willie Jackson, Miranda Footman-McIntyre, Damita Thomas, Kelly Cooper, Becky Weathersby, Tony Ward, Shandoria George, Megan Williams, Derrical Bell, Stacy Randle, Maylsia Telfair, Barbara Williams, Quantayshia Allen, Curtis Marner, Symone Alexander, Nicholas Brown, Jamecia Mike, Shiquita Brown, Kajuan Robinson, Angela Spann, Quashayla Jones, and Randall Madison ("State Defendants"), named Defendants in the above styled civil action, and respond to Plaintiffs' Complaint:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

This action is barred in whole or in part by the doctrine of sovereign immunity.

## THIRD DEFENSE

Subject matter jurisdiction is lacking to the extent that this action is barred by sovereign immunity.

## FOURTH DEFENSE

Plaintiffs' tort claims against the individually named State Defendants should be dismissed because all actions allegedly taken by them were taken while acting within the scope of their official duties or employment with a state government entity of the State of Georgia; thus, they are not subject to lawsuit or liability therefor, pursuant to O.C.G.A. § 50-21-25(a).

## FIFTH DEFENSE

Plaintiffs' tort claims should be dismissed to the extent she seeks recovery for losses resulting from acts or omissions for which there is no waiver of sovereign immunity under the Georgia Tort Claims Act, pursuant to O.C.G.A. § 50-21-24.

## SIXTH DEFENSE

The State Defendants committed no negligent or otherwise tortious act or omission that would entitle Plaintiff to recover against them.

## SEVENTH DEFENSE

The Plaintiffs are statutorily precluded from recovering an amount for their tort claims in excess of the limitation on damages contained in O.C.G.A. § 50-21-29(b).

## EIGHTH DEFENSE

Plaintiffs' tort claims are barred in whole or in part because the State Defendants did not breach any duty owed to Plaintiffs.

## NINTH DEFENSE

Plaintiff's claims against the individual State Defendants are barred, in whole or in part, by the doctrine of qualified immunity.

## TENTH DEFENSE

The State Defendants deny that Plaintiff has been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States or the State of Georgia.

## ELEVENTH DEFENSE

The individual State Defendants cannot be held liable for any actions involving Plaintiff in which they did not directly participate or of which they had no knowledge or over which they had no control.

## TWELFTH DEFENSE

The State Defendants have not caused Plaintiff any cognizable injury.

3

**THIRTEENTH DEFENSE**

The State Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiff's claims or contentions are more particularly identified in this case.  Subject to and without waiving any of the foregoing defenses, the State Defendants respond to the individually numbered paragraphs of the Complaint as follows:

1.

The State Defendants admit that GDC has had staffing issues.

2.

The allegations contained in Paragraph 2 of Plaintiffs' Complaint are admitted.

3 - 6.

The allegations contained in Paragraphs 3 through 6 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

7 - 8.

The allegations contained in Paragraphs 7 and 8 of Plaintiffs' Complaint are denied.

9 - 16.

The allegations contained in Paragraphs 9 through 16 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

17.

The allegations contained in Paragraph 17 of Plaintiffs' Complaint are admitted.

18 - 24.

In response to the allegations contained in paragraphs 18 through 24 of Plaintiffs' Complaint, the State Defendants show that their duties are as provided by Georgia and federal law and cannot be altered or expanded by Plaintiffs' allegations, and the State Defendants deny any allegations that they breached any applicable duty, negligence, and proximate cause.

25.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 Plaintiffs' Complaint, and thus can neither admit nor deny the same.

26.

In response to the allegations contained in paragraph 26 of Plaintiffs' Complaint, the State Defendants show that their duties are as provided by Georgia and federal law and cannot be altered or expanded by Plaintiffs' allegations, and the State Defendants deny any allegations that they breached any applicable duty, negligence, and proximate cause.

27 - 30.

The allegations contained in Paragraphs 27 through 30 of Plaintiffs' Complaint are denied.

31 - 32.

The allegations contained in Paragraphs 31 and 32 of Plaintiffs' Complaint are denied.

33 - 39.

The allegations contained in Paragraphs 33 through 39 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

5

40.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 Plaintiffs' Complaint, and thus can neither admit nor deny the same.

41 - 42.

The allegations contained in Paragraphs 41 and 42 of Plaintiffs' Complaint are admitted.

43.

The allegations contained in Paragraph 43 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

44.

The allegations contained in Paragraph 44 of Plaintiffs' Complaint are denied.

45 - 46.

The allegations contained in Paragraphs 45 and 46 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

47.

The allegations contained in Paragraph 47 of Plaintiffs' Complaint are denied.

48.

The allegations contained in Paragraph 48 of Plaintiffs' Complaint are admitted.

49.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 Plaintiffs' Complaint, and thus can neither admit nor deny the same.

50 - 51.

The allegations contained in Paragraphs 50 and 51 of Plaintiffs' Complaint are admitted.

52 - 53.

The allegations contained in Paragraphs 52 and 53 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

54 - 55.

The allegations contained in Paragraphs 54 and 55 of Plaintiffs' Complaint are denied.

56 - 59.

The allegations contained in Paragraphs 56 through 59 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

60 - 61.

The allegations contained in Paragraphs 60 and 61 of Plaintiffs' Complaint are admitted.

62 - 63.

The allegations contained in Paragraphs 62 and 63 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

64 - 65.

The allegations contained in Paragraphs 64 and 65 of Plaintiffs' Complaint are denied.

66 - 67.

The allegations contained in Paragraphs 66 through 67 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

68.

The allegations contained in Paragraph 68 of Plaintiffs' Complaint are denied.

69.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 Plaintiffs' Complaint, and thus can neither admit nor deny the same.

70 – 73.

The allegations contained in Paragraphs 70 and 73 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

74 - 75.

The allegations contained in Paragraphs 74 and 75 of Plaintiffs' Complaint are denied.

76 - 77.

The allegations contained in Paragraphs 76 through 77 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

78.

8

The allegations contained in Paragraph 78 of Plaintiffs' Complaint are denied.

79.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 Plaintiffs' Complaint, and thus can neither admit nor deny the same.

80 - 82.

The allegations contained in Paragraphs 80 through 82 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

83 – 84.

The allegations contained in Paragraphs 83 and 84 of Plaintiffs' Complaint are denied.

85 - 86.

The allegations contained in Paragraphs 85 through 86 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

87 - 88.

The allegations contained in Paragraphs 87 and 88 of Plaintiffs' Complaint are denied.

89 - 92.

The allegations contained in Paragraphs 89 through 92 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

93 - 94.

9

The allegations contained in Paragraphs 93 and 94 of Plaintiffs' Complaint are denied.

95 - 96.

The allegations contained in Paragraphs 95 through 96 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

97.

The allegations contained in Paragraph 97 of Plaintiffs' Complaint are denied.

98.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 Plaintiffs' Complaint, and thus can neither admit nor deny the same.

99 - 101.

The allegations contained in Paragraphs 99 through 101 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

102 - 103.

The allegations contained in Paragraphs 102 and 103 of Plaintiffs' Complaint are denied.

104 - 105.

The allegations contained in Paragraphs 104 through 105 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

106.

10

The allegations contained in Paragraph 106 of Plaintiffs' Complaint are denied.

107.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 Plaintiffs' Complaint, and thus can neither admit nor deny the same.

108 - 112.

The allegations contained in Paragraphs 108 through 112 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

113.

The allegations contained in Paragraph 113 of Plaintiffs' Complaint are denied.

114 - 115.

The allegations contained in Paragraphs 114 and 115 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

116.

The allegations contained in Paragraph 116 of Plaintiffs' Complaint are denied.

117.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

118 - 121.

11

The allegations contained in Paragraphs 118 through 121 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

122 - 123.

The allegations contained in Paragraphs 122 and 123 of Plaintiffs' Complaint are denied.

124 - 125.

The allegations contained in Paragraphs 124 through 125 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

126.

The allegations contained in Paragraph 126 of Plaintiffs' Complaint are denied.

127.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

128 - 131.

The allegations contained in Paragraphs 128 through 131 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

132 - 133.

The allegations contained in Paragraphs 132 and 133 of Plaintiffs' Complaint are denied.

134 - 135.

12

The allegations contained in Paragraphs 134 through 135 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

136.

The allegations contained in Paragraph 136 of Plaintiffs' Complaint are denied.

137.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

138 - 141.

The allegations contained in Paragraphs 138 through 141 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

142 - 143.

The allegations contained in Paragraphs 142 and 143 of Plaintiffs' Complaint are denied.

144 - 145.

The allegations contained in Paragraphs 144 through 145 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

146.

The allegations contained in Paragraph 146 of Plaintiffs' Complaint are denied.

147.

13

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

148 - 152.

The allegations contained in Paragraphs 148 through 152 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

153.

The allegations contained in Paragraph 153 of Plaintiffs' Complaint are denied.

154 - 155.

The allegations contained in Paragraphs 154 through 155 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

156.

The allegations contained in Paragraph 156 of Plaintiffs' Complaint are denied.

157.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

158 - 160.

14

The allegations contained in Paragraphs 158 through 160 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

161 - 162.

The allegations contained in Paragraphs 161 and 162 of Plaintiffs' Complaint are denied.

163 - 164.

The allegations contained in Paragraphs 163 through 164 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

165.

The allegations contained in Paragraph 165 of Plaintiffs' Complaint are denied.

166.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

167 - 170.

The allegations contained in Paragraphs 167 through 170 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

171 - 172.

The allegations contained in Paragraphs 171 and 172 of Plaintiffs' Complaint are denied.

173 - 174.

15

The allegations contained in Paragraphs 173 through 174 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

175.

The allegations contained in Paragraph 175 of Plaintiffs' Complaint are denied.

176.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

177 - 180.

The allegations contained in Paragraphs 177 through 180 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

181 - 182.

The allegations contained in Paragraphs 181 and 182 of Plaintiffs' Complaint are denied.

183 - 184.

The allegations contained in Paragraphs 183 through 184 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

185.

The allegations contained in Paragraph 185 of Plaintiffs' Complaint are denied.

186.

16

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

187 - 190.

The allegations contained in Paragraphs 187 through 190 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

191 - 192.

The allegations contained in Paragraphs 191 and 192 of Plaintiffs' Complaint are denied.

193 - 194.

The allegations contained in Paragraphs 193 through 194 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

195.

The allegations contained in Paragraph 195 of Plaintiffs' Complaint are denied.

196.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

197 - 200.

17

The allegations contained in Paragraphs 197 through 200 of Plaintiffs' Complaint refer to information contained within written documents or records, which speak for themselves, and the State Defendants deny any allegations inconsistent therewith.

201 - 213.

The allegations contained in Paragraphs 201 through 213 of Plaintiffs' Complaint are denied.

214.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

215 - 247.

The allegations contained in Paragraphs 215 through 247 of Plaintiffs' Complaint are admitted.

248 - 249.

The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 248 and 249 of Plaintiffs' Complaint, and thus can neither admit nor deny the same.

250.

The allegations contained in Paragraph 250 of Plaintiffs' Complaint are denied to the extent that this action is barred by sovereign immunity.

251 - 252.

18

The allegations contained in Paragraphs 251 through 252 of Plaintiffs' Complaint are denied.

253.

The State Defendants incorporate their responses to Paragraphs 1 through 252 above, as if restated in full and set forth specifically herein.

254.

The Georgia Tort Claims Act, being a written document, shall speak for itself.

255 – 257.

In response to the allegations contained in Paragraphs 255 through 257 of Plaintiffs' Complaint, the State Defendants show that their duties are as provided by Georgia and federal law and cannot be altered or expanded by Plaintiffs' allegations, and the State Defendants deny any allegations that they breached any applicable duty, negligence, and proximate cause.

258 - 261.

The allegations contained in Paragraphs 258 through 261 of Plaintiffs' Complaint are denied.

262.

The State Defendants incorporate their responses to Paragraphs 1 through 261 above, as if restated in full and set forth specifically herein.

263 – 264.

In response to the allegations contained in Paragraphs 263 through 264 of Plaintiffs' Complaint, the State Defendants show that their duties are as provided by Georgia and federal

19

law and cannot be altered or expanded by Plaintiffs' allegations, and the State Defendants deny any allegations that they breached any applicable duty, negligence, and proximate cause.

265 - 271.

The allegations contained in Paragraphs 265 through 271 of Plaintiffs' Complaint are denied.

The State Defendants deny any and all other allegations in the Complaint not referred to herein specifically, deny all prayers of the Complaint, and deny that the Plaintiffs are entitled to recover against the State Defendants in this case.

THE STATE DEFENDANTS DEMAND A TRIAL BY A TWELVE (12) PERSON JURY ON ANY ISSUE OF FACT NOT CAPABLE OF RESOLUTION AS A MATTER OF LAW.

WHEREFORE, having fully responded to the allegations of Plaintiff's Complaint, Defendants pray that it be dismissed with costs taxed to the Plaintiff.

Respectfully submitted this 18th day of December, 2024.

CHRISTOPHER M. CARR        112505
Attorney General

LORETTA L. PINKSTON-POPE   580385
Deputy Attorney General

LAURA LONES
Senior Assistant Attorney General

_s/ Ron Boyter_____

20

RONALD S. BOYTER, JR.        073553
Senior Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Ron Boyter
Sr. Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia  30334-1300
Telephone:  (404) 458-3695
rboyter@law.ga.gov

21

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served this **STATE DEFENDANTS' ANSWER**

**TO PLAINTIFF'S COMPLAINT** on Plaintiff through the Courts efile system on the

following:

Eric S. Fredrickson
Matthew S. Harman
3957 Roswell Road NE
Atlanta, Georgia 30342
efredrickson@harmanlaw.com
mharman@harmanlaw.com

Submitted this 18th day of December, 2024.

s/ Ron Boyter

Ronald S. Boyter, Jr.          073553
Senior Assistant Attorney General

≡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| v. | **Jury Trial Demanded** |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, | |
| Defendants. | |

Plaintiff, Reginald Jacobs, Sr., individually and on behalf of the Estate of Reginald

Jacobs, Jr., files this complaint against defendants Georgia Department of Corrections, Trevonza

Bobbitt, Tracey Scott, Jennifer Craft, Jerry Jefferson, Delvin Peoples, Dawn Hudson, James

Hall, Martin Jones, Willie Jackson, Miranda Footman-McIntyre, Damita Thomas, Kelly Cooper,

Becky Weathersby, Tony Ward, Shandoria George, Megan Williams, Derrical Bell, Stacy

1

Randle, Maylsia Telfair, Barbara Williams, Quantayshia Allen, Curtis Marner, Symone Alexander, Nicholas Brown, Jamecia Mike, Shiquita Brown, Kajuan Robinson, Angela Spann, Quashayla Jones, and Randall Madison ("Defendants") and alleges as follows:

## FACTUAL BACKGROUND

I. **The Georgia Department of Corrections' Policies and Customs Resulting in Negligence and Deliberate Indifference to Serious Medical Needs**

1. For at least several years the Georgia Department of Corrections ("GDC") has been experiencing an ongoing and worsening staffing crisis.

2. Since 2019, the vacancy rate for security positions has steadily increased from approximately 20 percent in 2019 to over 50 percent currently.

3. Many GDC facilities have approximately 70 percent of security positions vacant.

4. In particular, at the beginning of 2021, Calhoun State Prison ("CSP") had a security position vacancy rate of 51 percent, with 89 of 173 security positions unoccupied.

5. At the beginning of 2022, CSP had a security vacancy rate of 53 percent, with 89 of 168 security positions unoccupied.

6. At the beginning of 2023, CSP had a security vacancy rate of 57 percent, with 93 of 162 security positions unoccupied.

7. Due to understaffing, inadequate training, and lack of supervision and discipline, GDC correctional officers engage in a routine, widespread custom of failing to conduct regular safety observations and rounds of the inmates entrusted to their protection.

8. It is widely known that GDC correctional officers routinely falsify door charts and observation logs intended to document inmate safety observations and rounds.

2

9.      An audit of CSP conducted from November 30, 2022 through December 2, 2022 found that CSP personnel were not conducting 30-minute segregation rounds in violation of GDC policy.

10.      A report of this audit was provided to CSP leadership, including CSP Warden Trevonza Bobbitt and Deputy Warden Tracey Scott.

## II.      Reginald Jacobs, Jr.'s Death

11.      During the time preceding and until his death on February 5, 2023, Reginald Jacobs, Jr. was an inmate in the custody of the Georgia Department of Corrections ("GDC") at Calhoun State Prison ("CSP").

12.      Reginald was housed in solitary confinement, or "segregation" in CSP's J Building from at least December 21, 2021, through his death on February 5, 2023.

13.      J Building requires five correctional officers on duty at all times, one officer in each of the building's four dormitories, and one officer in the building's control booth.

14.      These five posts are "priority one posts."  GDC policy requires that all priority one posts be staffed at all times, 24 hours per day, without exception.

15.      In the event that a priority one post is not staffed, GDC policy requires the shift supervisor to call in additional personnel to fill the post immediately.

16.      CSP operates with two 12-hour work shifts, a first shift and a second shift, to provide 24-hour staffing.

17.      An inmate in segregation has no ability to acquire food, medical assistance, other basic necessities, or request assistance for any issue unless prison personnel enter the housing unit and approach the inmate's cell.

3

18.     Accordingly, pursuant to GDC standard operating procedures, industry standards, and ordinary care, prison personnel must conduct "segregation rounds" in which they observe inmates in segregation to confirm their well-being and safety at least every 30 minutes, 24 hours per day.

19.     In the event a housing unit does not have sufficient staff to conduct the required 30-minute segregation rounds, GDC policy requires that the Shift Supervisor and Assistant Shift Supervisor(s) assist in the building to ensure the rounds are completed.

20.     In addition to 30-minute segregation rounds, GDC standard operating procedures, industry standards, and ordinary care require monitoring of the segregation unit at CSP by supervisors as follows:

a.     The Shift Supervisor must conduct rounds in the segregation unit at least once per shift;

b.     The Chief of Security must conduct rounds in the segregation unit at least once per day;

c.     A Deputy Warden must conduct rounds in the segregation unit at least once per day; and

d.     The Warden must conduct rounds in the segregation unit at least twice per week.

21.     During these visits, the supervisors are required to observe and evaluate conditions of confinement and talk with confined offenders.

22.     All rounds in the segregation unit must be documented on a Segregation/Isolation Checklist.  Wardens and supervisors must document their visits in red ink.  Corrections Officers' rounds must be documented in black ink.

4

23.     Pursuant to GDC standard operating procedures, industry standards, and ordinary care, inmates in segregation must be provided access to showers outside of their cells three times per week.

24.     Pursuant to GDC standard operating procedures, industry standards, and ordinary care, inmates in segregation must be provided the opportunity for exercise outside of their cells one hour per day, five days per week.

25.     On approximately January 27, 2023, GDC employee Doe Defendant 1 disabled the water supply to Reginald's cell.

26.     Pursuant to GDC standard operating procedures, industry standards, and ordinary care, when prison personnel disable water to an inmate's cell:

a.      All Corrections Officers working in the inmate's housing unit are notified;

b.      All prison supervisors including the Warden, Deputy Wardens, and shift supervisors are notified;

c.      Medical personnel are notified;

d.      The inmate must be continually and closely monitored; and

e.      The inmate must be provided sufficient drinking water from another source to maintain adequate hydration until the water supply to the inmate's cell is restored.

27.     Between the period of approximately January 28, 2023 through Reginald's death on February 5, 2023, no 30-minute segregation rounds were performed in CSP's J Building.

28.     Between the period of approximately January 28, 2023 through Reginald's death on February 5, 2023, no supervisor visits were performed in CSP's J Building.

5

29.     Between the period of approximately January 28, 2023 through Reginald's death on February 5, 2023, Reginald was not provided with sufficient drinking water to maintain adequate hydration.

30.     Between the period of approximately January 28, 2023 through Reginald's death on February 5, 2023, Reginald was not provided access to showers a single time.

31.     Between the period of approximately January 28, 2023 through Reginald's death on February 5, 2023, Reginald was not provided an opportunity for exercise outside of his cell a single time.

32.     On February 5, 2023, Reginald was discovered dead in his cell at approximately 12:15 p.m.

33.     The Calhoun County Coroner arrived at approximately 2:00 p.m.

34.     The coroner estimated that Reginald had been dead in his cell for seven to eight hours.

35.     The coroner observed that Reginald's cell was a mess, his mattress was torn up all over the floor, there were multiple food trays all thrown all over the cell, and the cell was "awful."

36.     During the autopsy, the medical examiner determined that Reginald died of dehydration.

## III.   The GDC Personnel Responsible for Reginald Jacobs, Jr.'s Death

37.     For the first shift on January 28, 2023, Sergeant Stacy Randle and Corrections Officer Jamecia Mike were assigned to J Building.

38.     Three of the five posts in J Building were not staffed during the first shift on January 28, 2023.

6

39.     Sgt. Randle and Officer Mike did not perform 30-minute segregation rounds during the first shift on January 28, 2023.

40.     Sgt. Randle and Officer Mike did not provide drinking water to Reginald during the first shift on January 28, 2023.

41.     Sgt. Randle and Officer Mike did not provide Reginald access to showers during the first shift on January 28, 2023.

42.     Sgt. Randle and Officer Mike did not provide Reginald the opportunity for exercise outside of his cell during the first shift on January 28, 2023.

43.     The Shift Supervisor for the first shift on January 28, 2023, was Unit Manager Martin Jones.

44.     Unit Manager Martin Jones did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on January 28, 2023.

45.     Unit Manager Martin Jones did not take any steps to provide assistance to enable Sgt. Randle and Officer Mike to conduct 30-minute segregation rounds, showers, or exercise during the first shift on January 28, 2023.

46.     For the second shift on January 28, 2023, Sergeant Shandoria George and Corrections Officer Shiquita Brown were assigned to J Building.  Sgt. George was simultaneously assigned the role of Assistant Shift Supervisor.

47.     Three of the five posts in J Building were not staffed during the second shift on January 28, 2022.

48.     Sgt. George and Officer Brown did not perform 30-minute segregation rounds during the second shift on January 28, 2023.

7

49.    Sgt. George and Officer Brown did not provide drinking water to Reginald during the second shift on January 28, 2023.

50.    Sgt. George and Officer Brown did not provide Reginald access to showers during the second shift on January 28, 2023.

51.    Sgt. George and Officer Brown did not provide Reginald the opportunity for exercise outside of his cell during the second shift on January 28, 2023.

52.    The Shift Supervisor for the second shift on January 28, 2023, was Unit Manager James Hall.

53.    In addition to Sgt. George, Sergeant Megan Williams was an Assistant Shift Supervisor for the second shift on January 28, 2023.

54.    Unit Manager Hall did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on January 28, 2023.

55.    Unit Manager Hall and Sgt. Megan Williams did not take any steps to provide assistance to enable Sgt. George and Officer Brown to conduct 30-minute segregation rounds, showers, or exercise during the second shift on January 28, 2023.

56.    For the first shift on January 29, 2023, Sergeant Stacy Randle and Corrections Officer Jamecia Mike were assigned to J Building.

57.    Three of the five posts in J Building were not staffed during the first shift on January 29, 2023.

58.    Sgt. Randle and Officer Mike did not perform 30-minute segregation rounds during the first shift on January 29, 2023.

59.    Sgt. Randle and Officer Mike did not provide drinking water to Reginald during the first shift on January 29, 2023.

8

60.    Sgt. Randle and Officer Mike did not provide Reginald access to showers during the first shift on January 29, 2023.

61.    Sgt. Randle and Officer Mike did not provide Reginald the opportunity for exercise outside of his cell during the first shift on January 29, 2023.

62.    The Shift Supervisor for the first shift on January 29, 2023, was Unit Manager Martin Jones.

63.    The Assistant Shift Supervisors for the first shift on January 29, 2023, were Corrections Officers Kajuan Robinson and Angela Spann.

64.    Unit Manager Jones did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on January 29, 2023.

65.    Unit Manager Jones, Officer Robinson, and Officer Spann did not take any steps to provide assistance to enable Sgt. Randle and Officer Mike to conduct 30-minute segregation rounds, showers, or exercise during the first shift on January 29, 2023.

66.    For the second shift on January 29, 2023, Sergeant Shandoria George and Sergeant Derrical Bell were assigned to J Building.  Sgt. George was simultaneously assigned the role of Assistant Shift Supervisor, and Sgt. Bell was simultaneously assigned the role of Assistant Shift Supervisor.

67.    Three of the five posts in J Building were not staffed during the second shift on January 29, 2022.

68.    Sgt. George and Sgt. Bell did not perform 30-minute segregation rounds during the second shift on January 29, 2023.

69.    Sgt. George and Sgt. Bell did not provide drinking water to Reginald during the second shift on January 29, 2023.

9

70.     Sgt. George and Sgt. Bell did not provide Reginald access to showers during the second shift on January 29, 2023.

71.     Sgt. George and Sgt. Bell did not provide Reginald the opportunity for exercise outside of his cell during the second shift on January 29, 2023.

72.     The Shift Supervisor for the second shift on January 29, 2023, was Lieutenant Barbara Williams.

73.     Sgt. Megan Williams was also an Assistant Shift Supervisor for the second shift on January 29, 2023.

74.     Lt. Barbara Williams did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on January 29, 2023.

75.     Lt. Barbara Williams and Sgt. Megan Williams did not take any steps to provide assistance to enable Sgt. George and Sgt. Bell to conduct 30-minute segregation rounds, showers, or exercise during the second shift on January 29, 2023.

76.     For the first shift on January 30, 2023, Corrections Officer Quantayshia Allen and Corrections Officer Curtis Marner were assigned to J Building.

77.     Three of the five posts in J Building were not staffed during the first shift on January 30, 2023.

78.     Officers Allen and Marner did not perform 30-minute segregation rounds during the first shift on January 30, 2023.

79.     Officers Allen and Marner did not provide drinking water to Reginald during the first shift on January 30, 2023.

80.     Officers Allen and Marner did not provide Reginald access to showers during the first shift on January 30, 2023.

10

81.     Officers Allen and Marner did not provide Reginald the opportunity for exercise outside of his cell during the first shift on January 30, 2023.

82.     The Shift Supervisor for the first shift on January 30, 2023, was Captain Dawn Hudson.

83.     Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on January 30, 2023.

84.     Captain Hudson did not take any steps to provide assistance to enable Officers Allen and Marner to conduct 30-minute segregation rounds, showers, or exercise during the first shift on January 30, 2023.

85.     For the second shift on January 30, 2023, Corrections Officer Malik Crankfield and Corrections Officer Symone Alexander were assigned to J Building.

86.     Three of the five posts in J Building were not staffed during the second shift on January 30, 2022.

87.     Officers Crankfield and Alexander did not perform 30-minute segregation rounds during the second shift on January 30, 2023.

88.     Officers Crankfield and Alexander did not provide drinking water to Reginald during the second shift on January 30, 2023.

89.     Officers Crankfield and Alexander did not provide Reginald access to showers during the second shift on January 30, 2023.

90.     Officers Crankfield and Alexander did not provide Reginald the opportunity for exercise outside of his cell during the second shift on January 30, 2023.

91.     The Shift Supervisor for the second shift on January 30, 2023, was Lieutenant Maylsia Telfair.

11

92.     The Assistant Shift Supervisors for the second shift on January 30, 2023 were Sergeant Becky Weathersby and Sergeant Kelly Cooper.

93.     Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on January 30, 2023.

94.     Lt. Telfair, Sgt. Weathersby, and Sgt. Cooper did not take any steps to provide assistance to enable Officers Crankfield and Alexander to conduct 30-minute segregation rounds, showers, or exercise during the second shift on January 30, 2023.

95.     For the first shift on January 31, 2023, Officer Marner and Sergeant Tony Ward were assigned to J Building.

96.     Three of the five posts in J Building were not staffed during the first shift on January 31, 2023.

97.     Officer Marner and Sgt. Ward did not perform 30-minute segregation rounds during the first shift on January 31, 2023.

98.     Officer Marner and Sgt. Ward did not provide drinking water to Reginald during the first shift on January 31, 2023.

99.     Officer Marner and Sgt. Ward did not provide Reginald access to showers during the first shift on January 31, 2023.

100.     Officer Marner and Sgt. Ward did not provide Reginald the opportunity for exercise outside of his cell during the first shift on January 31, 2023.

101.     The Shift Supervisor for the first shift on January 31, 2023, was Lt. Telfair.

102.     Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on January 31, 2023.

12

103.    Lt. Telfair did not take any steps to provide assistance to enable Officer Marner and Sgt. Ward to conduct 30-minute segregation rounds, showers, or exercise during the first shift on January 31, 2023.

104.    For the second shift on January 31, 2023, Corrections Officer Malik Crankfield and Corrections Officer Symone Alexander were assigned to J Building.

105.    Three of the five posts in J Building were not staffed during the second shift on January 31, 2022.

106.    Officers Crankfield and Alexander did not perform 30-minute segregation rounds during the second shift on January 31, 2023.

107.    Officers Crankfield and Alexander did not provide drinking water to Reginald during the second shift on January 31, 2023.

108.    Officers Crankfield and Alexander did not provide Reginald access to showers during the second shift on January 31, 2023.

109.    Officers Crankfield and Alexander did not provide Reginald the opportunity for exercise outside of his cell during the second shift on January 31, 2023.

110.    The Shift Supervisor for the second shift on January 31, 2023, was Lt. Telfair.

111.    The Assistant Shift Supervisors for the second shift on January 31, 2023 were Sgt. Weathersby and Sgt. Cooper.

112.    Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on January 31, 2023.

113.    Lt. Telfair, Sgt. Weathersby, and Sgt. Cooper did not take any steps to provide assistance to enable Officers Crankfield and Alexander to conduct 30-minute segregation rounds, showers, or exercise during the second shift on January 31, 2023.

13

114.    For the first shift on February 1, 2023, Corrections Officer Quashayla Jones and Corrections Officer Randall Madison were assigned to J Building.

115.    Three of the five posts in J Building were not staffed during the first shift on February 1, 2023.

116.    Officer Quashayla Jones and Officer Madison did not perform 30-minute segregation rounds during the first shift on February 1, 2023.

117.    Officer Quashayla Jones and Officer Madison did not provide drinking water to Reginald during the first shift on February 1, 2023.

118.    Officer Quashayla Jones and Officer Madison did not provide Reginald access to showers during the first shift on February 1, 2023.

119.    Officer Quashayla Jones and Officer Madison did not provide Reginald the opportunity for exercise outside of his cell during the first shift on February 1, 2023.

120.    The Shift Supervisor for the first shift on February 1, 2023, was Captain Hudson.

121.    The Assistant Shift Supervisors for the first shift on February 1, 2023, were Sergeant Miranda Footman-McIntyre and Sergeant Damita Thomas.

122.    Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 1, 2023.

123.    Captain Hudson, Sgt. Footman-McIntyre, and Sgt. Thomas did not take any steps to provide assistance to enable Officer Quashayla Jones and Officer Madison to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 1, 2023.

124.    For the second shift on February 1, 2023, Sergeant Shandoria George and Sergeant Derrical Bell were assigned to J Building.  Sgt. George was simultaneously assigned

14

the role of Assistant Shift Supervisor, and Sgt. Bell was simultaneously assigned the role of Assistant Shift Supervisor.

125.    Three of the five posts in J Building were not staffed during the second shift on February 1, 2022.

126.    Sgt. George and Sgt. Bell did not perform 30-minute segregation rounds during the second shift on February 1, 2023.

127.    Sgt. George and Sgt. Bell did not provide drinking water to Reginald during the second shift on February 1, 2023.

128.    Sgt. George and Sgt. Bell did not provide Reginald access to showers during the second shift on February 1, 2023.

129.    Sgt. George and Sgt. Bell did not provide Reginald the opportunity for exercise outside of his cell during the second shift on February 1, 2023.

130.    The Shift Supervisor for the second shift on February 1, 2023, was Lieutenant Barbara Williams.

131.    Sgt. Megan Williams was also an Assistant Shift Supervisor for the second shift on February 1, 2023.

132.    Lt. Barbara Williams did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on February 1, 2023.

133.    Lt. Barbara Williams and Sgt. Megan Williams did not take any steps to provide assistance to enable Sgt. George and Sgt. Bell to conduct 30-minute segregation rounds, showers, or exercise during the second shift on February 1, 2023.

134.    For the first shift on February 2, 2023, Corrections Officer Quashayla Jones and Corrections Officer Randall Madison were assigned to J Building.

15

135.    Three of the five posts in J Building were not staffed during the first shift on February 1, 2023.

136.    Officer Quashayla Jones and Officer Madison did not perform 30-minute segregation rounds during the first shift on February 2, 2023.

137.    Officer Quashayla Jones and Officer Madison did not provide drinking water to Reginald during the first shift on February 2, 2023.

138.    Officer Quashayla Jones and Officer Madison did not provide Reginald access to showers during the first shift on February 2, 2023.

139.    Officer Quashayla Jones and Officer Madison did not provide Reginald the opportunity for exercise outside of his cell during the first shift on February 2, 2023.

140.    The Shift Supervisor for the first shift on February 2, 2023, was Captain Hudson.

141.    The Assistant Shift Supervisors for the first shift on February 2, 2023, were Sergeant Miranda Footman-McIntyre and Sergeant Damita Thomas.

142.    Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 2, 2023.

143.    Captain Hudson, Sgt. Footman-McIntyre, and Sgt. Thomas did not take any steps to provide assistance to enable Officer Quashayla Jones and Officer Madison to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 2, 2023.

144.    For the second shift on February 2, 2023, Sergeant Shandoria George and Sergeant Derrical Bell were assigned to J Building.  Sgt. George was simultaneously assigned the role of Assistant Shift Supervisor, and Sgt. Bell was simultaneously assigned the role of Assistant Shift Supervisor.

16

145. Three of the five posts in J Building were not staffed during the second shift on February 2, 2022.

146. Sgt. George and Sgt. Bell did not perform 30-minute segregation rounds during the second shift on February 2, 2023.

147. Sgt. George and Sgt. Bell did not provide drinking water to Reginald during the second shift on February 2, 2022.

148. Sgt. George and Sgt. Bell did not provide Reginald access to showers during the second shift on February 2, 2022.

149. Sgt. George and Sgt. Bell did not provide Reginald the opportunity for exercise outside of his cell during the second shift on February 2, 2022.

150. The Shift Supervisor for the second shift on February 2, 2023, was Lieutenant Barbara Williams.

151. Sgt. Megan Williams was also an Assistant Shift Supervisor for the second shift on February 2, 2023.

152. Lt. Barbara Williams did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on February 2, 2023.

153. Lt. Barbara Williams and Sgt. Megan Williams did not take any steps to provide assistance to enable Sgt. George and Sgt. Bell to conduct 30-minute segregation rounds, showers, or exercise during the second shift on February 2, 2023.

154. For the first shift on February 3, 2023, Corrections Officer Quantayshia Allen and Corrections Officer Curtis Marner were assigned to J Building.

155. Three of the five posts in J Building were not staffed during the first shift on February 3, 2023.

17

156. Officers Allen and Marner did not perform 30-minute segregation rounds during the first shift on February 3, 2023.

157. Officers Allen and Marner did not provide drinking water to Reginald during the during the first shift on February 3, 2023.

158. Officers Allen and Marner did not provide Reginald access to showers during the during the first shift on February 3, 2023.

159. Officers Allen and Marner did not provide Reginald the opportunity for exercise outside of his cell during the during the first shift on February 3, 2023.

160. The Shift Supervisor for the first shift on February 3, 2023, was Captain Dawn Hudson.

161. Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 3, 2023.

162. Captain Hudson did not take any steps to provide assistance to enable Officers Allen and Marner to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 3, 2023.

163. For the second shift on February 3, 2023, Corrections Officer Symone Alexander and Corrections Officer Nicholas Brown were assigned to J Building.

164. Three of the five posts in J Building were not staffed during the second shift on February 3, 2022.

165. Officers Alexander and Brown did not perform 30-minute segregation rounds during the second shift on February 3, 2023.

166. Officers Alexander and Brown did not provide drinking water to Reginald during the second shift on February 3, 2023.

18

167.    Officers Alexander and Brown did not provide Reginald access to showers during the second shift on February 3, 2023.

168.    Officers Alexander and Brown did not provide Reginald the opportunity for exercise outside of his cell during the second shift on February 3, 2023.

169.    The Shift Supervisor for the second shift on February 3, 2023, was Lieutenant Maylsia Telfair.

170.    The Assistant Shift Supervisors for the second shift on February 3, 2023 were Sergeant Becky Weathersby and Sergeant Kelly Cooper.

171.    Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on February 3, 2023.

172.    Lt. Telfair, Sgt. Weathersby, and Sgt. Cooper did not take any steps to provide assistance to enable Officers Alexander and Brown to conduct 30-minute segregation rounds, showers, or exercise during the second shift on February 3, 2023.

173.    For the first shift on February 4, 2023, Corrections Officer Quantayshia Allen and Corrections Officer Curtis Marner were assigned to J Building.

174.    Three of the five posts in J Building were not staffed during the first shift on February 4, 2023.

175.    Officers Allen and Marner did not perform 30-minute segregation rounds during the first shift on February 4, 2023.

176.    Officers Allen and Marner did not provide drinking water to Reginald during the first shift on February 4, 2023.

177.    Officers Allen and Marner did not provide Reginald access to showers during the first shift on February 4, 2023.

19

178.    Officers Allen and Marner did not provide Reginald the opportunity for exercise outside of his cell during the first shift on February 4, 2023.

179.    The Shift Supervisor for the first shift on February 4, 2023, was Captain Dawn Hudson.

180.    The Assistant Shift Supervisor for the first shift on February 4, 2023 was Sergeant Willie Jackson.

181.    Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 4, 2023.

182.    Captain Hudson and Sgt. Jackson did not take any steps to provide assistance to enable Officers Allen and Marner to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 4, 2023.

183.    For the second shift on February 4, 2023, Corrections Officer Symone Alexander and Corrections Officer Nicholas Brown were assigned to J Building.

184.    Three of the five posts in J Building were not staffed during the second shift on February 4, 2022.

185.    Officers Alexander and Brown did not perform 30-minute segregation rounds during the second shift on February 4, 2023.

186.    Officers Alexander and Brown did not provide drinking water to Reginald during the second shift on February 4, 2023.

187.    Officers Alexander and Brown did not provide Reginald access to showers during the second shift on February 4, 2023.

188.    Officers Alexander and Brown did not provide Reginald the opportunity for exercise outside of his cell during the second shift on February 4, 2023.

20

189. The Shift Supervisor for the second shift on February 4, 2023, was Lieutenant Maylsia Telfair.

190. The Assistant Shift Supervisors for the second shift on February 4, 2023 were Sergeant Becky Weathersby and Sergeant Kelly Cooper.

191. Lt. Telfair did not take any steps to staff the three unstaffed priority one posts in J Building during the second shift on February 3, 2023.

192. Lt. Telfair, Sgt. Weathersby, and Sgt. Cooper did not take any steps to provide assistance to enable Officers Alexander and Brown to conduct 30-minute segregation rounds, showers, or exercise during the second shift on February 3, 2023.

193. For the first shift on February 5, 2023, Corrections Officer Quantayshia Allen and Corrections Officer Curtis Marner were assigned to J Building.

194. Three of the five posts in J Building were not staffed during the first shift on February 5, 2023.

195. Officers Allen and Marner did not perform 30-minute segregation rounds during the first shift on February 5, 2023.

196. Officers Allen and Marner did not provide drinking water to Reginald during the first shift on February 5, 2023.

197. Officers Allen and Marner did not provide Reginald access to showers during the first shift on February 5, 2023.

198. Officers Allen and Marner did not provide Reginald the opportunity for exercise outside of his cell during the first shift on February 5, 2023.

199. The Shift Supervisor for the first shift on February 5, 2023, was Captain Dawn Hudson.

21

200.    The Assistant Shift Supervisor for the first shift on February 5, 2023 was Sergeant Willie Jackson.

201.    Captain Hudson did not take any steps to staff the three unstaffed priority one posts in J Building during the first shift on February 5, 2023f.

202.    Captain Hudson and Sgt. Jackson did not take any steps to provide assistance to enable Officers Allen and Marner to conduct 30-minute segregation rounds, showers, or exercise during the first shift on February 5, 2023.

203.    Between the period of approximately January 28, 2023 and February 5, 2023, Captain Hudson, as the Chief of Security, did not conduct daily rounds in the segregation unit in which Reginald was confined.

204.    Between the period of approximately January 28, 2023 and February 5, 2023, Deputy Warden Tracey Scott did not conduct any rounds in the segregation unit in which Reginald was confined.

205.    Between the period of approximately January 28, 2023 and February 5, 2023, Deputy Warden Jennifer Craft did not conduct any rounds in the segregation unit in which Reginald was confined.

206.    Between the period of approximately January 28, 2023 and February 5, 2023, Deputy Warden Jerry Jefferson did not conduct any rounds in the segregation unit in which Reginald was confined.

207.    Between the period of approximately January 28, 2023 and February 5, 2023, Deputy Warden Delvin Peoples did not conduct any rounds in the segregation unit in which Reginald was confined.

208.    Between the period of approximately January 28, 2023 and February 5, 2023, Warden Trevonza Bobbitt did not conduct any rounds in the segregation unit in which Reginald was confined.

209.    Each of the Defendants had actual knowledge that Reginald was confined to segregation for an extended period.

210.    Each of the Defendants had actual knowledge that the water to Reginald's cell was disabled during the period from approximately January 27, 2023, through his death on February 5, 2023.

211.    Each of the Defendants had actual knowledge that failing to perform segregation rounds caused a substantial risk of serious harm to Reginald.

212.    Each of the Defendants had actual knowledge that Reginald was becoming dangerously dehydrated and that failing to provide Reginald with adequate drinking water caused a substantial risk of serious harm to Reginald.

213.    Each of the Defendants chose not to provide drinking water or re-enable the water supply to Reginald's cell.

## PARTIES

214.    Plaintiff, Reginald Jacobs, Sr., is a resident of the state of Georgia and the surviving father of Reginald Jacobs, Jr.

215.    Defendant Georgia Department of Corrections ("GDC") exists pursuant to O.C.G.A. § 42-2-4 and is charged with the duty and responsibility of administering correctional institutions of the State of Georgia under O.C.G.A. § 42-2-5.  Defendant GDC will be served with process through its Commissioner, Tyrone Oliver, located at 7 Martin Luther King Jr. Drive SW, Suite 543, Atlanta, GA 30334.  Process will also be served upon the Director of Risk

23

Management, Department of Administrative Services, located at 200 Piedmont Avenue, Suite 1220, Atlanta, GA 30334.

216.    Pursuant to O.C.G.A. § 50-21-35, a copy of Plaintiff's Complaint has been mailed via certified mail, with return receipt requested, to Attorney General Christopher Carr at 40 Capitol Square, SW, Atlanta, GA 30334.  A certificate attached as Exhibit 1 certifies that this Complaint shall be mailed in accordance with the statute.

217.    Plaintiff provided ante litem notice to GDC and the State of Georgia pursuant to O.C.G.A. § 50-21-26.  The ante litem notice and proof of receipt is attached as Exhibit 2.

218.    Defendant Trevonza Bobbitt is a resident of the State of Georgia. At all times relevant to this complaint, defendant Bobbitt was the Warden of Calhoun State Prison.  At all relevant times, defendant Bobbitt acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Bobbitt for damages in his individual capacity.

219.    Defendant Tracey Scott is a resident of the State of Georgia. At all times relevant to this complaint, defendant Scott was a Deputy Warden of Calhoun State Prison.  At all relevant times, defendant Scott acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Scott for damages in her individual capacity.

220.    Defendant Jennifer Craft is a resident of the State of Georgia. At all times relevant to this complaint, defendant Craft was a Deputy Warden of Calhoun State Prison.  At all relevant times, defendant Craft acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Craft for damages in her individual capacity.

24

221.    Defendant Jerry Jefferson is a resident of the State of Georgia. At all times relevant to this complaint, defendant Jefferson was a Deputy Warden of Calhoun State Prison. At all relevant times, defendant Jefferson acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Jefferson for damages in his individual capacity.

222.    Defendant Delvin Peoples is a resident of the State of Georgia. At all times relevant to this complaint, defendant Peoples was a Deputy Warden of Calhoun State Prison.  At all relevant times, defendant Peoples acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Peoples for damages in his individual capacity.

223.    Defendant Dawn Hudson is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Hudson was the Captain and Chief of Security at Calhoun State Prison.  At all relevant times, defendant Hudson acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Hudson for damages in her individual capacity.

224.    Defendant James Hall is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Hall was a Unit Manager and Shift Supervisor at Calhoun State Prison.  At all relevant times, defendant Hall acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues Defendant Hall for damages in his individual capacity.

225.    Defendant Martin Jones is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Martin Jones was a Unit Manager and Shift Supervisor at Calhoun State Prison.  At all relevant times, defendant Martin Jones acted under color of state law and

25

was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues Defendant Martin Jones for damages in his individual capacity.

226. Defendant Willie Jackson is a resident of the State of Georgia. At all times relevant to this complaint, defendant Jackson was a Sergeant at Calhoun State Prison. At all relevant times, defendant Jackson acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Jackson for damages in his individual capacity.

227. Defendant Miranda Footman-McIntyre is a resident of the State of Georgia. At all times relevant to this complaint, defendant Footman-McIntyre was a Sergeant at Calhoun State Prison. At all relevant times, defendant Footman-McIntyre acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Footman-McIntyre for damages in her individual capacity.

228. Defendant Damita Thomas is a resident of the State of Georgia. At all times relevant to this complaint, defendant Thomas was a Sergeant at Calhoun State Prison. At all relevant times, defendant Thomas acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Thomas for damages in her individual capacity.

229. Defendant Kelly Cooper is a resident of the State of Georgia. At all times relevant to this complaint, defendant Cooper was a Sergeant at Calhoun State Prison. At all relevant times, defendant Cooper acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison. Plaintiff sues defendant Cooper for damages in her individual capacity.

26

230.    Defendant Becky Weathersby is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Weathersby was a Sergeant at Calhoun State Prison.  At all relevant times, defendant Weathersby acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Weathersby for damages in her individual capacity.

231.    Defendant Tony Ward is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Ward was a Sergeant at Calhoun State Prison.  At all relevant times, defendant Ward acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Ward for damages in his individual capacity.

232.    Defendant Shandoria George is a resident of the State of Georgia.  At all times relevant to this complaint, defendant George was a Sergeant at Calhoun State Prison.  At all relevant times, defendant George acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant George for damages in her individual capacity.

233.    Defendant Megan Williams is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Megan Williams was a Sergeant at Calhoun State Prison.  At all relevant times, defendant Megan Williams acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Megan Williams for damages in her individual capacity.

234.    Defendant Derrical Bell is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Bell was a Sergeant at Calhoun State Prison.  At all relevant times, defendant Bell acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Bell for damages in his individual capacity.

27

235.    Defendant Stacy Randle is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Randle was a Sergeant at Calhoun State Prison.  At all relevant times, defendant Randle acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Randle for damages in her individual capacity.

236.    Defendant Maylsia Telfair is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Telfair was a Lieutenant at Calhoun State Prison.  At all relevant times, defendant Telfair acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Telfair for damages in her individual capacity.

237.    Defendant Barbara Williams is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Barbara Williams was a Lieutenant at Calhoun State Prison.  At all relevant times, defendant Barbara Williams acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Barbara Williams for damages in her individual capacity.

238.    Defendant Quantayshia Allen is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Allen was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Allen acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Allen for damages in her individual capacity.

239.    Defendant Curtis Marner is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Marner was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Marner acted under color of state law and was responsible for

the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Marner for damages in his individual capacity.

240.    Defendant Symone Alexander is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Alexander was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Alexander acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Alexander for damages in her individual capacity.

241.    Defendant Nicholas Brown is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Nicholas Brown was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Nicholas Brown acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Nicholas Brown for damages in his individual capacity.

242.    Defendant Jamecia Mike is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Mike was a Correctional Officer at Calhoun State Prison. At all relevant times, defendant Mike acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Mike for damages in her individual capacity.

243.    Defendant Shiquita Brown is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Shiquita Brown was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Shiquita Brown acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Shiquita Brown for damages in her individual capacity.

29

244.    Defendant Kajuan Robinson is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Robinson was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Robinson acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Robinson for damages in his individual capacity.

245.    Defendant Angela Spann is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Spann was a Correctional Officer at Calhoun State Prison. At all relevant times, defendant Spann acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Spann for damages in her individual capacity.

246.    Defendant Quashayla Jones is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Quashayla Jones was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Quashayla Jones acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Quashayla Jones for damages in her individual capacity.

247.    Defendant Randall Madison is a resident of the State of Georgia.  At all times relevant to this complaint, defendant Madison was a Correctional Officer at Calhoun State Prison.  At all relevant times, defendant Madison acted under color of state law and was responsible for the well-being of inmates in Calhoun State Prison.  Plaintiff sues defendant Madison for damages in his individual capacity.

248.    Doe Defendant 1 is the individual who disabled the water supply to Reginald's Cell.  Doe Defendant 1 had actual knowledge that Reginald was confined to segregation for an extended period, could not obtain drinking water from another source himself, and that disabling

30

his water supply caused a substantial risk of serious harm to Reginald.  The true identity of Doe Defendant 1 is unknown and unavailable to Plaintiff at the time of filing this complaint.

249.    Doe Defendants 2 through 20 are individuals employed at Calhoun State Prison in approximately January 27, 2023 through February 5, 2023 who knew that the water to Reginald's cell was disabled or that Reginald was suffering from dangerous dehydration, and failed to re-enable the water supply, provide water to Reginald, or ensure Reginald received medical attention.  Doe Defendants 2 through 20 knew that this conduct caused a substantial risk of serious harm to Reginald.  The true identities of Doe Defendants 2 through 20 are unknown and unavailable to Plaintiff at the time of filing this complaint.

## JURISDICTION AND VENUE

250.    The Court has jurisdiction over the subject matter of this action.

251.    The Court has jurisdiction over each defendant.

252.    Venue is proper pursuant to O.C.G.A. § 50-21-28 because one or more of the defendants reside in Muscogee County.

## CLAIMS FOR RELIEF

**Count I:    Negligence by Defendant Georgia Department of Corrections Pursuant to the Georgia Tort Claims Act**

253.    Plaintiff incorporates paragraphs 1 through 252 as if fully stated here.

254.    Sovereign immunity for negligence by Georgia government entities is waived by the Georgia Tort Claims Act.  *See* O.C.G.A. § 51-21-20 *et seq.*

255.    Defendant GDC—by and through its employees and agents—was responsible for the safety, security, and health of the inmates at Calhoun State Prison, including Reginald Jacobs, Jr.

31

256.    Defendant GDC is required by state law to provide inmates regular meals and reasonable access to water.

257.    Defendant GDC owed Reginald a duty to exercise reasonable care in providing safety, security, food, water, and access to medical care.

258.    Defendant GDC knew that Reginald was being held in solitary confinement, that the water supply to his cell was disabled or non-functional, and that he was reliant on GDC personnel to bring food and water to his cell.

259.    Defendant GDC knew that Calhoun State Prison, and particularly J Building in which Reginald was held was grossly understaffed such that they could not provide for the basic needs and safety of the inmates in the housing unit.

260.    Defendant GDC breached its duty to exercise reasonable care by, among other things:

a.    Failing to properly staff Calhoun State Prison and its J Building;

b.    Disabling the water to supply to Reginald's cell;

c.    Failing to supply Reginald with adequate drinking water from another source;

d.    Failing to conduct segregation rounds or otherwise take steps to ensure the well-being of Reginald while in segregation;

e.    Failing to provide Reginald exercise time outside of his cell;

f.    Failing to provide Reginald access to showers; and

g.    Failing to recognize Reginald's dehydration as his condition deteriorated and take appropriate steps.

32

261. As a direct and proximate result of Defendant GDC's negligence, Reginald Jacobs, Jr. experienced conscious pain and suffering and death.

**Count II:    Violation of Eighth and Fourteenth Amendments by Defendants Trevonza Bobbitt, Tracey Scott, Jennifer Craft, Jerry Jefferson, Delvin Peoples, Dawn Hudson, James Hall, Martin Jones, Willie Jackson, Miranda Footman-McIntyre, Damita Thomas, Kelly Cooper, Becky Weathersby, Tony Ward, Shandoria George, Megan Williams, Derrical Bell, Stacy Randle, Maylsia Telfair, Barbara Williams, Quantayshia Allen, Curtis Marner, Symone Alexander, Nicholas Brown, Jamecia Mike, Shiquita Brown, Kajuan Robinson, Angela Spann, Quashayla Jones, Randall Madison, and Doe Defendants 2 through 20 Pursuant to 42 U.S.C. § 1983**

262. Plaintiffs incorporate paragraphs 1 through 252 above as if fully stated here.

263. Defendants Trevonza Bobbitt, Tracey Scott, Jennifer Craft, Jerry Jefferson, Delvin Peoples, Dawn Hudson, James Hall, Martin Jones, Willie Jackson, Miranda Footman-McIntyre, Damita Thomas, Kelly Cooper, Becky Weathersby, Tony Ward, Shandoria George, Megan Williams, Derrical Bell, Stacy Randle, Maylsia Telfair, Barbara Williams, Quantayshia Allen, Curtis Marner, Symone Alexander, Nicholas Brown, Jamecia Mike, Shiquita Brown, Kajuan Robinson, Angela Spann, Quashayla Jones, and Randall Madison (the "Count II Defendants") were responsible for the safety, security, and well-being of inmates in J Building.

264. The Count II Defendants were specifically responsible for providing Reginald with food and access to adequate drinking water.

265. The Count II Defendants had actual knowledge that the water supply to Reginald's cell was disabled or non-functional during the period from January 28, 2023, through his death on February 5, 2023.

266. The Count II Defendants nonetheless failed to, among other things:

   a.    Provide adequate drinking water to Reginald;

   b.    Enable the water supply to Reginald's cell;

33

c.    Conduct rounds to observe Reginald's condition and ensure his well-being;

d.    Provide Reginald access to showers three times per week;

e.    Provide Reginald exercise outside of his cell five times per week; and

f.    Notify medical personnel that Reginald was becoming dehydrated, did not have access to water, and was deteriorating.

267.    The Count II Defendants knew that the above actions and inactions caused a substantial risk of serious harm to Reginald.

268.    As a direct and proximate result of The Count II Defendants' violations of Reginald's constitutional rights, Reginald experienced conscious pain and suffering and died.

**<u>PUNITIVE DAMAGES AND ATTORNEYS' FEES</u>**

269.    The Count II Defendants' conduct as described above shows willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care which is sufficient to establish that Defendants acted with conscious indifference to the consequences of their actions. Defendants acted with malice and/or reckless and callous indifference to Reginald's state and federal rights.  Accordingly, punitive damages should be imposed against the individual defendants pursuant to O.C.G.A. § 51-12-5.1 and other applicable laws to deter future violations of fundamental constitutional rights.

270.    The Count II Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense, which entitle Plaintiff to attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

271.    Plaintiff is entitled to costs and attorneys' fees from the Count II Defendants pursuant to 42 U.S.C. § 1988.

34

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that they have a trial before a jury on all issues and judgment against Defendants as follows

a.    An award of compensatory damages for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

b.    An award of punitive damages against the individual defendants;

c.    An award of reasonable costs and attorneys' fees; and

d.    Such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

**DATED**:  November 12, 2024.

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email:  mharman@harmanlaw.com
          efredrickson@harmanlaw.com

*Attorneys for Plaintiff*

35

# EXHIBIT 1

**Certificate of Compliance with O.C.G.A. § 50-21-35**

**<u>Certificate of Compliance with O.C.G.A. § 50-21-35</u>**

Pursuant to O.C.G.A. § 50-21 -35, I certify that a copy of Plaintiff's Complaint has been

mailed via certified mail, return receipt requested, to Attorney General Christopher Carr, Office

of the Attorney General, 40 Capitol Square, SW, Atlanta, Georgia 30334.

Dated:  November 12, 2024.


<u>/s/ Eric S. Fredrickson</u>
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA  30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email:  mharman@harmanlaw.com
         efrederickson@harmanlaw.com

***Attorneys for Plaintiff***

# EXHIBIT 2

**Ante Litem Notice**

# HARMAN
## LAW FIRM

Harman Law Firm LLC | Eric S. Fredrickson
3575 Piedmont Road | Tel:  404-554-0777
Building 15, Suite 1040 | Fax: 404-424-9370
Atlanta, GA  30305 | efredrickson@harmanlaw.com

December 19, 2023

**Sent Via Certified Mail/**
**Return Receipt Requested**
Risk Management Division
Georgia Department of Administrative Services
200 Piedmont Avenue SE
Suite 1804, West Tower
Atlanta, Georgia  30334

**Sent Via First Class U.S. Mail**
Calhoun State Prison
c/o Warden Trevonza Bobbitt
27823 W. Main Street
Morgan, GA  39866

**Sent Via First Class U.S. Mail**
Georgia Department of Corrections
c/o Tyrone Oliver, Commissioner
300 Patrol Road
Forsyth, Georgia  31029

**Re:**    **NOTICE OF CLAIMS UNDER GEORGIA TORT CLAIMS ACT –
ANTE LITEM**

**CLAIM:**   **Reginald Jacobs, Sr. and Sheeri Bussey, as the next of kin and
Personal Representative of the Estate of Reginald Jacobs, Jr., now
deceased, for Reginald Jacobs, Jr.'s wrongful death and personal
injuries**

Dear Sir/Madam:

Pursuant to O.C.G.A § 50-21-26, you are hereby notified of a claim against the State of
Georgia for the pain and suffering and wrongful death of Reginald Jacobs, Jr.  Please be advised
that Mr. Jacobs died on February 5, 2023 while in the custody of the State of Georgia.

In accordance with O.C.G.A § 50-21-26, please be advised of Reginald Jacobs, Jr.'s
death, Reginald Jacobs, Sr. and Sheeri Bussey's claim for the wrongful death of their son, the
Estate of Reginald Jacobs, Jr.'s survival action claim for pain and suffering and any other
recoverable damages.

To the extent of claimant's knowledge and belief as is practicable under the
circumstances, claimant provides notice of the following:

**A.**    **The name of the state government entity responsible for the acts or omissions
asserted as the basis of the claim:**

These claims are being asserted against the Georgia Department of Corrections.

December 19, 2023
Page 2 of 3

**B.      The time of the transaction or occurrence out of which the loss arose:**

These claims arise from Reginald Jacobs, Jr.'s death on February 5, 2023.

**C.      The place of the transaction or occurrence:**

The transactions and occurrences took place at Calhoun State Prison, 27823 Main Street, Morgan, Georgia 39866.

**D.      The nature of the loss sustained:**

Due to the Georgia Department of Corrections' wrongful acts and omissions, Reginald Jacobs, Jr. suffered severe physical and emotional pain and suffering, and ultimately death.

Reginald Jacobs' mother and father Reginald Jacobs, Sr. and Sheeri Bussey are entitled to recover for the wrongful death of their son.  The Estate of Reginald Jacobs, Jr. is entitled to recover for his pain and suffering, medical expenses, funeral and burial expenses, and all other damages allowable in a survival action.

**E.      The amount of the loss claimed:**

For the wrongful death of their son, Reginald Jacobs, Sr. and Sheeri Bussey are entitled to the full value of Reginald Jacob, Jr.'s life in the amount of no less than one million dollars ("$1,000,000.00").

The Estate of Reginald Jacobs, Jr. is entitled to no less than one million dollars ("$1,000,000.00") for Reginald Jacobs, Jr.'s personal injuries and pain and suffering, medical expenses, funeral and burial expenses, and all other damages allowable in a survival action.

**F.      The acts or omissions which caused the loss:**

The Georgia Department of Corrections, through its employees and agents, caused Reginald Jacobs, Jr. to be confined in conditions which deprived him of the minimal civilized measure of life's necessities.  Among other things, the Georgia Department of Corrections failed to provide Reginald Jacobs, Jr. sufficient access to nutritionally adequate food and fit to drink water.  The Georgia Department of Corrections further failed to provide Reginald Jacobs, Jr. minimally adequate and obviously necessary healthcare when he began to suffer from severe dehydration and eventually renal failure.  Enclosed for your reference is the death certificate indicating that Reginald died from dehydration and the coroner's report indicating that he had been dead for many hours before being discovered.

Thank you for your attention to this matter.  We look forward to hearing from you.

December 19, 2023
Page 3 of 3

Sincerely,

Eric S. Fredrickson

Enclosure

# GEORGIA DEATH CERTIFICATE

State File Number    2023GA000063933

| 1. DECEDENT'S LEGAL FULL NAME (First, Middle, Last) | | 1a. IF FEMALE, ENTER LAST NAME AT BIRTH | 2. SEX | 2a. DATE OF DEATH (Mo., Day, Year) |
|---|---|---|---|---|
| REGINALD JEROME JACOBS JR | | | MALE | ACTUAL DATE OF DEATH 02/06/2023 |

| 3. SOCIAL SECURITY NUMBER | 4a. AGE (Years) | 4b. UNDER 1 YEAR | | 4c. UNDER 1 DAY | | 5. DATE OF BIRTH (Mo., Day, Year) |
|---|---|---|---|---|---|---|
| | | Mos. | Days | Hours | Mins. | |
| 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 | 24 | | | | | 05/09/1998 |

| 6. BIRTHPLACE | 7a. RESIDENCE - STATE | 7b. COUNTY | 7c. CITY, TOWN |
|---|---|---|---|
| GEORGIA | GEORGIA | BIBB | MACON |

| 7d. STREET AND NUMBER | 7e. ZIP CODE | 7f. INSIDE CITY LIMITS? | 8. ARMED FORCES? |
|---|---|---|---|
| 1221 CREEKWOOD DRIVE APT E-1 | 31211 | YES | NO |

| 8a. USUAL OCCUPATION | 8b. KIND OF INDUSTRY OR BUSINESS |
|---|---|
| LABOR | JOB CORP |

| 9. MARITAL STATUS | 10. SPOUSE NAME | 11. FATHER'S FULL NAME (First, Middle, Last) |
|---|---|---|
| MARRIED | SALEATHA WHITE | REGINALD JEROME JACOBS SR |

| 12. MOTHER'S MAIDEN NAME (First, Middle, Last) | 13a. INFORMANT'S NAME (First, Middle, Last) | 13b. RELATIONSHIP TO DECEDENT |
|---|---|---|
| SHEERI BUSSEY | SHEERI BUSSEY | MOTHER |

| 13c. MAILING ADDRESS | 14. DECEDENT'S EDUCATION |
|---|---|
| 1221 CREEKWOOD DRIVE APT E-1 MACON GEORGIA 31211 | HIGH SCHOOL GRADUATE OR GED COMPLETED |

| 15. ORIGIN OF DECEDENT (Spanish/Hispanic/Latino) | 16. DECEDENT'S RACE (White, Black, American Indian, etc.) (Specify) |
|---|---|
| NO, NOT SPANISH/HISPANIC/LATINO | BLACK OR AFRICAN-AMERICAN |

| 17a. IF DEATH OCCURRED IN HOSPITAL | 17b. IF DEATH OCCURRED OTHER THAN HOSPITAL (Specify) |
|---|---|
| | CALOUN STATE PRISON |

| 18. HOSPITAL OR OTHER INSTITUTION NAME (If not in either give street and no.) | 19. CITY, TOWN or LOCATION OF DEATH | 20. COUNTY OF DEATH |
|---|---|---|
| 27823 W MAIN STREET | MORGAN | CALHOUN |

| 21. METHOD OF DISPOSITION (specify) | 22. PLACE OF DISPOSITION | 23. DISPOSITION DATE (Mo., Day, Year) |
|---|---|---|
| BURIAL | BIBB MT. ZION CEMETERY 3268 AVONDALE MILL ROAD GEORGIA 31216 | 02/21/2023 |

| 24a. EMBALMER'S NAME | 24b. EMBALMER LICENSE NO. | 25. FUNERAL HOME NAME |
|---|---|---|
| DEUNDRAY BENTLEY | 3912 | BENTLEY AND SONS FUNERAL HOME  MACON |

| 25a. FUNERAL HOME ADDRESS |
|---|
| 2714 MONTPELIER AVENUE MACON GEORGIA 31204 |

| 26a. SIGNATURE OF FUNERAL DIRECTOR | 26b. FUN. DIR. LICENSE NO | AMENDMENTS |
|---|---|---|
| JANICE BENTLEY | 3249 | |

| 27. DATE PRONOUNCED DEAD (Mo., Day, Year) | 28. HOUR PRONOUNCED DEAD |
|---|---|
| 02/06/2023 | 14:10 MILITARY |

| 29a. PRONOUNCER'S NAME | 29b. LICENSE NUMBER | 29c. DATE SIGNED |
|---|---|---|
| DARIEN D BROWN | | 02/06/2023 |

| 30. TIME OF DEATH | 31. WAS CASE REFERRED TO MEDICAL EXAMINER |
|---|---|
| 14:10 MILITARY | YES |

32. Part I. Enter the chain of events-diseases, injuries, or complications that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, Or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.

| | | | Approximate interval between onset and death |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | A. | DEHYDRATION WITH RENAL FAILURE | UNKNOWN |
| | | Due to, or as a consequence of | |
| | B. | | |
| | | Due to, or as a consequence of | |
| | C. | | |
| | | Due to, or as a consequence of | |
| | D. | | |

| Part II. Enter significant conditions contributing to death but not related to cause given in Part 1A. If female, indicate if pregnant or birth occurred within 90 days of death. | 33. WAS AUTOPSY PERFORMED? | 34. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? |
|---|---|---|
| | YES | YES |

| 35. TOBACCO USE CONTRIBUTED TO DEATH | 36. IF FEMALE (range 10-54) PREGNANT | 37. ACCIDENT, SUICIDE, HOMICIDE, UNDETERMINED (Specify) |
|---|---|---|
| UNKNOWN | NOT APPLICABLE | NATURAL |

| 38. DATE OF INJURY (Mo., Day, Year) | 39. TIME OF INJURY | 40. PLACE OF INJURY (Home, Farm, Street, Factory, Office, Etc.) (Specify) | 41. INJURY AT WORK? (Yes or No) |
|---|---|---|---|
| | | | |

| 42. LOCATION OF INJURY (Street, Apartment Number, City or Town, State, Zip, County) |
|---|
| |

| 43. DESCRIBE HOW INJURY OCCURRED | 44. IF TRANSPORTATION INJURY |
|---|---|
| | |

| 45. To the best of my knowledge death occurred at the time, date and place and due to the cause(s) stated. Medical Certifier (Name, Title, License No.) | 46. On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated. Medical Examiner/Coroner (Name, Title, License No.) |
|---|---|
| | /S/ DARIEN D BROWN CORONER |

| 45a. DATE SIGNED (Mo., Day, Year) | 45b. HOUR OF DEATH | 46a. DATE SIGNED (Mo., Day, Year) | 46b. HOUR OF DEATH |
|---|---|---|---|
| | | 09/19/2023 | 14:10 MILITARY |

| 47. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH |
|---|
| DARIEN D BROWN 28007 MAIN STREET MORGAN GEORGIA 39866 |

| 48. REGISTRAR (Signature) | /S/ CHRISTOPHER J HARRISON | 49. DATE FILED - REGISTRAR (Mo., Day, Year) |
|---|---|---|
| | | 09/19/2023 |

Form 3903 (Rev. 04/2012), GEORGIA DEPARTMENT OF PUBLIC HEALTH

Case 4:25-cv-00111-CDL Document 1-1 Filed 03/26/25 Page 132 of 343

## STATE OF GEORGIA

### CORONER'S DEATH INVESTIGATION REPORT

**CASE NUMBER:**

**NOTIFICATION DATE:** 2/5/23 **NOTIFICATION TIME:** 1:35 p.m.

**NOTIFIER'S AGENCY:** Calhoun Co. 911

**CITY INCIDENT OCCURRED:** Morgan, GA **COUNTY:** Calhoun County

**INVESTIGATING OFFICER & AGENCY:** Department of Corrections

### CONCERNING THE DECEDENT:

**FIRST, MIDDLE, LAST NAME:** Reginald Jerome Jacobs Jr.

**AGE:** 24 **RACE:** Blk. **SEX:** Male

**HOME ADDRESS, CITY, STATE, ZIP:**

**DATE OF BIRTH:** May 7, 1998 **SOCIAL SECURITY:** 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

**WHO PRONOUNCED DEATH:** Darien D. Brown (Coroner)

**DATE PRONOUNCED:** 2/5/23 **TIME PRONOUNCED:** 2:10 p.m.

**TYPE OF DEATH:** Unknown

**NO** **DEATH WITNESSED** | **Person found dead by:** Prison Staff

**ADDRESS WHERE DEATH OCCURRED:** 27823 Main St. Morgan, GA. 39866

**DATE/TIME BODY FOUND:** 2/5/23 Not sure what time he was found

**DESCRIPTION OF CIRCUMSTANCES:**

**PERSONAL DOCTOR'S NAME/PHONE#:** Don't Know

**KNOWN MEDICATIONS:** Don't Know

**KNOWN ILLNESSES:** Don't Know

**COMPLAINTS:**

**PERSON SIGNING DEATH CERTIFICATE:** Darien D. Brown Coroner

**CAUSE OF DEATH LISTED ON D/C:**

1 of 3

## MANNER OF DEATH LISTED ON D/C:

Homicide: ☐   Suicide: ☐   Accidental: ☐   Natural Causes: ☐   Undetermined: ☐   Pending: ☑

## COMPLETE IF DECEDENT SUSTAINED INJURIES:

DATE/TIME OF INJURY: Not Sure

ADDRESS OF INJURY: 27823 Main St. Morgan, GA 39866

## HOW INJURY OCCURRED:

Gunshot: ☐   Sharp Force: ☐   Blunt Force: ☐   Asphyxiated: ☐   Other: ☑

## COMPLETE IF DECEDENT WAS FOUND DEAD:

DATE/TIME LAST KNOWN ALIVE: Don't know

## COMPLETE IF CORONER ACCEPTS JURISDICTION:

WAS CORONER ON SCENE?   YES: ☑   NO: ☐   BODY IDENTIFIED BY WHOM:

TRANSPORT BY: POteat-Wakefield Funeral Directors

MEDICAL EXAMINER NAME:

DATE/TIME NOTIFIED   2-5-23   12:40 p.m.

EXAM TYPE:   None ☐   Autopsy ☑   External only ☐   TOX ☑   Limited dissection ☐

EXAM PLACE/DATE/TIME: Georgia Bureau of Investigation Dekalb County -2-8-23-7:30am

NEXT OF KIN NAME & ADDRESS: Reginald Jacobs Sr.

PERSONAL EFFECTS RELEASED TO: None to Release

PERSONAL EFFECTS RELEASED BY: N/A

DATE/TIME OF RELEASE: N/A

BODY RELEASED TO: Bentley & sons Funeral Home Macon, GA. 31204

BODY RELEASED BY: Coroner - Darien D. Brown

DATE/TIME OF RELEASE: Feb. 8, 2023   2:25 p.m.

COMMENTS: I was called on 2-5-23 to go to Calhoun State Prison on my Arrival at the Prison, when enterd the J-building where Mr. Jacobs cell was. when I enterd is cell He was inside his Bed Mattress cover his cell was in a Mess. His Mattress was town all up on the Floor, his food trays was thrown every where the cell he was in was Awful

I believe Mr. Jacobs. has been dead for about 7-8 hours. before he was found because he was stiff

Darien D. Brown   2-10 23

CORONER'S SIGNATURE AND DATE

2 of 2



**SENDER: COMPLETE THIS SECTION**

■ Ensure items 1, 2, and 3 are completed.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RISK MANAGEMENT DIVISION/DOAS
WEST TOWER
200 PIEDMONT AVE SE STE 1804
ATLANTA GA 30334-9030

9490 9112 0620 4472 2305 73

2. Article Number (Transfer from service label)

9415 5112 0620 4472 2305 26

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   20 DEC 2023

B. Received By: (Printed Name)   C. Date of Delivery

SN   1-11-24

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type

☑ Certified Mail®

PS Form 3811 Facsimile, July 2015 (SDC 3930)   Domestic Return Receipt



USPS TRACKING #
ATLANTA METRO 301

11 JAN 2024 PM 5 L

*Place barcode label here*

First-Class Mail
Postage & Fees Paid
**USPS**
Permit No.G-10

**UNITED STATES**
**POSTAL SERVICE**

PS Form 3811 Facsimile, July 2015 (SDC 3930)

9490 9112 0620 4472 2305 73

Harman Law Firm LLC
3575 Piedmont Road
Building 15 Suite 1040
Atlanta GA 30305

**SENDER: COMPLETE THIS SECTION**

- Ensure items 1, 2, and 3 are completed.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GDOAS/RISK MANAGEMENT DIV
WEST TOWER
200 PIEDMONT AVE SE STE 1804
ATLANTA GA 30334-9030

9490 9112 0620 4501 0253 09

2. Article Number (Transfer from service label)

9402 9112 0620 4501 0253 28

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received By: (Printed Name)

C. Date of Delivery
1-12-24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®

PS Form 3811 Facsimile, July 2015 (SDC 3930)          Domestic Return Receipt



USPS TRACKING #
ATLANTA METRO 301

12 JAN 2024 PM 9 L

*Place barcode label here*

First-Class Mail
Postage & Fees Paid
USPS
Permit No.G-10

UNITED STATES
POSTAL SERVICE

P8 Form 3811 Facsimile, July 2015 (SDC 3830)

9400 9112 0620 4501 0253 09

Harman Law Firm LLC
3575 Piedmont Road
Building 15 Suite 1040
Atlanta GA 30305

| | PICK UP FROM | DELIVER TO | JOB # | TIME | SIGNATURE |
|---|---|---|---|---|---|
| **1** | COMPANY<br>STREET A/B (RT)<br>SUITE____ ZIP____ | COMPANY<br>STREET WELLS FARGO<br>SUITE____ ZIP____ | 15 | 950<br>1070 | SIGN *Kathy Williams*<br>PRINT GREG |
| **2** | COMPANY<br>STREET WELLS FARGO<br>SUITE____ ZIP____ | COMPANY<br>STREET TROUTMAN<br>SUITE____ ZIP____ 70 | 16 | 950 | SIGN *N/M*<br>PRINT |
| **3** | COMPANY<br>STREET HENRI'S @<br>SUITE____ ZIP____ | COMPANY<br>STREET HERITAGE WEEKS DULUTH<br>SUITE____ ZIP____ | 46 | 1120 | SIGN *Chuluy Cain*<br>PRINT *Chuksey Cain* |
| **4** | COMPANY<br>STREET A16<br>SUITE____ ZIP____ | COMPANY<br>STREET USPO<br>SUITE____ ZIP____ | 33 | 1210 | SIGN<br>PRINT *Paul At* |
| **5** | COMPANY<br>STREET NANCEY BURKE (RT)<br>SUITE____ ZIP____ | COMPANY<br>STREET GA DEP. OF ADMIN SVS.<br>SUITE____ ZIP____ | 17 | 218 | SIGN *Quinette Freen*<br>PRINT *Quinette Freeman* |
| **6** | COMPANY<br>STREET HOFF/ POWELL<br>SUITE____ ZIP____ | COMPANY<br>STREET GA. COMP. MED. BOARD<br>SUITE____ ZIP____ | 25 | 217 | SIGN<br>PRINT *Eunice Townsend* |
| **7** | COMPANY<br>STREET<br>SUITE____ ZIP____ | COMPANY<br>STREET<br>SUITE____ ZIP____ | | | SIGN<br>PRINT |
| **8** | COMPANY<br>STREET<br>SUITE____ ZIP____ | COMPANY<br>STREET<br>SUITE____ ZIP____ | | | SIGN<br>PRINT |
| **9** | COMPANY<br>STREET<br>SUITE____ ZIP____ | COMPANY<br>STREET<br>SUITE____ ZIP____ | | | SIGN<br>PRINT |
| **10** | COMPANY<br>STREET<br>SUITE____ ZIP____ | COMPANY<br>STREET<br>SUITE____ ZIP____ | | | SIGN<br>PRINT |

## GEORGIA MESSENGER SERVICE, INC.

3620 Dekalb Technology Parkway, Suite 2016 • Atlanta, GA 30340

www.georgiamessenger.com  470-359-2439

CUSTOMER SERVICE (404) 681-3278 • DISPATCH ~~(770) 359-2037~~

COURIER # 487

DATE 1/18/24

| M | T | W | TH | F |
|---|---|---|---|---|

ENDING MILLEAGE____
BEGINNING MILLEAGE____
TOTAL MILEAGE



**Brian Kemp**
Governor

**Rebecca N. Sullivan**
Commissioner

January 24, 2024

Harman Law Firm
Att: Eric S. Fredrickson, Attorney
3575 Piedmont Road
Building 25, Suite 1040
Atlanta, Georgia 30305

Re:    DOAS file number:    GL202306530
       State Agency:    DOC-Calhoun State Prison
       Date of Loss:    02/05/2023
       Claimant:    Reginald Jacobs, Sr., & Sheeri Bussey, next of kin & Personal
                    Representative of the Estate of Reginald Jacobs, deceased

Dear Mr. Fredrickson:

We are in receipt of your 12 19 2023 correspondence advising us that you represent the above captioned claimant.

We are initiating an investigation surrounding the facts of this unfortunate occurrence. Once our investigation is completed, we will be in further contact with you. During the interim, should you have any questions, please feel free to contact the undersigned. Should you be in possession of any investigative documentation of the subject occurrence described in your recent correspondence, please share any information you may have relative to the subject occurrence.

In closing, we will move forward with the investigation. Please contact the undersigned should you have any questions or concerns.

Sincerely,

Greg Strickland
Sr. Claims Specialist
GA Administrative Services
On behalf of Department of Administrative Services
Direct Dial:    (678)-325-2662
Email:    greg.strickland@doas.ga.gov

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

JAN 14, 2025 05:16 PM

Danielle F. Forté
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., | Civil Action No. SC2024CV002716 |
| Plaintiff, | **NOTICE OF LEAVE OF ABSENCE** |
| v. | |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, | |
| Defendants. | |

COMES NOW, **Eric S. Fredrickson**, and respectfully notifies the Judge before whom this case is pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1

1.  The period of leave during which time Applicant will be away from the practice of law is: Monday, January 27, 2025 through and including Monday, February 3, 2025 for family vacation.

2.  All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

**DATED**:  January 14, 2025.

<u>/s/ Eric S. Fredrickson</u>
Eric S. Fredrickson
Georgia Bar No. 489783

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email: efredrickson@harmanlaw.com

***Attorney for Plaintiff***

2

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., | Civil Action No. SC2024CV002716 |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, | |
| Defendants. | |

This shall certify that a true and correct copy of the foregoing was this day served upon all counsel of record via email to ensure delivery.

**DATED**: January 14, 2025.

*Signature on Following Page*

3

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email: efredrickson@harmanlaw.com

***Attorney for Plaintiff***

4

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**MAR 19, 2025 09:12 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

REGINALD JACOBS, SR., individually
and on behalf of the ESTATE OF
REGINALD JACOBS, JR.,

     Plaintiff,

     v.

GEORGIA DEPARTMENT OF
CORRECTIONS; TREVONZA BOBBITT;
TRACEY SCOTT; JENNIFER CRAFT;
JERRY JEFFERSON; DELVIN PEOPLES;
DAWN HUDSON; JAMES HALL;
MARTIN JONES; WILLIE JACKSON;
MIRANDA FOOTMAN-MCINTYRE;
DAMITA THOMAS; KELLY COOPER;
BECKY WEATHERSBY; TONY WARD;
SHANDORIA GEORGE; MEGAN
WILLIAMS; DERRICAL BELL; STACY
RANDLE; MAYLSIA TELFAIR;
BARBARA WILLIAMS; QUANTAYSHIA
ALLEN; CURTIS MARNER; SYMONE
ALEXANDER; NICHOLAS BROWN;
JAMECIA MIKE; SHIQUITA BROWN;
KAJUAN ROBINSON; ANGELA SPANN;
QUASHAYLA JONES; RANDALL
MADISON; GWENDOLYN SPENCER;
AND DOE DEFENDANTS 1 THROUGH
20,

     Defendants.

Civil Action No. SC2024CV002716

**JOINT MOTION FOR PROTECTIVE ORDER**

COMES NOW all parties to the above-styled civil action, and, pursuant to O.C.G.A. § 9-11-26(c), move the Court to enter the attached protective order with respect to confidential information contained in documents to be produced in discovery.

1

Plaintiff has requested production of certain documents which the Georgia Department of Corrections ("GDC") has determined could compromise the security of their facilities, present a risk to the public, or are otherwise confidential.  Such documents include materials which have been declared contraband for GDC inmates to view or possess and protected health information, among other materials.

The parties therefore believe that good cause exists for said documents to be produced pursuant to a protective order that will ensure their confidentiality.

WHEREFORE, the parties jointly move the Court to enter the attached protective order to be used to designate specific documents exchanged in discovery to be produced pursuant to the proposed Protective Order.

Dated:  March 18, 2025.

/s/Eric S. Fredrickson
Matthew S. Harman
Georgia Bar No. 327169
Eric S. Fredrickson
Georgia Bar No. 489783

HARMAN LAW FIRM LLC
3975 Roswell Road NE
Atlanta, Georgia  30342
Phone: (404) 554-0777
Fax:    (404) 424-9370
Email:
mharman@harmanlaw.com
efredrickson@harmanlaw.com

Counsel for Plaintiff

/s/Ronald S. Boyter, Jr.
Ronald S. Boyter, Jr.
Georgia Bar No. 073553
Sr. Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3695
rboyter@law.ga.gov

Counsel for Defendant Georgia Department of Corrections

/s/Kevin Whitmore
Kevin Whitmore
Georgia Bar No. 410762
Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3695
kwhitmore@law.ga.gov

Counsel for "Individual" Defendants

2

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day electronically filed the foregoing with the Clerk of Court using the e-Filing system which will automatically send email notification of such filing to the attorneys of record.

This March 18, 2025.

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, Georgia 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email: mharman@harmanlaw.com
        efredrickson@harmanlaw.com

Counsel for Plaintiff

3

# PROTECTIVE ORDER

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

REGINALD JACOBS, SR., individually
and on behalf of the ESTATE OF
REGINALD JACOBS, JR.,

    Plaintiff,

        v.

GEORGIA DEPARTMENT OF
CORRECTIONS; TREVONZA BOBBITT;
TRACEY SCOTT; JENNIFER CRAFT;
JERRY JEFFERSON; DELVIN PEOPLES;
DAWN HUDSON; JAMES HALL;
MARTIN JONES; WILLIE JACKSON;
MIRANDA FOOTMAN-MCINTYRE;
DAMITA THOMAS; KELLY COOPER;
BECKY WEATHERSBY; TONY WARD;
SHANDORIA GEORGE; MEGAN
WILLIAMS; DERRICAL BELL; STACY
RANDLE; MAYLSIA TELFAIR;
BARBARA WILLIAMS; QUANTAYSHIA
ALLEN; CURTIS MARNER; SYMONE
ALEXANDER; NICHOLAS BROWN;
JAMECIA MIKE; SHIQUITA BROWN;
KAJUAN ROBINSON; ANGELA SPANN;
QUASHAYLA JONES; RANDALL
MADISON; GWENDOLYN SPENCER;
AND DOE DEFENDANTS 1 THROUGH
20,

    Defendants.

Civil Action No. SC2024CV002716

## PROTECTIVE ORDER

    This Joint Confidentiality and Protective Order ("Order") is entered at the request and

with the consent of Plaintiff Reginald Jacobs, Sr., Individually and on Behalf of the Estate of

Reginald Jacobs, Jr., ("Plaintiff") and Defendant Georgia Department of Corrections

1

("Defendant") (collectively, the "Parties," and each individually, a "Party"). The Parties submit this Order by and through their respective counsel for the Court's approval pursuant to O.C.G.A. § 9-11-26(c), as compliance with discovery in this case will involve the production and review of sensitive and private information concerning Plaintiff, and inmates at Calhoun State Prison, and information potentially referencing the security at that institution. This Order is, therefore, required to protect the legitimate privacy interests of the Parties and to provide the Parties and their respective counsel with documents potentially relevant to the subject matter of this action.

Having considered these interests and the need for the requested information, and for good cause shown, IT IS HEREBY ORDERED that:

1.    **Record or Document**. For purposes of this Order, the term "record" or "document" shall mean all items listed in O.C.G.A. § 9-11-34(a)(1).

2.    **Confidential Information**. As used in this Order, "Confidential Information" means all information, regardless of form, designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (1) non-public confidential information that would not be available to the public or third parties outside the context of this litigation; (2) medical or mental health records or other HIPAA protected information (3) a party's personally identifiable information, including but not limited to, medical and mental health information or records, birthdates other than year of birth, social security numbers, photographs, electronic, or other visual images of the individual's faces, driver's license numbers, and personal information contained in an employment record, to include telephone numbers and home addresses; or (4) any document or information determined by a party to require additional protection to secure the interests of the that party, including but not limited to any information obtained by Georgia Department of Corrections as part of its investigation into the death of Reginald Jacobs, Jr.  The

2

party designating under this subsection shall promptly notify opposing counsel of such designation pursuant to Paragraph 3 below. Any dispute about designation shall be first addressed in a meet and confer by the Parties. Should no resolution be reached, the Parties shall bring the matter to the attention of the court following the procedure set forth in Section II. b. iii of the Court's Standing Order.

3.    **Designation**.

a.    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.    Any records containing personal identifying information or medical/mental health records of the Plaintiff's Decedent obtained from a Non-Party shall be automatically designated as "Confidential" by the requesting Party.

3

c.      Any records of the Georgia Department of Corrections investigation into the death of Reginald Jacobs, Jr. shall be automatically designated as and considered "Confidential" pursuant to the terms of this Order;

d.      Designating a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order.

e.      For any records whose medium makes such stamping impracticable, the media on which it is delivered (USB drive, CD-ROM, etc.), the file name, or accompanying cover letter or email shall be marked "CONFIDENTIAL."

4.      **Protection of Confidential Material**.

a.      Except as provided herein, no person having access to the records subject to this Order or the information therein shall publicly disclose those records or that information without further Order of the Court.

b.      Any documents designated as subject to this Order shall be used by the parties or their representatives) only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the parties or their representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case and subsequent appeals.

c.      Except as otherwise ordered by this Court, any documents or information subject to this Order may be disclosed only to the following persons: (1) parties and counsel for the parties in this action; (2) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this case; (3) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith

4

calculated to aid in litigating this case; (4) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated solely and exclusively to aid in litigating this case; and (5) any deponent in these cases during his or her deposition.

       d.      All individuals to whom documents or information subject to this Order are disclosed by the Party's counsel shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the acknowledgment form attached hereto as Attachment A. The Party's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should any party or their counsel wish to disclose records or information subject to this Order to any persons other than those indicated in paragraphs 4(c) and 4(d), the Party's counsel must obtain the opposing party's consent. If the opposing party does not consent to disclosure, the party or their counsel may, on motion, seek a modification of this Order from the Court.

5.      **Non-Parties Protected Material.** The terms of this Order apply to information produced by any Non-Party to this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided in this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

6.      **Inadvertent Failures to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, it

5

must also provide a copy of that document appropriately marked as Confidential pursuant to Paragraph 3 above. Thereafter, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent, and where the material is subsequently designated Confidential Information.

7.      **Challenging Improper Designations**. Either Party may designate documents or information as "confidential"; however, the Party's designation is not dispositive. If the receiving Party challenges the confidential designation, the burden of proving confidentiality remains with the producing Party. If a receiving Party believes that documents received are improperly designated as "confidential," that Party will alert the producing Party within ten days of receipt, or of the date of this Order, whichever is later. The producing Party then has ten days to file a motion with this tribunal to obtain confidential status; the receiving Party will be afforded an opportunity to respond to the motion, also within ten days. If the producing Party fails to file such a motion after receiving objections, the documents are automatically classified as non-confidential.

8.      **Filing Confidential Information**. Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.

6

9.     **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

10.     **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under O.C.G.A. § 9-11-26, O.C.G.A. § 9-11-34, or otherwise until such time as the Court may rule on a specific document or issue.

11.     **Record Retention**. Upon the conclusion of this matter, counsel for the Parties may retain one copy of any confidential information for their files until the statute of limitations period for any legal malpractice claim that may be filed in connection with this case has expired. Any additional copies in their possession will be destroyed. No party is required to destroy or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this case.

12.     This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

13.     Nothing in this Order is intended to eliminate other applicable privileges, for example, but not limited to, O.C.G.A. § 50-21-26(d).

7

IT IS SO ORDERED, this _____ day of _____, 2025.


_____
**Honorable Andy Prather,**
Judge, State Court of Muscogee County

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

NOV 14, 2024 03:42 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, <br><br> Defendants. | Civil Action No. SC2024CV002716 <br><br><br> **MOTION OF APPOINTMENT OF SPECIAL PROCESS SERVER HOLLIS J. HILL** |

COMES NOW the Plaintiff and move this Court for appointment of a special process server to serve Defendants with a copy of the within action and Summons in this case and show in support thereof the following:

1

1.

In accordance with O.C.G.A. § 9-11-4(c), process shall be served by the Sheriff of the County where the action is brought or where the Defendant is found, or by any citizen of the United States specially appointed by the Court for that purpose.

2.

Plaintiff requests and moves this Court to appoint Hollis J. Hill as special process server who will attempt to serve a filed copy of the within action and Summons upon the Defendants.

3.

The appointment of a special process server is to the benefit and best interest of justice to effectuate service of process upon the Defendants.

4.

Hollis J. Hill is a resident of the State of Georgia and is over twenty-one (21) years of age. He is neither an employee of Plaintiff or Plaintiff's counsel, and is ready, willing, and able to serve the Defendants. (See attached affidavit as Exhibit A).

5.

Hollis J. Hill is not related to the Plaintiffs and has no interest in the outcome of this action.

WHEREFORE, Plaintiffs prays and moves this Court to grant this motion and appoint Hollis J. Hill as special process server to serve the Defendants. A proposed order is attached as Exhibit B.

Respectfully submitted, this November 14, 2024.

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

2

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email: mharman@harmanlaw.com
         efredrickson@harmanlaw.com

*Attorneys for Plaintiff*

3

# EXHIBIT A

Affidavit of Hollis J. Hill

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

Civil Action No. SC2024CV002716

### PETITION FOR APPOINTMENT
### PERMENENT PROCESS SERVER

**BEFORE THE UNDERSIGNED** official duly authorized by law to administer oaths, came, Hollis J. Hill, who, after being duly sworn, deposes and states as follows:

My name is **HOLLIS J. HILL**. I am over twenty-one years of age and suffer no disability that would affect the veracity of this Affidavit. References herein to this "suit" or "litigation" pertain to the above captioned lawsuit.

1.

I am a citizen of the United States of America.

2.

I am not a party to this suit, nor am I a relative to any party to this suit.

3.

I am not the attorney of any of the parties to this suit.

4.

I have no financial interest to this litigation.

5.

I am wholly disinterested in this litigation.

**FURTHER AFFIANT SAYETH NAUGHT.**

This 13th day of November, 2024

_____
HOLLIS J. HILL
Georgia Certified Process Server, CPS#195

**SWORN** to and **SUBSCRIBED** before me,
this 13 day of November, 2024

_____ Notary Public

_____6/1/2025_____ Commission Expires



**GAPPS**
Georgia Association of
Professional Process Servers

# Certificate of Completion

This document certifies that

# Hollis Jerome Hill

Has successfully completed the 12 hour pre-certification training required
by the Georgia Certified Process Server Program

Approved, this 27th day of October, 2013.

*Jayne Rauser*

GAPPS Faculty

*Paul K. Tamaroff*

GAPPS Faculty





State of Georgia

# ADMINISTRATIVE OFFICE OF THE COURTS
## Georgia Certified Process Server Program

Certificate of Completion to.

# Hollis  Jerome Hill

In recognition of successfully passing the

# Georgia Certification Examination

This 15th day of August, 2014

_Marla S. Moore_

Marla S. Moore, Director

08131419651035

Case 4:25-cv-00111-CDL   Document 1-1   Filed 03/26/25   Page 162 of 343

# EXHIBIT B

Order Appointing Private Process Server Hollis J. Hill

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

REGINALD JACOBS, SR., individually
and on behalf of the ESTATE OF
REGINALD JACOBS, JR.,

     Plaintiffs,

     v.

GEORGIA DEPARTMENT OF
CORRECTIONS; TREVONZA BOBBITT;
TRACEY SCOTT; JENNIFER CRAFT;
JERRY JEFFERSON; DELVIN PEOPLES;
DAWN HUDSON; JAMES HALL;
MARTIN JONES; WILLIE JACKSON;
MIRANDA FOOTMAN-MCINTYRE;
DAMITA THOMAS; KELLY COOPER;
BECKY WEATHERSBY; TONY WARD;
SHANDORIA GEORGE; MEGAN
WILLIAMS; DERRICAL BELL; STACY
RANDLE; MAYLSIA TELFAIR;
BARBARA WILLIAMS; QUANTAYSHIA
ALLEN; CURTIS MARNER; SYMONE
ALEXANDER; NICHOLAS BROWN;
JAMECIA MIKE; SHIQUITA BROWN;
KAJUAN ROBINSON; ANGELA SPANN;
QUASHAYLA JONES; RANDALL
MADISON, AND,

     Defendants.

Civil Action No. SC2024CV002716

**[PROPOSED] ORDER GRANTING
MOTION FOR APPOINTMENT OF
HOLLIS J. HILL AS A SPECIAL
PROCESS SERVER**

**Jury Trial Demanded**

Upon consideration of Plaintiff's Motion for Appointment of a Process Server, and in consideration of applicable law;

IT IS HEREBY ORDERED AND ADJUDGED THAT Hollis J. Hill is hereby specially appointed for service of the within action and Summons upon Defendants.

1

So Ordered this _____ day of _____ 2024.


_____
Honorable Judge Andy Prather
Judge, Muscogee County State Court

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 15, 2024 11:36 AM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

REGINALD JACOBS, SR., individually
and on behalf of the ESTATE OF
REGINALD JACOBS, JR.,

      Plaintiff,

          v.

GEORGIA DEPARTMENT OF
CORRECTIONS; TREVONZA BOBBITT;
TRACEY SCOTT; JENNIFER CRAFT;
JERRY JEFFERSON; DELVIN PEOPLES;
DAWN HUDSON; JAMES HALL;
MARTIN JONES; WILLIE JACKSON;
MIRANDA FOOTMAN-MCINTYRE;
DAMITA THOMAS; KELLY COOPER;
BECKY WEATHERSBY; TONY WARD;
SHANDORIA GEORGE; MEGAN
WILLIAMS; DERRICAL BELL; STACY
RANDLE; MAYLSIA TELFAIR;
BARBARA WILLIAMS; QUANTAYSHIA
ALLEN; CURTIS MARNER; SYMONE
ALEXANDER; NICHOLAS BROWN;
JAMECIA MIKE; SHIQUITA BROWN;
KAJUAN ROBINSON; ANGELA SPANN;
QUASHAYLA JONES; RANDALL
MADISON, AND DOE DEFENDANTS 1
THROUGH 20,

      Defendants.

Civil Action No. SC2024CV002716

**MOTION OF APPOINTMENT OF
SPECIAL PROCESS SERVER
MICHAEL BOHANNON**

COMES NOW the Plaintiff and move this Court for appointment of a special process

server to serve Defendants with a copy of the within action and Summons in this case and show

in support thereof the following:

1

1.

In accordance with O.C.G.A. § 9-11-4(c), process shall be served by the Sheriff of the County where the action is brought or where the Defendant is found, or by any citizen of the United States specially appointed by the Court for that purpose.

2.

Plaintiff requests and moves this Court to appoint Michael Bohannon as special process server who will attempt to serve a filed copy of the within action and Summons upon the Defendants.

3.

The appointment of a special process server is to the benefit and best interest of justice to effectuate service of process upon the Defendants.

4.

Michael Bohannon is a resident of the State of Georgia and is over twenty-one (21) years of age. He is neither an employee of Plaintiff or Plaintiff's counsel, and is ready, willing, and able to serve the Defendants. (See attached affidavit as Exhibit A).

5.

Michael Bohannon is a Georgia Certified Process Server with license number GACPS189.

6.

Michael Bohannon is not related to the Plaintiff and has no interest in the outcome of this action.

WHEREFORE, Plaintiff prays and moves this Court to grant this motion and appoint Michael Bohannon as special process server to serve the Defendants. A proposed order is attached as Exhibit B.

2

Respectfully submitted, this November 15, 2024.

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email: mharman@harmanlaw.com
           efredrickson@harmanlaw.com

***Attorneys for Plaintiff***

3

# EXHIBIT A

Affidavit of Michael Bohannon

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., | Civil Action No. SC2024CV002716 |
| *Plaintiff,* | **AFFIDAVIT OF PROCESS SERVER MICHAEL BOHANNON** |
| *v.* | |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, | |
| *Defendants.* | |

Personally, appeared before me, an officer duly authorized by law to administer oaths, the person of MICHAEL BOHANNON (Georgia Process Server GACPS189), who after first being duly sworn, and states:

1

1.      My name is MICHAEL BOHANNON, and I am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above-styled action, and I am neither a party to the suit nor related to any of the parties.

2.      I am a citizen of the United States of America and am over the age of twenty-one (21 ). I am not a convicted felon and am not an attorney for any of the parties. I have no financial interest in the outcome and am wholly disinterested in the litigation.

3.      I certify under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

_____
Michael Bohannon

Sworn and subscribed to me this
14th day of November, 2024.

S. E. Kimbrough
_____
Notary Public

My Commission Expires:

August 12, 2028

2

# EXHIBIT B

Order Appointing Private Process Server Michael Bohannon

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

REGINALD JACOBS, SR., individually
and on behalf of the ESTATE OF
REGINALD JACOBS, JR.,

     Plaintiffs,

     v.

GEORGIA DEPARTMENT OF
CORRECTIONS; TREVONZA BOBBITT;
TRACEY SCOTT; JENNIFER CRAFT;
JERRY JEFFERSON; DELVIN PEOPLES;
DAWN HUDSON; JAMES HALL;
MARTIN JONES; WILLIE JACKSON;
MIRANDA FOOTMAN-MCINTYRE;
DAMITA THOMAS; KELLY COOPER;
BECKY WEATHERSBY; TONY WARD;
SHANDORIA GEORGE; MEGAN
WILLIAMS; DERRICAL BELL; STACY
RANDLE; MAYLSIA TELFAIR;
BARBARA WILLIAMS; QUANTAYSHIA
ALLEN; CURTIS MARNER; SYMONE
ALEXANDER; NICHOLAS BROWN;
JAMECIA MIKE; SHIQUITA BROWN;
KAJUAN ROBINSON; ANGELA SPANN;
QUASHAYLA JONES; RANDALL
MADISON, AND,

     Defendants.

Civil Action No. SC2024CV002716

**[PROPOSED] ORDER GRANTING MOTION FOR APPOINTMENT OF MICHAEL BOHANNON AS A SPECIAL PROCESS SERVER**

**Jury Trial Demanded**

Upon consideration of Plaintiff's Motion for Appointment of a Process Server, and in consideration of applicable law;

IT IS HEREBY ORDERED AND ADJUDGED THAT Michael Bohannon is hereby specially appointed for service of the within action and Summons upon Defendants.

1

So Ordered this _____ day of _____ 2024.


_____

Honorable Judge Andy Prather
Judge, Muscogee County State Court

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**FEB 04, 2025 04:35 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

### IN THE STATE COURT OF MUSCOGEE COUNTY
### STATE OF GEORGIA

|  |  |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., | Civil Action No. SC2024CV002716 |
| Plaintiff, | |
| v. | |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, | |
| Defendants. | |

### UNOPPOSED MOTION TO ADD PARTY AND AMEND PLEADINGS

COMES NOW, Plaintiff, and moves the Court pursuant to O.C.G.A. §§ 9-11-15 and 9-11-21 for an Order adding Gwendolyn Spencer as a defendant in this action.

Based upon discovery responses received to date, Plaintiff believes that the true identity of one of the Doe Defendants named in this matter is Gwendolyn Spencer. Accordingly,

1

Plaintiff respectfully asks that the Court enter the attached proposed Order adding Gwendolyn Spencer as a party defendant and for all pleadings to reflect this change going forward.

Counsel for Plaintiff has conferred with counsel for the Defendants and while the current Defendants do not make any admission regarding Plaintiff's allegations against Gwendolyn Spencer, the Defendants do not oppose this motion.

Dated:  February 4, 2025.

| | |
|---|---|
| /s/Eric S. Fredrickson | /s/Ronald S. Boyter, Jr. |
| Matthew S. Harman | Georgia Bar No. 073553 |
| Georgia Bar No. 327169 | Sr. Assistant Attorney General |
| Eric S. Fredrickson | 40 Capitol Square, SW |
| Georgia Bar  No. 489783 | Atlanta, Georgia 30334-1300 |
| | Telephone: (404) 458-3695 |
| HARMAN LAW FIRM LLC | rboyter@law.ga.gov |
| 3975 Roswell Road NE | |
| Atlanta, Georgia  30342 | Counsel for Defendants |
| Phone: (404) 554-0777 | |
| Fax:    (404) 424-9370 | |
| Email: | |
| mharman@harmanlaw.com | |
| efredrickson@harmanlaw.com | |
| | |
| Counsel for Plaintiff | |

2

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day electronically filed the foregoing with the Clerk of Court using the e-Filing system which will automatically send email notification of such filing to the attorneys of record.

This February 4, 2025.

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, Georgia 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email:  mharman@harmanlaw.com
        efredrickson@harmanlaw.com

***Counsel for Plaintiff***

3

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., | Civil Action No. SC2024CV002716 |
| Plaintiff, | |
| v. | |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, | |
| Defendants. | |

## [PROPOSED] ORDER GRANTING MOTION TO ADD PARTY AND AMEND PLEADINGS

Upon consideration of the Plaintiff's Unopposed Motion to Add Parties and Amend

Pleadings,

IT IS HEREBY ORDERED that the Motion is GRANTED as follows:

4

Gwendolyn Spencer is added as a party defendant to this action and Plaintiff's Complaint and all pleadings are hereby deemed to be amended to reflect the change.

SO ORDERED this ___ day of _____, 2025.

_____
Honorable Andy Prather
Judge, Muscogee County State Court

5

≋ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**MAR 19, 2025 10:00 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

REGINALD JACOBS, SR., individually
and on behalf of the ESTATE OF
REGINALD JACOBS, JR.,

     Plaintiff,

     v.

GEORGIA DEPARTMENT OF
CORRECTIONS; TREVONZA BOBBITT;
TRACEY SCOTT; JENNIFER CRAFT;
JERRY JEFFERSON; DELVIN PEOPLES;
DAWN HUDSON; JAMES HALL;
MARTIN JONES; WILLIE JACKSON;
MIRANDA FOOTMAN-MCINTYRE;
DAMITA THOMAS; KELLY COOPER;
BECKY WEATHERSBY; TONY WARD;
SHANDORIA GEORGE; MEGAN
WILLIAMS; DERRICAL BELL; STACY
RANDLE; MAYLSIA TELFAIR;
BARBARA WILLIAMS; QUANTAYSHIA
ALLEN; CURTIS MARNER; SYMONE
ALEXANDER; NICHOLAS BROWN;
JAMECIA MIKE; SHIQUITA BROWN;
KAJUAN ROBINSON; ANGELA SPANN;
QUASHAYLA JONES; RANDALL
MADISON; GWENDOLYN SPENCER;
AND DOE DEFENDANTS 1 THROUGH
20,

     Defendants.

Civil Action No. SC2024CV002716

**PROTECTIVE ORDER**

     This Joint Confidentiality and Protective Order ("Order") is entered at the request and

with the consent of Plaintiff Reginald Jacobs, Sr., Individually and on Behalf of the Estate of

Reginald Jacobs, Jr., ("Plaintiff") and Defendant Georgia Department of Corrections

1

("Defendant") (collectively, the "Parties," and each individually, a "Party"). The Parties submit this Order by and through their respective counsel for the Court's approval pursuant to O.C.G.A. § 9-11-26(c), as compliance with discovery in this case will involve the production and review of sensitive and private information concerning Plaintiff, and inmates at Calhoun State Prison, and information potentially referencing the security at that institution. This Order is, therefore, required to protect the legitimate privacy interests of the Parties and to provide the Parties and their respective counsel with documents potentially relevant to the subject matter of this action.

Having considered these interests and the need for the requested information, and for good cause shown, IT IS HEREBY ORDERED that:

1. **Record or Document**. For purposes of this Order, the term "record" or "document" shall mean all items listed in O.C.G.A. § 9-11-34(a)(1).

2. **Confidential Information**. As used in this Order, "Confidential Information" means all information, regardless of form, designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (1) non-public confidential information that would not be available to the public or third parties outside the context of this litigation; (2) medical or mental health records or other HIPAA protected information (3) a party's personally identifiable information, including but not limited to, medical and mental health information or records, birthdates other than year of birth, social security numbers, photographs, electronic, or other visual images of the individual's faces, driver's license numbers, and personal information contained in an employment record, to include telephone numbers and home addresses; or (4) any document or information determined by a party to require additional protection to secure the interests of the that party, including but not limited to any information obtained by Georgia Department of Corrections as part of its investigation into the death of Reginald Jacobs, Jr. The

2

party designating under this subsection shall promptly notify opposing counsel of such designation pursuant to Paragraph 3 below. Any dispute about designation shall be first addressed in a meet and confer by the Parties. Should no resolution be reached, the Parties shall bring the matter to the attention of the court following the procedure set forth in Section II. b. iii of the Court's Standing Order.

3.    **Designation**.

a.    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.    Any records containing personal identifying information or medical/mental health records of the Plaintiff's Decedent obtained from a Non-Party shall be automatically designated as "Confidential" by the requesting Party.

3

c.       Any records of the Georgia Department of Corrections investigation into the death of Reginald Jacobs, Jr. shall be automatically designated as and considered "Confidential" pursuant to the terms of this Order;

d.       Designating a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order.

e.       For any records whose medium makes such stamping impracticable, the media on which it is delivered (USB drive, CD-ROM, etc.), the file name, or accompanying cover letter or email shall be marked "CONFIDENTIAL."

4.       **Protection of Confidential Material**.

a.       Except as provided herein, no person having access to the records subject to this Order or the information therein shall publicly disclose those records or that information without further Order of the Court.

b.       Any documents designated as subject to this Order shall be used by the parties or their representatives) only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the parties or their representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case and subsequent appeals.

c.       Except as otherwise ordered by this Court, any documents or information subject to this Order may be disclosed only to the following persons: (1) parties and counsel for the parties in this action; (2) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this case; (3) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith

4

calculated to aid in litigating this case; (4) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated solely and exclusively to aid in litigating this case; and (5) any deponent in these cases during his or her deposition.

       d.     All individuals to whom documents or information subject to this Order are disclosed by the Party's counsel shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the acknowledgment form attached hereto as Attachment A. The Party's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should any party or their counsel wish to disclose records or information subject to this Order to any persons other than those indicated in paragraphs 4(c) and 4(d), the Party's counsel must obtain the opposing party's consent. If the opposing party does not consent to disclosure, the party or their counsel may, on motion, seek a modification of this Order from the Court.

5.     **Non-Parties Protected Material.** The terms of this Order apply to information produced by any Non-Party to this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided in this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

6.     **Inadvertent Failures to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, it

5

must also provide a copy of that document appropriately marked as Confidential pursuant to Paragraph 3 above. Thereafter, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent, and where the material is subsequently designated Confidential Information.

7.      **Challenging Improper Designations**. Either Party may designate documents or information as "confidential"; however, the Party's designation is not dispositive. If the receiving Party challenges the confidential designation, the burden of proving confidentiality remains with the producing Party. If a receiving Party believes that documents received are improperly designated as "confidential," that Party will alert the producing Party within ten days of receipt, or of the date of this Order, whichever is later. The producing Party then has ten days to file a motion with this tribunal to obtain confidential status; the receiving Party will be afforded an opportunity to respond to the motion, also within ten days. If the producing Party fails to file such a motion after receiving objections, the documents are automatically classified as non-confidential.

8.      **Filing Confidential Information**. Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.

6

9.     **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

10.     **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under O.C.G.A. § 9-11-26, O.C.G.A. § 9-11-34, or otherwise until such time as the Court may rule on a specific document or issue.

11.     **Record Retention**. Upon the conclusion of this matter, counsel for the Parties may retain one copy of any confidential information for their files until the statute of limitations period for any legal malpractice claim that may be filed in connection with this case has expired. Any additional copies in their possession will be destroyed. No party is required to destroy or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this case.

12.     This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

13.     Nothing in this Order is intended to eliminate other applicable privileges, for example, but not limited to, O.C.G.A. § 50-21-26(d).

7

IT IS SO ORDERED, this _____ day of ___*19  Mar. 2025*___, 2025.

_____*Andy Prather*_____
**Honorable Andy Prather,**
Judge, State Court of Muscogee County

8

▓ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 31, 2024 04:26 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, <br><br> Defendants. | Civil Action No. SC2024CV002716 <br><br> **RULE 5.2 CERTIFICATE OF DISCOVERY** |

This is to certify that I have this day served all counsel, pursuant to Rule 5.2 of the

Uniform State Court Rules, in the above captioned action with a true and correct copy of the

following: Plaintiff's Second Interrogatories to Defendant Georgia Department of Corrections

**DATED**:  December 31, 2024.

*Signature on Following Page*

1

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email: mharman@harmanlaw.com
        efredrickson@harmanlaw.com

*Attorneys for Plaintiff*

2

**≡ EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**FEB 13, 2025 05:23 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., Individually :
And on Behalf of the ESTATE OF :
REGINALD JACOBS, JR., :
:
    **Plaintiff,** :
:
                             : **CIVIL ACTION NO.:**
**v.** : **SC2024CV002716**
:
GEORGIA DEPARTMENT OF :
CORRECTIONS; TREVONZA :
BOBBITT; TRACEY SCOTT; :
JENNIFER CRAFT; JERRY :
JEFFERSON; DELVIN PEOPLES; :
DAWN HUDSON; JAMES HALL; :
MARTIN JONES; MARTIN JONES; :
WILLIE JACKSON; MIRANDA :
FOOTMAN-MCINTYRE;  DAMITA :
THOMAS; KELLY COOPER; :
BECKY WEATHERSBY; TONY :
WARD; SHANDORIA GEORGE; :
MEGAN WILLIAMS; DERRICAL :
BELL; STACY RANDLE; MAYLSIA :
TELFAIR; BARBARA WILLIAMS; :
QUANTAYSHIA ALLEN; CURTIS :
MARNER; SYMONE ALEXANDER; :
NICHOLAS BROWN; JAMECIA :
MIKE; SHIQUITA BROWN; :
KAJUAN ROBINSON; ANGELA :
SPANN; QUASHAYLA JONES: :
RANDALL MADISON; and DOE :
DEFENDANTS 1 THORUGH 20, :
:
    **Defendants.** :

**RULE 5.2(2) NOTICE OF SERVICE OF DISCOVERY**

COMES NOW the Georgia Department of Corrections ("DOC"), a Defendant in the above-styled action, and states that it has served the following discovery upon all counsels of record in the above styled action.

1. **GEORGIA DEPARTMENT OF CORRECTIONS' FIRST AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.**

2. **GEORGIA DEPARTMENT OF CORRECTIONS' FIRST AMENDED RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES.**

Respectfully submitted this 13th day of February, 2025.

CHRISTOPHER M. CARR 112505
Attorney General

LORETTA L. PINKSTON-POPE 580385
Deputy Attorney General

LAURA LONES 456778
Senior Assistant Attorney General

/s/RON BOYTER
RONALD S. BOYTER, JR. 073553
Senior Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

RON BOYTER
Sr. Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia  30334-1300
Telephone:  (404) 458-3695
rboyter@law.ga.gov

2

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served this **RULE 5.2(2) NOTICE OF**

**SERVICE OF DISCOVERY** electronically upon the following counsels of record:

Eric S. Fredrickson
Matthew S. Harman
3957 Roswell Road NE
Atlanta, Georgia 30342
efredrickson@harmanlaw.com
mharman@harmanlaw.com

LAURA L. LONES
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
llones@law.ga.gov

Submitted this 13th day of February, 2025.

/s/Ron Boyter
Ronald S. Boyter, Jr.        073553
Senior Assistant Attorney General

3

⊜ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**FEB 13, 2025 02:41 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| REGINALD JACOBS, SR., Individually And on Behalf of the ESTATE OF REGINALD JACOBS, JR., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.:** |
| v. | : | **SC2024CV002716** |
| | : | |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE;  DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES: RANDALL MADISON; and DOE DEFENDANTS 1 THORUGH 20, | : | |
| | : | |
| **Defendants.** | : | |

**RULE 5.2(2) NOTICE OF SERVICE OF DISCOVERY**

COMES NOW the Georgia Department of Corrections ("DOC"), a Defendant in the above-styled action, and states that it has served the following discovery upon all counsels of record in the above styled action.

1. **GEORGIA DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.**

2. **GEORGIA DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES.**

1. Respectfully submitted this 13th day of February, 2025.

|  |  |
|---|---|
| CHRISTOPHER M. CARR | 112505 |
| Attorney General | |
| | |
| LORETTA L. PINKSTON-POPE | 580385 |
| Deputy Attorney General | |
| | |
| LAURA LONES | 456778 |
| Senior Assistant Attorney General | |
| | |
| /s/RON BOYTER | |
| RONALD S. BOYTER, JR. | 073553 |
| Senior Assistant Attorney General | |

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

RON BOYTER
Sr. Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia  30334-1300
Telephone:  (404) 458-3695
rboyter@law.ga.gov

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served this **RULE 5.2(2) NOTICE OF**

**SERVICE OF DISCOVERY** electronically upon the following counsels of record:

Eric S. Fredrickson
Matthew S. Harman
3957 Roswell Road NE
Atlanta, Georgia 30342
efredrickson@harmanlaw.com
mharman@harmanlaw.com

LAURA L. LONES
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
llones@law.ga.gov

Submitted this 13th day of February, 2025.

/s/Ron Boyter
Ronald S. Boyter, Jr.        073553
Senior Assistant Attorney General

3

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**JAN 22, 2025 01:43 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, <br><br> Defendants. | Civil Action No. SC2024CV002716 <br><br> **RULE 5.2 CERTIFICATE OF DISCOVERY** |

This is to certify that I have this day served all counsel, pursuant to Rule 5.2 of the

Uniform State Court Rules, in the above captioned action with a true and correct copy of the

following:

    (1)    Plaintiff's First Interrogatories, Request For Production of Documents and

             Request For Admissions to Defendant Trevonza Bobbitt;

1

(2)     Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Tracey Scott;

(3)     Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Jennifer Craft;

(4)     Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Jerry Jefferson;

(5)     Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Delvin Peoples;

(6)     Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Dawn Hudson;

(7)     Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant James Hall;

(8)     Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Martin Jones;

(9)     Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Willie Jackson;

(10)    Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Miranda Footman-Mcintyre;

(11)    Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Damita Thomas;

(12)    Plaintiff's First Interrogatories, Request For Production of Documents and
Request For Admissions to Defendant Kelly Cooper;

2

(13)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Becky Weathersby;

(14)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Tony Ward;

(15)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Shandoria George;

(16)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Megan Williams;

(17)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Derrical Bell;

(18)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Stacy Randle;

(19)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Maylsia Telfair;

(20)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Barbara Williams;

(21)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Quantayshia Allen;

(22)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Curtis Marner;

(23)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Symone Alexander;

3

(24)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Nicholas Brown;

(25)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Jamecia Mike;

(26)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Shiquita Brown;

(27)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Kajuan Robinson;

(28)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Angela Spann;

(29)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Quashayla Jones; and

(30)    Plaintiff's First Interrogatories, Request For Production of Documents and Request For Admissions to Defendant Randall Madison.

**DATED**:  January 22, 2025.

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email:  mharman@harmanlaw.com
            efredrickson@harmanlaw.com

***Attorneys for Plaintiff***

4

⬛ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

DEC 30, 2024 03:31 PM

Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, <br><br> Defendants. | Civil Action No. SC2024CV002716 <br><br> **RULE 5.2 CERTIFICATE OF DISCOVERY** |

This is to certify that I have this day served all counsel, pursuant to Rule 5.2 of the

Uniform State Court Rules, in the above captioned action with a true and correct copy of the

following:

- Plaintiff's First Interrogatories to Defendant Georgia Department of Corrections; and

1

- Plaintiff's First Request For Production of Documents to Defendant Georgia

    Department of Corrections.

**DATED**:  December 30, 2024.

/s/ Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3975 Roswell Road NE
Atlanta, GA 30342
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email: mharman@harmanlaw.com
        efredrickson@harmanlaw.com

***Attorneys for Plaintiff***

2

≡ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**JAN 10, 2025 04:37 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years, before the undersigned officer duly authorized to administer oaths, and being sworn under oath, deposes and states as follows:

I personally served Angela Spann at 27823 West Main Street Morgan, GA 39866 on January 6, 2025 @ 1:25 PM.

_Michael Bohannon_ _____ Sign

MICHAEL BOHANNON

_____ Print

Sworn to and subscribed
before me this 10th day
of ___January___, 2025.

_____
Notary Public



⚏ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
)
   Plaintiff, )
)
vs. )   CASE NO.: SC2024CV002716
)
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
)
)
   Defendants. )

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Becky Weathersby at 27823 Main Street Morgan, GA 39866 on

November 25, 2024@ 8:30 AM.

_____
Sign

MICHAEL BOHANNON
_____
Print

Sworn to and subscribed
before me this 7th day
of December , 2024.

_____
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

⊞ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
                          )
   Plaintiff, )
                          )
vs. )   CASE NO.: SC2024CV002716
                          )
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
                          )
   Defendants. )

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Damita Thomas at 25 Powell Street Cuthbert, GA 39840 on

November 24, 2024@ 6:00 PM.

_Michael Bohannon_ Sign

MICHAEL BOHANNON

Print

Sworn to and subscribed
before me this 7th day
of December , 2024.

_Jennifer Sapp_

Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

⁜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
)
   Plaintiff, )
)
vs. )   CASE NO.: SC2024CV002716
)
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
)
)
)
   Defendants. )

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Delvin Peoples at 2310 Old Dominion Drive Apt B Albany, GA

31721-2875 on  November 24, 2024@ 4:00 PM.

_Michael Bohannon_ Sign

MICHAEL BOHANNON Print

Sworn to and subscribed
before me this 7th day
of December, 2024.

_Jennifer Sapp_
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

⧼ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 17, 2024 05:07 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Derrical Bell at Big Dan's Car Wash 375 North Slappy Blvd.

Albany, GA 31707 on December 14, 2024@ 1:45 PM.



_____

MICHAEL BOHANNON    Sign

_____

Print

Sworn to and subscribed
before me this 16th day
of December, 2024.

_____
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

## AFFIDAVIT OF SERVICE

⊞ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

SC2024CV002716

NOV 20, 2024 02:00 PM

Danielle F. Forté, Clerk
Muscogee County, Georgia

| Case:<br>SC2024CV002716 | Court:<br>IN THE STATE COURT OF MUSCOGEE COUNTY<br>STATE OF GEORGIA | County:<br>MUSCOGEE | |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., | | **Defendant / Respondent:**<br>GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFF; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, | |
| **Received by:**<br>RMG - SERVICES, LLC | | **For:**<br>Harman Law Firm | |
| **To be served upon:**<br>GEORGIA DEPARTMENT OF ADMINISTRATIVE SERVICES, DIRECTOR OF RISK MANAGEMENT | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** GEORGIA DEPARTMENT OF ADMINISTRATIVE SERVICES, DIRECTOR OF RISK MANAGEMENT, Company: 200 Piedmont Avenue Southeast Suite 1220, Atlanta, GA 30334

**Manner of Service:** Government Agency, Nov 18, 2024, 11:52 am EST

**Documents:** SUMMONS; COMPLAINT; EXHIBITS 1 & 2; and ORDER

**Additional Comments:**
1) Successful Attempt: Nov 18, 2024, 11:52 am EST at Company: 200 Piedmont Avenue Southeast Suite 1220, Atlanta, GA 30334 received by GEORGIA DEPARTMENT OF ADMINISTRATIVE SERVICES, DIRECTOR OF RISK MANAGEMENT by leaving a copy with Quinette Freeman who is authorized to accept legal documents. Age: 50+; Ethnicity: African American; Gender: Female; Weight: 170; Height: 5'5"; Hair: Black;

**HOLLIS HILL**                              Date  11/19/2024
Certified Process Server CPS #195

RMG - SERVICES, LLC
4024 Lawrenceville Hwy. Suite (17) #452
Lilburn, GA 30047
470-831-0292

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date 11-19-2024          Commission Expires January 29, 2027



SANDRA HOLLY STARR - NOTARY PUBLIC
STATE OF GEORGIA
DEKALB COUNTY, GA
1776

# AFFIDAVIT OF SERVICE

⚏ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 20, 2024 02:00 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

| Case: SC2024CV002716 | Court: IN THE STATE COURT OF MUSCOGEE COUNTY STATE OF GEORGIA | County: MUSCOGEE |
|---|---|---|
| **Plaintiff / Petitioner:** REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR., | | **Defendant / Respondent:** GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERS; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL MADISON, AND DOE DEFENDANTS 1 THROUGH 20, |
| **Received by:** RMG - SERVICES, LLC | | **For:** Harman Law Firm |
| **To be served upon:** GEORGIA DEPARTMENT OF CORRECTIONS, c/o COMMISSIONER, TYRONE OLIVER | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** GEORGIA DEPARTMENT OF CORRECTIONS, c/o COMMISSIONER, TYRONE Oliver, by leaving a copy with McCall Swain, Assistant General Council, Legal Services, authorized to accept service on behalf of GDC. Branch: 300 Patrol Road, Forsyth, GA 31029

**Manner of Service:** Government Agency, Nov 19, 2024, 12:29 pm EST

**Documents:** SUMMONS; COMPLAINT; EXHIBITS 1 & 2; and ORDER

**Additional Comments:**
1) Successful Attempt: Nov 19, 2024, 12:29 pm EST at Branch: 300 Patrol Road, Forsyth, GA 31029 received by GEORGIA DEPARTMENT OF CORRECTIONS, c/o COMMISSIONER, TYRONE Oliver, by leaving a copy with McCall Swain, Assistant General Council, Legal Services, authorized to accept service on behalf of GDC. Age: 35+; Ethnicity: Caucasian; Gender: Female; Weight: 180; Height: 5'6"; Hair: Black;

| | | Subscribed and sworn to before me by the affiant who is personally known to me. |
|---|---|---|
| HOLLIS HILL | Date 4/20/2024 | Notary Public |
| Certified Process Server CPS #195 | | Date 11·20·24    Commission Expires 4·30·25 |

RMG - SERVICES, LLC
4024 Lawrenceville Hwy. Suite (17) #452
Lilburn, GA 30047
470-831-0292



⬛ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years, before the undersigned officer duly authorized to administer oaths, and being sworn under oath, deposes and states as follows:

I personally served Jamecia Mike at 18311 Thomas Grove Church Road  Arlington, GA 39813 on November 24, 2024@ 7:00 PM.

_Michael Bohannon_
MICHAEL BOHANNON    Sign

_____
Print

Sworn to and subscribed
before me this 7th day
of December, 2024.

_Jennifer Sapp_
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

≋ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**JAN 10, 2025 04:37 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, <br><br> Defendants. | CASE NO.: SC2024CV002716 |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served James Hall at 27823 West Main Street Morgan, GA 39866 on

January 5, 2025 @ 6:30 PM.

_Michael Bohannon_
_____ Sign
MICHAEL BOHANNON
_____ Print

Sworn to and subscribed
before me this 10ᵗʰ day
of January, 2025.

_____
Notary Public



⊞ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

JAN 10, 2025 04:37 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years, before the undersigned officer duly authorized to administer oaths, and being sworn under oath, deposes and states as follows:

I personally served Jennifer Craft at 27823 West Main Street Morgan, GA 39866 on January 6, 2025 @ 1:20 PM.

_Michael Bohannon_
_____
Sign

MICHAEL BOHANNON
_____
Print

Sworn to and subscribed
before me this 10th day
of ___January___, 2025.

_____
Notary Public



⧊ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

JAN 10, 2025 04:37 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years, before the undersigned officer duly authorized to administer oaths, and being sworn under oath, deposes and states as follows:

I personally served Jerry Jefferson at 168 McDonald Court Leesburg, GA 31763 on January 5, 2025 @ 8:20 PM.

_Michael Bohannon_ Sign

MICHAEL BOHANNON Print

Sworn to and subscribed
before me this 10ᵗʰ day
of January , 2025.

Notary Public



⊞ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I notoriously served Kujuan Robinson by serving her mother, Faye Brown, at 242 Taylor

Lane Leary, GA 39862 on  November 25, 2024@ 10:45 AM. This service was confirmed by

receiving a phone call from Kajuan Robinson the same day at 6:00 PM.

_____  Sign

MICHAEL BOHANNON

_____  Print

Sworn to and subscribed
before me this 7th day
of December, 2024.

_____
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

⊜ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**JAN 10, 2025 04:37 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
)
   Plaintiff, )
)
vs. )   CASE NO.: SC2024CV002716
)
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
)
)
   Defendants. )

## AFFIDAVIT OF SERVICE

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Kelly Cooper at 27823 West Main Street Morgan, GA 39866 on

January 5, 2025 @ 6:25 PM.

_Michael Bohannon_
_____
MICHAEL BOHANNON          Sign
_____
                          Print

Sworn to and subscribed
before me this 10ᵗʰ day
of __January__, 2025.
_____
Notary Public



⏚ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

JAN 10, 2025 04:37 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
)
   Plaintiff, )
)
vs. )   CASE NO.: SC2024CV002716
)
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
)
)
   Defendants. )

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Martin Jones at 318 Southwood Drive Albany, GA 31701 on January

5, 2025 @ 4:00 PM.

_____

MICHAEL BOHANNON                   Sign
_____
                                   Print

Sworn to and subscribed
before me this 10ᵗʰ day
of ___January___, 2025.
_____
Notary Public



⏚ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

JAN 10, 2025 04:37 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: SC2024CV002716 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years, before the undersigned officer duly authorized to administer oaths, and being sworn under oath, deposes and states as follows:

I personally served Megan Williams at 101 Fannie Henry Lane Arlington, GA 39813 on January 5, 2025 @ 5:45 PM.

_Michael Bohannon_ Sign

MICHAEL BOHANNON Print

Sworn to and subscribed
before me this 10th day
of January , 2025.

_G Stafford_
Notary Public



≡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 17, 2024 05:07 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
)
   Plaintiff, )
)
vs. )     CASE NO.: SC2024CV002716
)
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
)
)
   Defendants. )

## AFFIDAVIT OF SERVICE

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Miranda Footman-McIntyre at 27352 Hwy 45 Morgan, GA 39866 on

December 14, 2024@ 7:00 PM.

_Michael Bohannon_ _____
MICHAEL BOHANNON          Sign
                         _____
                          Print

Sworn to and subscribed
before me this 16th day
of December, 2024.

_Jennifer Sapp_ _____
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
)
    Plaintiff, )
)
vs. )    CASE NO.: SC2024CV002716
)
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
)
)
    Defendants. )

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Nicholas Brown at 27823 Main Street Morgan, GA 39866 on

November 25, 2024@ 9:30 AM.

_____
Sign

MICHAEL BOHANNON
_____
Print

Sworn to and subscribed
before me this 7th day
of December, 2024.

Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

▓ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually | ) | |
| And on behalf of the ESTATE OF | ) | |
| REGINALD JACOBS, JACOBS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: SC2024CV002716 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; TREVONZA BOBBITT; | ) | |
| TRACEY SCOTT; JENNIFER CRAFT; | ) | |
| JERRY JEFFERSON; DELVIN PEOPLES; | ) | |
| DAWN HUDSON; JAMES HALL; MARTIN | ) | |
| JONES; WILLIE JACKSON; MIRANDA | ) | |
| FOOTMAN-MCINTYRE; DAMITA | ) | |
| THOMAS; KELLY COOPER; BECKY | ) | |
| WEATHERSBY; TONY WARD; | ) | |
| SHANDORIA GEORGE; MEGAN | ) | |
| WILLIAMS; DERRICAL BELL; STACY | ) | |
| RANDLE; MAYLSIA TELFAIR; BARBARA | ) | |
| WILLIAMS; QUANTAYSHIA ALLEN; | ) | |
| CURTIS MARNER; SYMONE ALEXANDER; | ) | |
| NICHOLAS BROWN; JAMECIA MIKE; | ) | |
| SHIQUITA BROWN; KAJUAN ROBINSON; | ) | |
| ANGELA SPANN; QUASHALA JONES; | ) | |
| RANDALL MADISON; AND DOE | ) | |
| DEFENDANTS 1 THROUGH 20, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Quantayshia Allen at 566 Pecan Street SE Dawson, GA 39842 on

November 24, 2024@ 4:35 PM.

_____  Sign
MICHAEL BOHANNON  Print
_____

Sworn to and subscribed
before me this 7th day
of December , 2024.

_____
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

⸬ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, <br><br> Defendants. | CASE NO.: SC2024CV002716 |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Quashayla Jones at 31 Wall Street Cuthbert, GA 39840 on November

24, 2024 @ 4:00 PM.

_____

MICHAEL BOHANNON    Sign
_____
                      Print

Sworn to and subscribed
before me this 7th day
of December, 2024.

_____
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

≣ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

JAN 10, 2025 04:37 PM

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years, before the undersigned officer duly authorized to administer oaths, and being sworn under oath, deposes and states as follows:

I notoriously served Randall Madison by serving his wife, Brittany Kemp, at 333 South Mock Road Apt 159 Albany, GA 31701 on  January 5, 2025 @ 3:15 PM.

_Michael Bohannon_
_____
MICHAEL  BOHANNON          Sign
_____
                           Print

Sworn to and subscribed
before me this 10th day
of _January_, 2025.
_____
Notary Public



⊞ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**
**DEC 08, 2024 10:17 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
                                         )
    Plaintiff, )
                                           )
vs. )    CASE NO.: SC2024CV002716
                                           )
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
                                           )
                                           )
    Defendants. )

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Shandoria George at 1800 Pretoria Road Newton, GA 39870 on

November 25, 2024@ 11:00 AM.



_____ Sign

MICHAEL BOHANNON

_____ Print

Sworn to and subscribed
before me this 7th day
of December , 2024.

_____
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

≋ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

JAN 10, 2025 04:37 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years, before the undersigned officer duly authorized to administer oaths, and being sworn under oath, deposes and states as follows:

I personally served Shiquita Brown at 468 East Liberty Street Apt 26 Blakeley, GA 39823 on January 6, 2025 @ 12:25 PM.

_____ Sign

MICHAEL BOHANNON

_____ Print

Sworn to and subscribed
before me this 10th day
of January , 2025.

_____
Notary Public



≋ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**JAN 10, 2025 04:37 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
)
   Plaintiff, )
)
vs. )   CASE NO.: SC2024CV002716
)
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
)
)
   Defendants. )

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Stacy Randle at 203 Ingleside Drive Albany, GA 31701 on January

6, 2025 @ 2:50 PM.

_____
MICHAEL BOHANNON            Sign
_____
                            Print

Sworn to and subscribed
before me this 10th day
of January , 2025.
_____
Notary Public



EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Symone Alexander at 27823 Main Street Morgan, GA 39866 on

November 25, 2024@ 9:30 AM.

_Michael Bohannon_
_____
MICHAEL BOHANNON    Sign
_____
                    Print

Sworn to and subscribed
before me this 7th day
of December , 2024.

_Jennifer Sapp_
Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

≜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

JAN 10, 2025 04:37 PM

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
)
  Plaintiff, )
)
vs. )  CASE NO.: SC2024CV002716
)
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
)
)
  Defendants. )

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Tony Ward at 27823 West Main Street Morgan, GA 39866 on

January 5, 2025 @ 6:18 PM.

_Michael Bohannon_

_____    Sign

MICHAEL BOHANNON

_____
Print

Sworn to and subscribed
before me this 10th day
of ___January___, 2025.

_____
Notary Public



▩ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**JAN 10, 2025 04:37 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINALD JACOBS, SR., individually And on behalf of the ESTATE OF REGINALD JACOBS, JACOBS, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: SC2024CV002716 |
| GEORGIA DEPARTMENT OF CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHALA JONES; RANDALL MADISON; AND DOE DEFENDANTS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Tracey Scott at 27823 West Main Street Morgan, GA 39866 on

January 6, 2025 @ 1:30 PM.

_Michael Bohannon_      Sign

MICHAEL BOHANNON

Print

Sworn to and subscribed
before me this 10ᵗʰ day
of ___January___, 2025.

_G Stafford_
Notary Public



⬚ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**DEC 08, 2024 10:17 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually )
And on behalf of the ESTATE OF )
REGINALD JACOBS, JACOBS, JR., )
 )
   Plaintiff, )
 )
vs. )   CASE NO.: SC2024CV002716
 )
GEORGIA DEPARTMENT OF )
CORRECTIONS; TREVONZA BOBBITT; )
TRACEY SCOTT; JENNIFER CRAFT; )
JERRY JEFFERSON; DELVIN PEOPLES; )
DAWN HUDSON; JAMES HALL; MARTIN )
JONES; WILLIE JACKSON; MIRANDA )
FOOTMAN-MCINTYRE; DAMITA )
THOMAS; KELLY COOPER; BECKY )
WEATHERSBY; TONY WARD; )
SHANDORIA GEORGE; MEGAN )
WILLIAMS; DERRICAL BELL; STACY )
RANDLE; MAYLSIA TELFAIR; BARBARA )
WILLIAMS; QUANTAYSHIA ALLEN; )
CURTIS MARNER; SYMONE ALEXANDER;)
NICHOLAS BROWN; JAMECIA MIKE; )
SHIQUITA BROWN; KAJUAN ROBINSON; )
ANGELA SPANN; QUASHALA JONES; )
RANDALL MADISON; AND DOE )
DEFENDANTS 1 THROUGH 20, )
 )
 )
   Defendants. )

**AFFIDAVIT OF SERVICE**

COMES NOW, Michael Bohannon, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and being sworn under oath,

deposes and states as follows:

I personally served Tinda Mars, Administrative Assistant, of Trevonza Bobbitt at 27823 Main

Street Morgan, GA 39866 on November 25, 2024@ 8:45 AM. She stated she was authorized to

Accept service for Trevonza Bobbitt.

_____ Sign
MICHAEL BOHANNON
_____ Print

Sworn to and subscribed
before me this 7th day
of December, 2024.

Notary Public

JENNIFER SAPP
Notary Public, Georgia
Bulloch County
My Commission Expires
June 16, 2025

## AFFIDAVIT OF SERVICE

⚏ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

State Court
FEB 03, 2025 03:39 PM

Danielle F. Forté, Clerk
Muscogee County, Georgia

**State of Georgia**                    **County of Muscogee**

Case Number: SC2024CV002716

Plaintiff:
**REGINALD JACOBS, SR., individually and on behalf of the ESTATE OF REGINALD JACOBS, JR.**

vs.

Defendant:
**CORRECTIONS; TREVONZA BOBBITT; TRACEY SCOTT; JENNIFER CRAFT; JERRY JEFFERSON; DELVIN PEOPLES; DAWN HUDSON; JAMES HALL; MARTIN JONES; WILLIE JACKSON; MIRANDA FOOTMAN-MCINTYRE; DAMITA THOMAS; KELLY COOPER; BECKY WEATHERSBY; TONY WARD; SHANDORIA GEORGE; MEGAN WILLIAMS; DERRICAL BELL; STACY RANDLE; MAYLSIA TELFAIR; BARBARA WILLIAMS; QUANTAYSHIA ALLEN; CURTIS MARNER; SYMONE ALEXANDER; NICHOLAS BROWN; JAMECIA MIKE; SHIQUITA BROWN; KAJUAN ROBINSON; ANGELA SPANN; QUASHAYLA JONES; RANDALL, ET AL**

For:
Harman Law Firm LLC
3575 Piedmont Road
Building 15, Suite 1040
Atlanta, GA 30305

Received by Professional Legal Services & Investigations, LLC on the 24th day of January, 2025 at 4:45 pm to be served on **Willie Jackson, 704 Warrior Court, Albany, GA 31721**.

I, Larry Johnston, being duly sworn, depose and say that on the **29th day of January, 2025** at **8:13 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint and Exhibits**, to: **Willie Jackson** at the address of: **704 Warrior Court, Albany, GA 31721**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 62, Sex: M, Race/Skin Color: Black, Height: 5'9", Weight: 190, Hair: Grey, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and that within the boundaries of the state where service was effected, I was authorized by law to make the service of the documents and informed said person of the contents within.

Subscribed and Sworn to before me on the 31st day of January, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

(Notary seal: MARIAN FLECKINGER, NOTARY PUBLIC, My Commission Expires 01-04-2027, HARRIS COUNTY, GEORGIA)

_____
Larry Johnston
Process Server

Professional Legal Services & Investigations, LLC
P.O. Box 1078
Columbus, GA 31902-1078
(706) 610-0599

Our Job Serial Number: PFS-2025000708

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

⧉ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: ALEXANDER, SYMONE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

≡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: ALLEN, QUANTAYSHIA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew Harman**
> **Harman Law LLC**
> **3975 Roswell Road NE**
> **Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

_____
Danielle F. Forté, Clerk
Muscogee County, Georgia

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

≣ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: BELL, DERRICAL

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: BOBBITT, TREVONZA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew Harman**
> **Harman Law LLC**
> **3975 Roswell Road NE**
> **Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

≜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: BROWN, NICHOLAS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

≡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

<b>VS.</b>

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: BROWN, SHIQUITA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

≣ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: CRAFT, JENNIFER

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**≡ EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 15, 2024 04:23 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: DIRECTOR OF RISK MANAGEMENT, GEORGIA DEPARTMENT OF
ADMINISTRATIVE SERVICES

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Matthew Harman**
> **Harman Law LLC**
> **3975 Roswell Road NE**
> **Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.

**This 15th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: FOOTMAN-MCINTYRE, MIRANDA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

**STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: GEORGE, SHANDORIA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

⚏ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Case 4:25-cv-00111-CDL    Document 1-1    Filed 03/26/25    Page 276 of 343

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: HALL, JAMES

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: HUDSON, DAWN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

≡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: JACKSON, WILLIE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew Harman**
> **Harman Law LLC**
> **3975 Roswell Road NE**
> **Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

≡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

                                          **VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: JEFFERSON, JERRY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**≡ EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: JONES, MARTIN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

≡ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

                              **VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: JONES, QUASHAYLA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

_____
Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**≡ EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

<b>VS.</b>

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: MADISON, RANDALL

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

⧆ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: MARNER, CURTIS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

_____
Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   SC2024CV002716

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: MIKE, JAMECIA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew Harman**
> **Harman Law LLC**
> **3975 Roswell Road NE**
> **Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

🗎 **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

## SC2024CV002716

**NOV 12, 2024 12:48 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: PEOPLES, DELVIN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: RANDLE, STACY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman
Harman Law LLC
3975 Roswell Road NE
Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

**STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

⚏ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: ROBINSON, KAJUAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

**≣ EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

**DEFENDANTS**

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: SCOTT, TRACEY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

‖ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: SPANN, ANGELA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

≡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**FEB 21, 2025 01:49 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall
Spencer, Gwendolyn

_____

**DEFENDANTS**

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: SPENCER, GWENDOLYN

     You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **Matthew Harman**
> **Harman Law LLC**
> **3975 Roswell Road NE**
> **Atlanta, Georgia 30342**
> **nberke@harmanlaw.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

     If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 21st day of February, 2025.**

Clerk of State Court

_Danielle F. Forté, Clerk_
Muscogee County, Georgia

SC-1
Rev'd 10/24

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

≋ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

                                 **VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: TELFAIR, MAYLSIA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

⋐ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

_____
**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____
**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: THOMAS, DAMITA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

_____
Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

▤ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: WARD, TONY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

≣ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

                              **VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: WEATHERSBY, BECKY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

⏚ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

_____

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: WILLIAMS, BARBARA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

**STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

≣ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2024CV002716</u>

Jacobs, Reginald, Sr.

_____
**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

_____
**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: WILLIAMS, MEGAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Matthew Harman**
**Harman Law LLC**
**3975 Roswell Road NE**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

_____
Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**≡ EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

**NOV 12, 2024 12:48 PM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2024CV002716

Jacobs, Reginald, Sr.

---

**PLAINTIFF**

**VS.**

Georgia Department of Corrections
Bobbitt, Trevonza
Scott, Tracey
Craft, Jennifer
Jefferson, Jerry
Peoples, Delvin
Hudson, Dawn
Hall, James
Jones, Martin
Jackson, Willie
Footman-McIntyre, Miranda
Thomas, Damita
Cooper, Kelly
Weathersby, Becky
Ward, Tony
George, Shandoria
Williams, Megan
Bell, Derrical
Randle, Stacy
Telfair, Maylsia
Williams, Barbara
Allen, Quantayshia
Marner, Curtis
Alexander, Symone
Brown, Nicholas
Mike, Jamecia
Brown, Shiquita
Robinson, Kajuan
Spann, Angela
Jones, Quashayla
Madison, Randall

---

**DEFENDANTS**

Page 1 of 2

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: GEORGIA DEPARTMENT OF CORRECTIONS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew Harman**
> **Harman Law LLC**
> **3975 Roswell Road NE**
> **Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of November, 2024.**

Clerk of State Court

_____
Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 2 of 2

⚏ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2024CV002716**

FEB 28, 2025 08:17 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REGINALD JACOBS, SR., individually
and on behalf of the ESTATE OF
REGINALD JACOBS, JR.,

      Plaintiff,

      v.

GEORGIA DEPARTMENT OF
CORRECTIONS; TREVONZA BOBBITT;
TRACEY SCOTT; JENNIFER CRAFT;
JERRY JEFFERSON; DELVIN PEOPLES;
DAWN HUDSON; JAMES HALL;
MARTIN JONES; WILLIE JACKSON;
MIRANDA FOOTMAN-MCINTYRE;
DAMITA THOMAS; KELLY COOPER;
BECKY WEATHERSBY; TONY WARD;
SHANDORIA GEORGE; MEGAN
WILLIAMS; DERRICAL BELL; STACY
RANDLE; MAYLSIA TELFAIR;
BARBARA WILLIAMS; QUANTAYSHIA
ALLEN; CURTIS MARNER; SYMONE
ALEXANDER; NICHOLAS BROWN;
JAMECIA MIKE; SHIQUITA BROWN;
KAJUAN ROBINSON; ANGELA SPANN;
QUASHAYLA JONES; RANDALL
MADISON; GWENDOLYN SPENCER;
AND DOE DEFENDANTS 1 THROUGH
20,

      Defendants.

Civil Action No. SC2024CV002716

**WAIVER OF SERVICE OF SUMMONS**

To:    Eric S. Fredrickson
       HARMAN LAW FIRM LLC
       3975 Roswell Road NE
       Atlanta, GA 30342

      I acknowledge receipt of your request that I waive service of a summons in the action of

Reginald Jacobs, Sr., individually and on behalf of the Estate of Reginald Jacobs, Jr., Plaintiff v.

4

Georgia Department of Corrections, et al., Defendants which is case number SC2024CV002716 in the State Court of Muscogee County of the State of Georgia in and for the County of Muscogee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This __27th__ day of __February__, __2025__.

_____

(Signed) *Laura L. Lowis*

*Attorney for* Gwendolyn Spencer

5

▤ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2024CV002716**

**MAR 26, 2025 11:45 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

REGINALD JACOBS, SR. individually  :
And on behalf of the ESTATE OF  :
REGINALD JACOBS, JR.,  :
  :
    Plaintiff,  :
  :
  :    **Civil Action No.: SC2024CV002716**
v.  :
  :
GEORGIA DEPARTMENT OF  :
CORRECTIONS; TREVONZA  :
BOBBITT; TRACEY SCOTT;  :
JENNIFER CRAFT; JERRY  :
JEFFERSON; DELVIN PEOPLES;  :
DAWN HUDSON; JAMES HALL;  :
MARTIN JONES; MARTIN JONES;  :
WILLIE JACKSON; MIRANDA  :
FOOTMAN-MCINTYRE;  DAMITA  :
THOMAS; KELLY COOPER;  :
BECKY WEATHERSBY; TONY  :
WARD; SHANDORIA GEORGE;  :
MEGAN WILLIAMS; DERRICAL  :
BELL; STACY RANDLE; MAYLSIA  :
TELFAIR; BARBARA WILLIAMS;  :
QUANTAYSHIA ALLEN; CURTIS  :
MARNER; SYMONE ALEXANDER;  :
NICHOLAS BROWN; JAMECIA  :
MIKE; SHIQUITA BROWN;  :
KAJUAN ROBINSON; ANGELA  :
SPANN; QUASHAYLA JONES:  :
RANDALL MADISON; GWENDOLYN  :
SPENCER and DOE DEFENDANTS 1  :
THORUGH 20,  :
  :
    Defendants.  :

## DEFENDANT SPENCER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Gwendolyn Spencer, the newly added named Defendant in the above styled civil action, through counsel, answers and responds to Plaintiff's First Amended Complaint ("Amended Complaint"):

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

This action is barred in whole or in part by the doctrine of sovereign immunity.

## THIRD DEFENSE

Subject matter jurisdiction is lacking to the extent that this action is barred by sovereign immunity.

## FOURTH DEFENSE

Plaintiff's tort claims against Defendant Spencer should be dismissed because all actions allegedly taken by her were taken while acting within the scope of her official duties or employment with a state government entity of the State of Georgia; thus, she is not subject to lawsuit or liability therefor, pursuant to O.C.G.A. § 50-21-25(a).

## FIFTH DEFENSE

Plaintiff's tort claims should be dismissed to the extent he seeks recovery for losses resulting from acts or omissions for which there is no waiver of sovereign immunity under the Georgia Tort Claims Act, pursuant to O.C.G.A. § 50-21-24.

## SIXTH DEFENSE

Defendant Spencer committed no negligent or otherwise tortious act or omission that would entitle Plaintiff to recover against her.

2

## SEVENTH DEFENSE

The Plaintiff is statutorily precluded from recovering an amount for their tort claims in excess of the limitation on damages contained in O.C.G.A. § 50-21-29(b).

## EIGHTH DEFENSE

Plaintiff's tort claims are barred in whole or in part because Defendant Spencer did not breach any duty owed to Plaintiff.

## NINTH DEFENSE

Plaintiff's claims against Defendant Spencer are barred, in whole or in part, by the doctrine of qualified immunity.

## TENTH DEFENSE

Defendant Spencer denies that Plaintiff has been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States or the State of Georgia.

## ELEVENTH DEFENSE

Defendant Spencer cannot be held liable for any actions involving Plaintiff in which she did not directly participate or of which she had no knowledge or over which she had no control.

## TWELFTH DEFENSE

Defendant Spencer has not caused Plaintiff any cognizable injury.

## THIRTEENTH DEFENSE

Defendant Spencer reserves the right to raise any other defenses allowed by law at such time as Plaintiff's claims or contentions are more particularly identified in this case. Subject to and without waiving any of the foregoing defenses, Defendant Spencer responds to the individually numbered paragraphs of the Amended Complaint as follows:

3

1.

Defendant Spencer admits that GDC has had staffing issues.

2.

The allegations contained in Paragraph 2 of Plaintiff's Amended Complaint are admitted.

3 - 6.

The allegations contained in Paragraphs 3 through 6 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

7 - 8.

The allegations contained in Paragraphs 7 and 8 of Plaintiff's Amended Complaint are denied.

9 - 16.

The allegations contained in Paragraphs 9 through 16 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

17.

The allegations contained in Paragraph 17 of Plaintiff's Amended Complaint are admitted.

18 - 21.

In response to the allegations contained in Paragraphs 18 through 21 of Plaintiff's Amended Complaint, Defendant Spencer shows that her duties are as provided by Georgia and federal law and cannot be altered or expanded by Plaintiff's allegations, and Defendant Spencer denies any allegations that she breached any applicable duty, negligence, and proximate cause.

4

22 - 24.

The allegations contained in Paragraphs 22 through 24 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

25 - 27.

In response to the allegations contained in Paragraphs 25 through 27 of Plaintiff's Amended Complaint, Defendant Spencer shows that her duties are as provided by Georgia and federal law and cannot be altered or expanded by Plaintiff's allegations, and Defendant Spencer denies any allegations that she breached any applicable duty, negligence, and proximate cause.

28.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

29.

In response to the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint, Defendant Spencer shows that her duties are as provided by Georgia and federal law and cannot be altered or expanded by Plaintiff's allegations, and Defendant Spencer denies any allegations that she breached any applicable duty, negligence, and proximate cause.

30 - 37.

The allegations contained in Paragraphs 30 through 37 of Plaintiff's Amended Complaint are denied.

38 - 44.

5

The allegations contained in Paragraphs 38 through 44 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

45.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

46 - 48.

The allegations contained in Paragraphs 46 through 48 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

49.

The allegations contained in Paragraph 49 of Plaintiff's Amended Complaint are denied.

50 - 53.

The allegations contained in Paragraphs 50 through 53 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

54.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

55 - 57.

The allegations contained in Paragraphs 55 through 57 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

58.

The allegations contained in Paragraph 58 of Plaintiff's Amended Complaint are denied.

59 - 60.

The allegations contained in Paragraphs 59 and 60 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

61.

The allegations contained in Paragraph 61 of Plaintiff's Amended Complaint are denied.

62.

The allegations contained in Paragraph 62 of Plaintiff's Amended Complaint are admitted.

63 - 65.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 63 through 65 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

66 - 67.

The allegations contained in Paragraphs 66 and 67 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

68 - 69.

7

The allegations contained in Paragraphs 68 and 69 of Plaintiff's Amended Complaint are denied.

70 - 72.

The allegations contained in Paragraphs 70 through 72 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

73 - 75.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 73 through 75 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

76 - 77.

The allegations contained in Paragraphs 76 and 77 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

78 - 79.

The allegations contained in Paragraphs 78 and 79 of Plaintiff's Amended Complaint are denied.

80 - 82.

The allegations contained in Paragraphs 80 through 82 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

83 - 85.

8

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 83 through 85 Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

86 - 87.

The allegations contained in Paragraphs 86 and 87 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

88 - 89.

The allegations contained in Paragraphs 88 and 89 of Plaintiff's Amended Complaint are denied.

90 - 91.

The allegations contained in Paragraphs 90 and 91 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

92.

The allegations contained in Paragraph 92 of Plaintiff's Amended Complaint are denied.

93 - 95.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 93 through 95 Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

96.

The allegations contained in Paragraph 96 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

97 - 98.

The allegations contained in Paragraphs 97 and 98 of Plaintiff's Amended Complaint are denied.

99 - 102.

The allegations contained in Paragraphs 99 through 102 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

103 - 106.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 103 through 106 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

107 - 108.

The allegations contained in Paragraphs 107 and 108 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

109 - 110.

The allegations contained in Paragraphs 109 and 110 of Plaintiff's Amended Complaint are denied.

111 - 112.

10

The allegations contained in Paragraphs 111 and 112 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

113.

The allegations contained in Paragraph 113 of Plaintiff's Amended Complaint are denied.

114.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

115 - 117.

The allegations contained in Paragraphs 115 through 117 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

118 - 119.

The allegations contained in Paragraphs 118 and 119 of Plaintiff's Amended Complaint are denied.

120 - 121.

The allegations contained in Paragraphs 120 and 121 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

122.

11

The allegations contained in Paragraph 122 of Plaintiff's Amended Complaint are denied.

123.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

124 - 127.

The allegations contained in Paragraphs 124 through 127 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

128 - 129.

The allegations contained in Paragraphs 128 and 129 of Plaintiff's Amended Complaint are denied.

130 - 131.

The allegations contained in Paragraphs 130 and 131 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

132.

The allegations contained in Paragraph 132 of Plaintiff's Amended Complaint are denied.

133.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

134 - 137.

The allegations contained in Paragraphs 134 through 137 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

138 - 139.

The allegations contained in Paragraph 138 and 139 of Plaintiff's Amended Complaint are denied.

140 - 141.

The allegations contained in Paragraphs 140 and 141 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

142.

The allegations contained in Paragraph 142 of Plaintiff's Amended Complaint are denied.

143.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

144 - 147.

The allegations contained in Paragraphs 144 through 147 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

148 - 149.

13

The allegations contained in Paragraphs 148 and 149 of Plaintiff's Amended Complaint are denied.

150 - 151.

The allegations contained in Paragraphs 150 and 151 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

152.

The allegations contained in Paragraph 152 of Plaintiff's Amended Complaint are denied.

153.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

154 - 157.

The allegations contained in Paragraphs 154 through 157 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

158 - 159.

The allegations contained in Paragraphs 158 and 159 of Plaintiff's Amended Complaint are denied.

160 - 161.

14

The allegations contained in Paragraphs 160 and 161 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

162.

The allegations contained in Paragraph 162 of Plaintiff's Amended Complaint are denied.

163.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

164 - 167.

The allegations contained in Paragraphs 164 through 167 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

168 - 169.

The allegations contained in Paragraphs 168 and 169 of Plaintiff's Amended Complaint are denied.

170 - 171.

The allegations contained in Paragraphs 170 and 171 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

172.

The allegations contained in Paragraph 172 of Plaintiff's Amended Complaint are denied.

15

173.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

174 - 176.

The allegations contained in Paragraphs 174 through 176 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

177 - 178.

The allegations contained in Paragraphs 177 and 178 of Plaintiff's Amended Complaint are denied.

179 - 180.

The allegations contained in Paragraphs 179 and 180 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

181.

The allegations contained in Paragraph 181 of Plaintiff's Amended Complaint are denied.

182.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

183 - 186.

16

The allegations contained in Paragraphs 183 through 186 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

187 - 188.

The allegations contained in Paragraphs 187 and 188 of Plaintiff's Amended Complaint are denied.

189 - 190.

The allegations contained in Paragraphs 189 and 190 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

191.

The allegations contained in Paragraph 191 of Plaintiff's Amended Complaint are denied.

192.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

193 - 196.

The allegations contained in Paragraphs 193 through 196 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

197 - 198.

17

The allegations contained in Paragraphs 197 and 198 of Plaintiff's Amended Complaint are denied.

199 - 200.

The allegations contained in Paragraphs 199 and 200 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

201.

The allegations contained in Paragraph 201 of Plaintiff's Amended Complaint are denied.

202.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

203 - 206.

The allegations contained in Paragraphs 203 through 206 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

207 - 208.

The allegations contained in Paragraphs 207 and 208 of Plaintiff's Amended Complaint are denied.

209 - 210.

18

The allegations contained in Paragraphs 209 and 210 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

211.

The allegations contained in Paragraph 211 of Plaintiff's Amended Complaint are denied.

212.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

213 - 216.

The allegations contained in Paragraphs 213 through 216 of Plaintiff's Amended Complaint refer to information contained within written documents or records, which speak for themselves, and Defendant Spencer denies any allegations inconsistent therewith.

217 - 229.

The allegations contained in Paragraphs 217 through 229 of Plaintiff's Amended Complaint are denied.

230.

Defendant Spencer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230 of Plaintiff's Amended Complaint, and thus can neither admit nor deny the same.

231 - 266.

19

The allegations contained in Paragraphs 217 through 229 of Plaintiff's Amended Complaint are admitted.

267.

The allegations contained in Paragraph 267 of Plaintiff's Amended Complaint are denied to the extent that this action is barred by sovereign immunity.

268 - 269.

The allegations contained in Paragraphs 268 and 269 of Plaintiff's Amended Complaint are denied.

270.

Defendant Spencer incorporates her responses to Paragraphs 1 through 269 above, as if restated in full and set forth specifically herein.

271 - 274

In response to the allegations contained in Paragraphs 271 through 274 of Plaintiff's Amended Complaint, Defendant Spencer shows that her duties are as provided by Georgia and federal law and cannot be altered or expanded by Plaintiff's allegations, and Defendant Spencer denies any allegations that she breached any applicable duty, negligence, and proximate cause.

275 - 278

The allegations contained in Paragraphs 275 through 278 of Plaintiff's Amended Complaint are denied.

279.

Defendant Spencer incorporates her responses to Paragraphs 1 through 269 above, as if restated in full and set forth specifically herein.

20

280 - 281.

The allegations contained in Paragraphs 280 and 281 of Plaintiff's Amended Complaint are denied.

282 - 284.

In response to the allegations contained in Paragraphs 282 through 284 of Plaintiff's Amended Complaint, Defendant Spencer shows that her duties are as provided by Georgia and federal law and cannot be altered or expanded by Plaintiff's allegations, and Defendant Spencer denies any allegations that she breached any applicable duty, negligence, and proximate cause.

285 - 286.

The allegations contained in Paragraphs 285 and 286 of Plaintiff's Amended Complaint are denied.

287.

Defendant Spencer incorporates her responses to Paragraphs 1 through 269 above, as if restated in full and set forth specifically herein.

288 - 289.

In response to the allegations contained in Paragraphs 288 and 289 of Plaintiff's Amended Complaint, Defendant Spencer shows that her duties are as provided by Georgia and federal law and cannot be altered or expanded by Plaintiff's allegations, and Defendant Spencer denies any allegations that she breached any applicable duty, negligence, and proximate cause.

290 - 296.

The allegations contained in Paragraphs 290 through 296 of Plaintiff's Amended Complaint are denied.

21

Defendant Spencer denies any and all other allegations in the Amended Complaint not referred to herein specifically, denies all prayers of the Amended Complaint, and denies that the Plaintiff is entitled to recover against Defendant Spencer in this case.

DEFENDANT SPENCER DEMANDS A TRIAL BY A TWELVE (12) PERSON JURY ON ANY ISSUE OF FACT NOT CAPABLE OF RESOLUTION AS A MATTER OF LAW.

WHEREFORE, having fully responded to the allegations of Plaintiff's Amended Complaint, Defendant Spencer prays that it be dismissed with costs taxed to the Plaintiff.

Respectfully submitted this 26th day of March, 2025.

CHRISTOPHER M. CARR   112505
Attorney General

LORETTA L. PINKSTON-POPE   580385
Deputy Attorney General

RONALD S. BOYTER, JR.   073553
Senior Assistant Attorney General

*/s/ Kevin L. Whitmore*   410762
Assistant Attorney General

Kevin L. Whitmore
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (404) 301-8526
E-mail: kwhitmore@law.ga.gov

22

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Eric S. Fredrickson
Matthew S. Harman
3957 Roswell Road NE
Atlanta, Georgia 30342
efredrickson@harmanlaw.com
mharman@harmanlaw.com

This 26th day of March 2025.

*/s/ Kevin L. Whitmore*
Kevin L. Whitmore

23